

Slip Copy                                                                                                    Page 1
Slip Copy, 2006 WL 456173 (W.D.Pa.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,W.D. Pennsylvania.
Danny Lee MITCHELL, Plaintiff,
v.
AXCAN SCANDIPHARM, INC., Defendant.
**No. Civ.A. 05-243.**

Feb. 17, 2006.

John G. Burt, Pittsburgh, PA, for Plaintiff.
Philip R. Voluck, Michael V. Desantis, Kaufman, Schneider & Bianco, Jericho, NY, for Defendant.

*MEMORANDUM AND ORDER*

LANCASTER, J.
**\*1** This is an employment discrimination and civil rights action. Plaintiff alleges that he was discriminated against based on his sex and condition in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"). Specifically, plaintiff alleges that defendant unjustly terminated his employment when he announced his intention to transition from male to female. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

Defendant has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that Title VII provides no protection from discrimination based on transgender status. Specifically, defendant contends that Count I must be dismissed because the definition of "sex" under Title VII does not include transsexuals. Defendant further argues that similarly, plaintiff cannot recover under the PHRA based on transgender status because Title VII and the PHRA are to be interpreted consistently with one another.

This case was referred to a United States Magistrate Judge for pretrial procedures. The Magistrate Judge filed a Report and Recommendation, which recommended that the motion be granted and the case dismissed. Upon *de novo* review of the Magistrate Judge's Report and Recommendation, we will not adopt the recommendation of the Magistrate Judge, and for the following reasons will deny the motion to dismiss.

Plaintiff alleged that he is a pre-operative transsexual who is diagnosed with Gender Identity Disorder ("GID"). Complaint at ¶ 1. He has been approved for the use of hormones and is a candidate for sex reassignment surgery. *Id.* at ¶ 10. Plaintiff was employed as a Sales Representative for defendant from 1999 through 2003. *Id.* at ¶ 5. For the first four years of his employment with defendant, plaintiff presented in public as a male. *Id.* at ¶ 12. In November 2003, plaintiff informed defendant of his GID, and began to present in public as a female. *Id.* at ¶ 15. Plaintiff claims that from November through December 2003, he was subjected to harassment by defendant as a result of his sex and disability. *Id.* at ¶ 16.

On December 29, 2003, plaintiff was involved in a motor vehicle accident while operating a company vehicle. *Id.* at ¶ 35. Defendant claims that it terminated plaintiff for misconduct in relation to the motor vehicle accident. *Id.* at ¶ 37. Plaintiff claims that this reason was fabricated, pointing out that other employees who had similar accidents were not terminated from defendant's employ as a result. *Id.* at ¶ 36. Plaintiff claims that he was fired because he began to present as a female. He claims that he was the victim of discrimination and a hostile work environment created by defendant due to plaintiff's appearance and gender-related behavior.

These allegations, if true, state a claim under Title VII and the PHRA. The Magistrate Judge cited to several courts that have declined to extend Title VII's protection to transsexuals, however, neither the United States Supreme Court nor the Court of Appeals for the Third Circuit has set forth this distinction. In *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1998), the Supreme Court clearly stated that Title VII requires that gender be irrelevant to employment decisions. In that case, a female senior manager was denied partnership in the national accounting firm in part because she was considered not "feminine enough" in dress and behavior. *Price Waterhouse,* 490 U.S. at 235. The Court held that such employer conduct amounted to prohibited "sex stereotyping." *Id.* at 251. The Court stated, "we are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 2
Slip Copy, 2006 WL 456173 (W.D.Pa.)
**(Cite as: Slip Copy)**

with their group." *Id.*

**\*2** Applying the standard set forth by the Supreme Court in *Price Waterhouse,* the Court of Appeals for the Third Circuit held that a plaintiff may be able to prove sex discrimination by demonstrating that, "the harasser's conduct was motivated by a belief that the victim did not conform to the stereotypes of his or her gender." Bibby v. Phila. Coca Cola Bottling Co., 260 F.3d 257, 262 (3d Cir.2001); *see also* Smith v. City of Salem, Ohio, 378 F.3d 566, 571-72 (6th Cir.2004) (holding that allegations by transsexual city fire department employee that he was discriminated against based upon his non-conforming behavior and appearance, which employer felt were inappropriate for a male, were actionable under Title VII); Barnes v. City of Cincinnati, 401 F.3d 729, 737 (6th Cir.2005) (holding that transsexual plaintiff "established that he was a member of a protected class by alleging discrimination against [plaintiff] for his failure to conform to sex stereotypes").

Having included facts showing that his failure to conform to sex stereotypes of how a man should look and behave was the catalyst behind defendant's actions, plaintiff has sufficiently pleaded claims of gender discrimination. Plaintiff, if he so chooses, will be afforded the opportunity to amend his complaint to state more clearly his discrimination claims based on sex stereotyping, as prohibited by *Price Waterhouse.* [FN1]

> FN1. The Court of Appeals for the Third Circuit has long recognized a policy of liberal amendment of complaints. *See* American Lumber Corp. v. National R.R. Passenger Corp., 886 F.2d 50, 53 (3d Cir.1989).

Therefore, this 17th day of February, 2006, IT IS HEREBY ORDERED that defendant's motion to dismiss [document # 7] is DENIED. This case is remanded to Magistrate Judge Amy Reynolds Hay for further proceedings consistent with this opinion.

W.D.Pa.,2006.
Mitchell v. Axcan Scandipharm, Inc.
Slip Copy, 2006 WL 456173 (W.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3283910 (Trial Motion, Memorandum and Affidavit) Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Jan. 01, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.