UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIANE J. SCHROER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1090 (JR) |
| | ) | |
| JAMES BILLINGTON, Librarian of Congress, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S OPPOSED MOTION FOR CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(b) AND FOR A STAY**

Pursuant to 28 U.S.C. § 1292(b), Defendant, James Billington, Librarian of Congress, respectfully moves for an Order certifying for immediate appeal the issue serving as the basis of this Court's March 31, 2006 Memorandum Opinion, specifically, whether "sex identity" or gender dysphoria is covered by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Defendant also requests a stay of discovery until matters related to certification are resolved by this Court or the U.S. Court of Appeals for the District of Columbia Circuit.

In support of this Motion and pursuant to LcvR 7(a), the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with the relief requested herein is also attached. LcvR 7(c).

Plaintiff's counsel has stated that Plaintiff opposes this Motion.

Respectfully submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov


/s/ Julia K. Douds /bmr
_____
JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
Ph:  (202) 514-5134
Fax: (202) 514-8780
E-mail: julia.douds@usdoj.gov


OF COUNSEL:
EVELIO RUBIELLA
Assistant General Counsel
Library of Congress

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIANE J. SCHROER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1090 (JR) |
| | ) | |
| JAMES BILLINGTON, Librarian of Congress, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTIFYING QUESTION FOR APPEAL

On March 31, 2006, this Court denied Defendant's Motion to Dismiss Plaintiff's complaint of sex discrimination in the above-referenced matter. Defendant's Motion to Dismiss argued that Plaintiff, a transsexual, could not state a claim under Title VII because transsexuals are not members "of a protected class" as required by Title VII. In denying Defendant's Motion to Dismiss, this Court concluded that Plaintiff could state a claim under Title VII if she could prove that the Defendant, "refused to hire her solely because of her sexual identity [as a transsexual]," and that if Plaintiff could prove that Defendant's refusal to hire her was on account of her transsexualism, this was discrimination on the basis of sex. Memorandum Opinion at 22. For the following reasons certification pursuant to 28 U.S.C. § 1292(b) is appropriate and should be granted by the Court.

## I.  PROCEDURAL HISTORY

On June 2, 2005, Plaintiff filed the present action against James Billington, in his official capacity as Librarian of Congress.  Plaintiff's complaint alleged "sex discrimination" in violation of Title VII of the Civil Rights Act (Count I), violation of Plaintiff's right to make certain decisions without government penalty under the Due Process Clause (Count II), violation of the equal protection component of the Due Process Clause (Count III - pled "as an alternative" to Plaintiff's Title VII claim); and violation of the Library of Congress Act, 2 U.S.C. §140 (Count IV).

On August 1, 2005, Defendant moved to dismiss Plaintiff's complaint.  Defendant argued that Plaintiff failed to establish a prima facie case under Title VII because transsexuals are not a protected class under Title VII.  Defendant further argued that Plaintiff's constitutional claims must be dismissed because (1) she did not have a property interest protected by the Fifth Amendment; (2) her equal protection claim is precluded by Title VII's exclusive scheme for federal employment discrimination; (3) the Library of Congress Act does not provide a private right of action or a waiver of sovereign immunity, and therefore Plaintiff's cause of action based upon that Act must be dismissed.

On March 31, 2006, this Court denied Defendant's motion, focusing solely upon the availability of a claim for relief under Title VII.  This Court began by recognizing that, until recently, every federal court to address the issue had held that Title VII does not prohibit discrimination on the basis of trassexualism or gender identity.  Memorandum Opinion at 6-7. This Court noted, however, that the traditional definition of sex discrimination was called into question in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), and that in the wake of Price

2

Waterhouse several courts have held that discrimination against transsexuals is a form of "sex stereotyping." This Court, however, rejected Plaintiff's argument that she could make out a claim under the theory of sex stereotyping. Memorandum Opinion at 13-17. In rejecting Plaintiff's argument under the sex stereotyping theory, this Court reasoned that Plaintiff does not "seek acceptance as a man with feminine traits," but rather "to express her female identity." Memorandum Opinion at 16. Noting that Plaintiff "does not seek to go against the gender grain, but with it," this Court concluded: "The problem she faces is not because she does not conform to the Library's stereotypes about how men and women look and behave - she adopts those norms." Id. Thus, this Court held that the logic of the "sex stereotyping" theory "does not extend to situations where the dress and makeup are intended to express, and are understood by the employer to be expressing, a female identity."

Having rejected the sex stereotyping theory, this Court then concluded that Plaintiff could maintain her claim based upon the theory that the refusal to hire her on the basis of her "sexual identity" constitutes discrimination "because of * * * sex" under Title VII." This Court recognized that other courts, led by the 7th Circuit's decision in Ulane v. Eastern Airlines, Inc., 742 F. 2d 1081 (7th Cir. 1984), cert denied, 471 U.S. 1071 (1985), had uniformly rejected this approach. Memorandum Opinion at 17-18. This Court opined that Ulane while "perhaps persuasive when written," had lost its power "after twenty years of changing jurisprudence applying Title VII." Id. at 20. This Court then concluded that "[a] factual record is required, one that reflects the scientific basis of sexual identity in general, and gender dysphoria in particular." Id. at 21-22.

