IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-cv-1090 (JR) |
| JAMES H. BILLINGTON,<br>Librarian of Congress, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(b) AND FOR A STAY**

Plaintiff files this memorandum in opposition to Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and for a Stay (Rec. Doc. 19). For the reasons provided below, Defendant's request that the Court certify its March 31st Order ("Order") and stay any further proceedings should be denied.

First, certification of the Order is inappropriate because it would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As Defendant noted in his brief, Defendant's Memorandum of Points and Authorities in Support of Certifying Question for Appeal ("Def. Br.") at 2, Plaintiff's Complaint presents four claims: (1) sex discrimination in violation of Title VII; (2) denial of substantive due process in violation of the Fifth Amendment; (3) denial of equal protection in violation of the Fifth Amendment; and (4) violation of the Library of Congress Act, 2 U.S.C. § 140. While the equal protection claim was presented as a

1

claim in the alternative to the Title VII claim, the due process and Library of Congress Act claims are independent claims that were <u>not</u> presented in the alternative, and which were not dismissed by the Court. Consequently, due to the presence of these other claims, certification of the Order, which dealt only with the Title VII claim, would not "materially advance the ultimate termination of the litigation." And contrary to what Defendant stated in his brief, even "a negative answer to the issue posed for certification [<u>i.e.</u>, the Title VII issue]," Def. Br. at 4, would <u>not</u> end this litigation.

Second, as the Court suggested during its April 19th status conference with the parties, the Court's Order regarding Plaintiff's Title VII claim was conditional in nature, and specifically noted that further factual development was necessary in order to determine the various elements that are encompassed by the term "sex." Order at 21-22 ("Twenty-plus years after <u>Ulane I</u>, scientific observation may well confirm Judge Grady's conclusion that 'sex is not a cut-and-dried matter of chromosomes,' 581 F. Supp. at 825. However, the application of such an approach to this case cannot be done on the pleadings. <u>A factual record</u> is required, one that reflects the scientific basis of sexual identity in general, and gender dysphoria in particular.") (emphasis added). Because there are factual issues that must be explored in order to determine whether the term "sex" encompasses "sexual identity,"[1] it would be premature and inefficient to send this issue to the Court of Appeals prior to developing the factual record that this Court has

---

[1] This Court's determination that a statute's plain language trumps legislative intent (or the absence of a legislative intent to address a particular harm) is sound and not open to substantial dispute, particularly in light of the Supreme Court's Title VII jurisprudence, including such cases as <u>Newport News Shipbuilding & Dry Dock Co. v. EEOC</u>, 462 U.S. 669, 679-81 (1983) (holding that men are protected against sex discrimination), and <u>Oncale v. Sundowner Offshore Servs.</u>, 523 U.S. 75, 79 (1998) (holding that same-sex harassment is a form of sex discrimination). Moreover, "'[a] mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion.'" <u>Singh v. George Washington Univ.</u>, 383 F. Supp. 2d 99, 104 (D.D.C. 2005) (quoting <u>Wausau Business Ins. Co. v. Turner Construction Co.</u>, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)).

correctly viewed as necessary to make an accurate determination regarding the scope of Title VII's coverage.  Moreover, in the event that the Court were to determine that the current state of scientific knowledge did not warrant the inclusion of "sexual identity" within the meaning of "sex," the Court would then be required to consider Plaintiff's equal protection claim, which was presented in the alternative and only if the Court found Title VII's protections inapplicable to Plaintiff.  See, e.g., Ethnic Employees of the Library of Congress v. Boorstin, 751 F.2d 1405, 1415-16 (D.C. Cir. 1985) ("We intimate no view as to the likelihood that the [plaintiffs] will prevail on constitutional claims for which Title VII could not provide a remedy.  We do, however, hold that Congress did not intend for Title VII to displace those claims.").

Finally, Defendant's suggestion that certification may relieve the parties of the "burden" of discovery, Def. Br. at 6, overlooks the fact that discovery that will be necessary in any event to resolve Plaintiff's substantive due process claim, and much of this discovery will mirror the discovery needed to resolve the Title VII issue.  Plaintiff has alleged that Defendant unconstitutionally burdened her exercise of a protected liberty interest in medical decisionmaking when it withdrew its job offer to her based on how she has exercised that liberty – namely, by transitioning from male to female with the guidance and support of her doctors.  Complaint ¶¶ 59-65 (Count 3).  Therefore, certification of the Court's Order, which deals only with the Title VII claim, will only unnecessarily protract this litigation without any possibility of vitiating the need for discovery.

Defendant, as "[t]he party seeking interlocutory review[,] has the burden of persuading the Court that the circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Singh v. George Washington Univ., 383 F.

Supp. 2d 99, 104 (D.D.C. 2005). Because Defendant cannot satisfy this burden, his motion for certification should be denied.

For these reasons as well, Plaintiff requests that the Court allow discovery, which has already commenced, to continue to proceed. Plaintiff's Complaint was filed in June 2005, and Plaintiff has already served discovery on Defendant in an attempt to expedite the litigation of this matter. See also Plaintiff's Motion to Set Deadline for Defendant to Seek Certification and to Set Discovery Schedule (Rec. Doc. 17). Moreover, by failing to file this Motion before June 19, 2006, Defendant has waived his right to an automatic stay of his discovery obligations. (Rec. Doc. 18) Defendant's attempt to postpone further the litigation of this case is without merit and should be rejected.

## CONCLUSION

For all of the foregoing reasons, Defendant's motion for certification and for a stay should be denied.

Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date: June 20, 2006

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05-cv-1090 (JR) |
| v. ) | |
| ) | |
| JAMES H. BILLINGTON, ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and for a Stay, and the legal authorities and arguments offered both in support of and in opposition to the motion, and having reviewed all other relevant legal authority, it is hereby ORDERED that Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and for a Stay is DENIED.

This _____ day of _____, 2006.

_____
Hon. James Robertson
United States District Judge