IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIANE J. SCHROER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1090 (JR) |
| v. ) | |
| ) | |
| JAMES H. BILLINGTON, ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER**

In this case, Defendant seeks certain information and documents from Plaintiff involving personal and sensitive matters, including matters that implicate national security, and information that implicates the privacy interests of third parties. While the information requested is arguably relevant to this litigation, its inclusion in the public record is inappropriate. For purposes of this Order, "confidential information" means: (a) information regarding third parties (e.g., family members and business associates of Plaintiff) including home and other addresses, telephone numbers, and other personal contact information; (b) information regarding the entities that currently hold or have held Plaintiff's security clearance, the positions held by Plaintiff requiring a security clearance, and the nature of the work performed by Plaintiff pursuant to the security clearance, including the identity of the clients for whom Plaintiff provided services, contract specifications and payment schedules; (c) Plaintiff's medical records and other information regarding Plaintiff's physical or mental health care, including any documents prepared by Plaintiff or her health care providers as part of Plaintiff's course of physical or

mental health treatment; (d) Plaintiff's income tax returns and other financial records; and (e) Plaintiff's personal papers (e.g., diaries) and any correspondence between her and third parties.

\* \* \* \*

In order to permit the parties to discover information relevant to this case without unduly compromising the privacy interests of Plaintiff and other third parties, it is hereby

ORDERED that the following procedures shall be followed:

1. Contemporaneous with production, Plaintiff will identify documents containing confidential information as previously defined. Such documents or information will be deemed to be "information subject to the Protective Order," as referred to hereinafter.

2. Pursuant to Local Rule 5.2, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts with the Clerk.

3. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information subject to this Protective Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact the information subject to this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> "This envelope contains documents which are filed in this case by [name of party] and is not to be opened except pursuant to order of the Court."

4. The right of access to all materials designated as subject to this Order shall be limited to the parties, counsel for the parties, and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.

5. Except as provided herein, no person having access to material designated as subject to this Order shall make public disclosure of those materials without further Order of the Court.

6. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to Plaintiff's counsel within (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, Defendant's counsel shall so notify Plaintiff's counsel in writing.

7. Nothing in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials that are subject to this Order, or the contents thereof, into evidence at the trial of this case.

8. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for Plaintiff to counsel for Defendant or by an Order of the Court. Defendant and his counsel also reserve the right to challenge Plaintiff's designation of any materials as subject to this Protective Order and to seek a court order for release of any such materials from the protection of this Order.

9. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make any objection to discovery permitted by the Federal Rules of

Civil Procedure, or by any other statute or other authority, or to the rights of any party to make evidentiary objections at trial.

   IT IS SO ORDERED by the Court this _____ day of _____, 2006.

                    _____
                    United States District Judge

Copies to:

Beverly M. Russell
Julia K. Douds
U.S. Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Sharon M. McGowan
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004

Arthur B. Spitzer
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036