IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES H. BILLINGTON,<br>    Librarian of Congress,<br><br>    Defendant. | No. 05-cv-1090 (JR) |

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff respectfully seeks leave to amend her Complaint so that she may include allegations that support her claim that Defendant engaged in impermissible sex stereotyping in violation of Title VII. Plaintiff has submitted a memorandum and a declaration in support of this motion, along with a proposed Amended Complaint and proposed Order.

Respectfully submitted,

/s/ Sharon M. McGowan

| | |
|---|---|
| Arthur B. Spitzer<br>  (D.C. Bar No. 235960)<br>  American Civil Liberties Union<br>    of the National Capital Area<br>1400 20th Street, N.W., #119<br>Washington, D.C. 20036<br>(202) 457-0800<br><br>Date:  June 7, 2007 | Sharon M. McGowan  (D.C. Bar No. 476417)<br>Kenneth Y. Choe<br>American Civil Liberties Union Foundation<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2627<br><br>*Counsel for Plaintiff* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIANE J. SCHROER,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>JAMES H. BILLINGTON,<br>　Librarian of Congress,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 05-cv-1090 (JR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT

　　　　In her initial Complaint, Plaintiff alleged that Defendant violated Title VII by, *inter alia*, relying on impermissible sex stereotypes in withdrawing her from consideration for the position of Terrorism and International Crime Research Analyst ("Terrorism Research Analyst") with the Congressional Research Service of the Library of Congress.  See Complaint ¶ 53 (Rec. Doc. 1).  On August 1, 2005, Defendant moved to dismiss that claim. See Defendant's Motion to Dismiss (Rec. Doc. 7).

　　　　In its Memorandum and Order adjudicating Defendant's motion, the Court ruled that Plaintiff had not pled adequately a claim of sex discrimination due to impermissible sex stereotyping.  Memorandum and Order (Rec. Doc. 13) at 13-17.  While noting that "a transsexual plaintiff might successfully state a Price Waterhouse-type claim if the claim is that he or she has been discriminated against because of a failure to act or appear masculine or feminine enough for an employer," the Court held that a sex stereotyping

claim "must actually arise from the employee's appearance or conduct and the employer's stereotypical perceptions." Id. at 16.  The Court then ruled that Plaintiff's Complaint failed to allege impermissible sex stereotyping because it "allege[d] that [her] non-selection was the direct result of her disclosure of her gender dysphoria and of her intention to begin presenting herself as a woman, or her display of photographs of herself in feminine attire, or both."  Id. at 16-17.

At the time of filing her Complaint, Plaintiff had not yet had the opportunity through discovery to ask Charlotte Preece, the decision-maker for the Library of Congress, what motivated her decision to withdraw Plaintiff from consideration for the position.  Plaintiff has since deposed Preece, who admitted at her deposition that one of the reasons she decided to go with another candidate was the fact that she did not believe that Plaintiff looked enough like a woman when presenting as a female to be credible in the position.  Preece stated that when she saw the photographs of Plaintiff in female attire she believed that Plaintiff looked like a man in women's clothing rather than what she believed a woman should look like.  See Declaration of Sharon M. McGowan ("McGowan Decl.") Exh. A (Deposition of Charlotte Preece ("Preece Depo") at 143 ("I thought [Plaintiff] looked like a man dressed in women's clothes.")); id. at 172 ("Q: [I]n light of what you saw in the pictures that Ms. Schroer shared with you and the concerns that you expressed about how she looked, were you concerned that other people would react to Ms. Schroer as a man in a dress?  A:  I don't know if 'concerned' is the right word.  Yes, they probably would have.").  Preece explained that part of her difficulty in picturing Plaintiff as a woman was due to the "hyper [ ] masculine" or "macho" military background of Plaintiff.  Id. at 197.

2

Preece testified that she believed others would share her view of Plaintiff's inability to conform to the social stereotypes regarding how a female should look. The "others" about whom Preece was concerned included both other employees at the Congressional Research Service, id. at 172-73, 302, and members of Congress to whom Plaintiff would be presenting her research and analysis, id. at 298.

Another reason for Preece's decision was her belief that Plaintiff would not be seen as a credible authority on terrorism when providing testimony to Congress because, in her view, no one would believe that a woman could have the kind of experience that would be part of Plaintiff's biography. Id. at 164 ("This position [i.e., Terrorism Research Analyst] is a senior position. It would likely be that – or it was certainly expected to be that this person would have close contacts with [Congressional] committees, potentially be called to testify. Generally when you testify they read a bio about yourself. [Plaintiff] would be testifying before people who knew – would know that only a man could have those experiences."); id. at 187 (describing her concerns about whether Plaintiff would be seen as "credible" by Congress as one reason why she decided to go with another candidate); id. at 237-38 (discussing concerns about Plaintiff's "credibility" with members of Congress); id. at 241-42 (same); id. at 250-51 (discussing lack of "credibility" as one of many "contributing factors" to her decision); id. at 253 (same); id. at 268 (same).

As this evidence makes clear, there are facts in the record that directly support Plaintiff's allegation that this case involves a decision-maker relying on impermissible sex stereotyping when deciding to withdraw her recommendation of the person who was otherwise viewed as the top candidate for the position. While Plaintiff intends to explore this issue further through additional discovery once the stay on discovery in this case has been lifted, the facts already revealed through the discovery conducted to date are sufficient to permit Plaintiff to state a claim of discrimination due to Defendant's reliance on impermissible sex stereotypes.

In addition to adding specific factual allegations regarding Defendant's impermissible sex stereotyping, Plaintiff also seeks to amend Count 1 of her complaint to clarify that she alleges that Defendant has violated Title VII for each of the following distinct reasons: (1) Defendant discriminated against Plaintiff because of her gender identity, an aspect of sex; (2) Defendant discriminated against Plaintiff because of her failure to conform with social sex stereotypes; and (3) by offering Plaintiff a position when Defendant believed that Plaintiff was male, but rescinding the offer when Defendant learned that Plaintiff was female, Defendant discriminated against Plaintiff "because of sex." Finally, Plaintiff seeks to revise her Complaint to make more explicit her allegation that gender identity is an aspect of sex.

Plaintiff has conferred with Defendant, who does not consent to Plaintiff's request for leave to file an amended complaint. Accordingly, pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff seeks leave of the Court to amend her Complaint. <u>See</u> McGowan Decl. Exh. B (proposed Amended Complaint). Granting Plaintiff's motion

4

serves the interest of justice and will not prejudice Defendant, as this Motion merely seeks to conform her pleading to the evidence that has been revealed in discovery.

                                              Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan  (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C. 20036
(202) 457-0800

Date:  June 7, 2007                      *Counsel for Plaintiff*

5