3

## II.  ARGUMENT

**The Court Should Certify Its March 31, 2006, Order For Interlocutory Review Under 28 U.S.C. § 1292(b).**

This Court should certify its Order of March 31, 2006, for review on the following question:

- Whether transsexuals, like Plaintiff, are members of a protected class under Title VII.

Pursuant to 28 U.S.C. § 1292(b)*,* a District Court shall certify an order for interlocutory review when the District Court is:

"[O] f the opinion that such Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate determination of the litigation..."

This Court's Order in the instant case satisfies the above standard.

**A.    The Issue Presents A Controlling Question of Law.**

A "controlling question of law" is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources.  Judicial Watch v. National Energy Policy Development Group, 233 F. Supp. 2d 16, 19 (D.D.C. 2002); In re Vitamins Antitrust Litigation, No. 99-197(TFH), 2000 WL 673936 at *2 (D.D.C. Jan. 27, 2000).  The controlling question of law in the instant matter is whether the prohibition of discrimination on the basis of "sex" as used by Title VII applies to transsexuals.  That legal question governs Plaintiff's ability to bring a Title VII action in the first place, and in this case, there is no doubt that a negative answer to the issue posed for certification would end this litigation.  Specifically, if transsexuals are not members of a protected class,

Plaintiff will have failed to state a cognizable claim under Title VII, and dismissal of her claim of sex discrimination would be warranted. Thus, the question posed for certification satisfies the statute's first requirement.

**B.    There Exists Substantial Grounds For Differences Of Opinion.**

The issue posed for certification also satisfies the statute's second requirement that substantial grounds for dispute exists as to this Court's decision. An issue satisfies the second requirement under § 1292(b) when the District Court's decision conflicts with those of several other courts. APCC Services, Inc., 297 F. Supp. 2d 90, 97-98 (D.D.C. 2003); United States v. Phillip Morris U.S.A., Inc., No. 99-2496(GK), 2004 WL 1514215 at *2 (D.D.C. June 25, 2004). Certainly this is the case here. As this Court in its Order denying Defendant's Motion to Dismiss itself acknowledged, the Court's decision conflicts with the holdings of several circuits that have determined that transsexuals are not a protected class under Title VII. Memorandum Order at 17. Indeed, this Court adopted the reasoning in the district court's decision in Ulane v. Eastern Airlines, Inc., 581 F. Supp. 821 (N.D. Ill. 1983), which was subsequently reversed by the Seventh Circuit. Ulane v. Eastern Airlines, Inc., 742 F. 2d 1081 (7th Cir. 1984), cert denied, 471 U.S. 1071 (1985). Furthermore, since the decision in Ulane, Defendant is aware of no court that has held that, independent of the Price Waterhouse sex stereotyping theory, an employment decision based upon a person's status as a transsexual constitutes discrimination because of sex under Title VII. While Defendant has no doubt that this Court believes its analysis is sound, the authorities to the contrary are neither insubstantial nor frivolous. Therefore, there is a substantial ground for difference of opinion with respect to this issue and the question posed for certification satisfies the statute's second requirement.

5

**C.**    **Certification Would Materially Advance The Disposition Of The Litigation.**

In addition to the above bases for certifying this case for review, an immediate appeal would materially advance the case's disposition. Absent an interlocutory appeal, this Court has stated that the parties should engage in discovery, "that reflects the scientific basis of sexual identity in general, and gender dysphoria in particular." Memorandum Opinion at 21-22. Thus, the type of discovery this Court suggests would require extensive expert medical testimony on the relationship between transsexuality, sexual identity, and biological gender, and such discovery would consume a substantial amount of time, and pose a heavy financial burden on the parties. Furthermore, such discovery would likely lead to competing expert opinions that ultimately add no real value for a determination on an issue that is a matter of law. The foregoing factors are therefore, sufficient to satisfy the statute's third requirement. See APPC Services, 297 F.Supp.2d at 100 ("An immediate appeal would conserve judicial resources and spare the parties from possibly needless expense should it turn out that this Court's rulings are reversed.").

### III.  CONCLUSION

For all of the foregoing reasons, Defendant submits that this Court certify the above posed issue for interlocutory appeal. Also, to maximize efficiency, Defendant submits that this Court should stay this proceeding pending the Circuit Court's ruling on appeal.

Respectfully submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov


/s/ Julia K. Douds /bmr
_____
JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
Ph:  (202) 514-5134
Fax: (202) 514-8780
E-mail: julia.douds@usdoj.gov


OF COUNSEL:
EVELIO RUBIELLA
Assistant General Counsel
Library of Congress

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing <u>Defendant's Opposed Motion for</u>

<u>Certification Pursuant to 28 U.S.C. § 1292(b) and for a Stay</u> was made by the Court's Electronic

Case Filing System this <u>19th</u> day of June, 2006 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C.  20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney