# Attachment J

LEXSEE 1991 U.S. DIST. LEXIS 19166

**LINDA WHITMORE, Plaintiff, v. BOARD OF EDUCATION OF DEKALB COMMUNITY SCHOOL DISTRICT 428, JOHN REY, President of Board of Education School District No. 428, Individually, BERNARD LOONEY, Principal, Individually, DR. JACK DEERE, District Superintendent, Individually, KEN KENNEDY, Assistant Principal, Individually, and ROBERT WILLIAM, Assistant Superintendent, Individually, Defendants.**

Case No. 90 C 20143

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

*1991 U.S. Dist. LEXIS 19166; 57 Fair Empl. Prac. Cas. (BNA) 1740*

May 20, 1991, Decided

**NOTICE:** [*1] NOT FOR PUBLICATION

**SUBSEQUENT HISTORY:** As Amended.

**COUNSEL:** ATTORNEY FOR PLAINTIFF: Edward Diedrich, 261 E. Lincoln Highway, #205, DeKalb, IL

ATTORNEYS FOR DEFENDANTS: Anthony Scariano, 130 E. Randolph, Suite 2100, Chicago, IL 60601. James Nolan, 10 S. LaSalle, St., Suite 1800, Chicago, Il 60603

**JUDGES:** ROSZKOWSKI

**OPINION BY:** STANLEY J. ROSZKOWSKI

**OPINION**

*AMENDED ORDER*

Before the court is Defendants' motion to dismiss Plaintiff's complaint. For the reasons set forth in this Order, the court grants in part and denies in part Defendants' motion. Further, the court grants Plaintiff leave to file an amended complaint within thirty days in accordance with this Order.

*BACKGROUND*

On May 15, 1990, Plaintiff, Linda Whitmore, filed a complaint in this court against the following Defendants: Board of Education of DeKalb Community School District No. 428 (hereinafter "Board"); and, in their individual capacities, Board President John Rey, Principal Bernard Looney, District Superintendent Dr. Jack Deere, Assistant Principal Ken Kennedy, and Assistant Superintendent Robert William. Plaintiff alleges a cause of action against Defendants under *42 U.S.C. §§ 1983, 1985, 1988 (1988)*, under Title VII of the Civil Rights Act of 1964, *42 U.S.C.* [*2] *§§ 2000e - 2000h (1988)*, and also a state law claim of intentional infliction of emotional distress.

The following information is taken from Plaintiff's complaint. Defendant Board employed Plaintiff as a full-time high school teacher from the fall 1987 semester until 1989. In July 1988, Plaintiff was raped and became pregnant as a result of the rape. In November 1988 Plaintiff informed Principal Looney of the rape and pregnancy. Assistant Principal Kennedy and Principal Looney evaluated Plaintiff's teaching performance on three occasions: November 23, 1988; January 6, 1989; and March 2, 1989. In the first two evaluations, Plaintiff was rated in the excellent to superior range, and in the third evaluation she was rated in the satisfactory to excellent range.

On or about March 19, 1989, the Board adopted and passed a resolution dismissing Plaintiff from her employment. On March 20, 1989, Plaintiff was notified of her termination through a letter from Board President Rey. This letter stated that Plaintiff was being terminated because the performance of her duties had failed to meet the District's expectations. On that date, Plaintiff was nine months pregnant and unmarried. Plaintiff [*3] was able to secure other employment as a teacher after repeated efforts over a long period of time.

*DISCUSSION*

Case 1:05-cv-01090-JR    Document 34-16    Filed 06/11/2007    Page 3 of 7

Page 2
1991 U.S. Dist. LEXIS 19166, *; 57 Fair Empl. Prac. Cas. (BNA) 1740

In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that Plaintiffs could prove consistent with the pleadings that would entitle them to relief. *Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)*; *Conley v. Gibson, 355 U.S. 41, 45-46 (1957)*; *Murphy v. Lane, 833 F.2d 106, 107 (7th Cir. 1987)*; *Vaden v. Village of Maywood, 809 F.2d 361, 363 (7th Cir.)*, cert. denied, *482 U.S. 908 (1987)*. The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden, 809 F.2d at 363*; *Doe v. St. Joseph's Hosp. of Fort Wayne, 788 F.2d 411, 414 (7th Cir. 1986)*. In addition, this court will view the allegations in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)*, cert. denied, *470 U.S. 1054 (1985)*; *Wolfolk v. Rivera, 729 F.2d 1114, 1116 (7th Cir. 1984)*.

[*4]

Statute of Limitations

Defendants filed their motion to dismiss on July 5, 1990. Defendants advance several arguments in support of their motion, the first of which is that Plaintiff's complaint is barred by the statute of limitations. Defendants argue that the one-year statute of limitations found in the Illinois Tort Immunity Act applies. Ill. Rev. Stat. ch. 85, para. 8-101 (1989). The Supreme Court's ruling in *Owens v. Okure, 109 S. Ct. 153 (1989)*, is the final word on the statute of limitations in *Section 1983* actions. The Owens court stated:

We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § *1983* claims should borrow the general or residual statute for personal injury actions.

Id. at 582 , 109 S. Ct. at 582.

Therefore, *Section 1983* actions brought in Illinois are subject to the one general statute of limitations for personal injury actions. The Seventh Circuit has ruled that Illinois's two-year statute of limitations for personal injury applies to *Section 1983* actions brought in Illinois. *Kalimara v. Illinois Dep't of Corrections, 879 F.2d 276, 277 (7th Cir. 1989)*. [*5] The Illinois Code of Civil Procedure provides that personal injury actions shall be brought within two years after the cause of action accrued. Ill. Rev. Stat. ch. 110, para. 13-202 (1989). The court finds that Plaintiff's claims under *42 U.S.C. §§ 1985* and *1988*, because they relate to and depend upon, respectively, Plaintiff's *Section 1983* claims, are also subject to the two-year statute of limitations.

Defendant does not specifically argue that Plaintiff's Title VII claim is also barred by the statute of limitations. Therefore, the court need not address the timeliness of Plaintiff's Title VII claim. [1] Defendant does contend that Plaintiff's pendent state claim for intentional infliction of emotional distress was not timely filed. Defendant implies that the statute of limitations began to run for this claim on March 20, 1989, the date Plaintiff says she received notice of termination from Defendants. Therefore, Defendants argue, Plaintiff missed the one-year statute of limitations because she filed suit on May 15, 1990.

1    In Illinois, persons complaining of Title VII violations must file discrimination charges with the Illinois Department of Human Relations within 180 days of the discriminatory act. *Haag v. Board of Education, 655 F. Supp. 1267, 1270 (N.D. Ill. 1987)*.

[*6] The court rejects Defendants' argument. Plaintiff's pendent state claim alleges an intentional tort: intentional infliction of emotional distress. Plaintiff alleges that Defendants committed this tort by terminating her, and also because "as a direct result of the said dismissal, Plaintiff became the subject of frequent and negative comments and sayings by other employees of Defendant Board." Plaintiff's complaint, filed May 15, 1990, at 11. The Seventh Circuit has ruled that the statute of limitations does not begin to run for a continuing wrong until the wrong is finished. *Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983)*. Where a tort involves repeated injury, the statute of limitations begins to run on the date of the last injury, or when the tortious activity ends. *Gass v. Metro-East Sanitary Dist., 186 Ill. App. 3d 1077, , 542 N.E.2d 1229, 1234*, appeal denied, *128 Ill. 2d 663, 548 N.E.2d 1068 (1989)*. It is reasonable to infer that Plaintiff is alleging that the emotional distress she suffered was a continuing injury, which did not end on March 20, 1989, and that the "frequent and [*7] negative comments and sayings" about her extended past that date. Therefore, the court finds that Plaintiff filed her pendent state law claim within the one-year statute of limitations of the Illinois Tort Immunity Act.

Employment Status

Defendants argue that Plaintiff had no property or liberty interest in continued employment because she was a nontenured, probationary teacher at the time of her dismissal. Defendants allege that the letter informing Plaintiff of her dismissal complied with the requirements of the Illinois School Code of 1961. The relevant portion of the School Code reads:

Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by certified mail, return receipt requested by the employing board at least 60 days before the end of such period.

Case 1:05-cv-01090-JR    Document 34-16    Filed 06/11/2007    Page 4 of 7

Page 3

1991 U.S. Dist. LEXIS 19166, *; 57 Fair Empl. Prac. Cas. (BNA) 1740

Ill. Rev. Stat. ch. 122, para. 24-11 (1989) (emphasis added).

According to Plaintiff, Defendant Rey's letter to her "stated that the reason for the discharge was, 'the performance' of your duties has failed to meet the District's [*8] expectations." Plaintiff's complaint at 5. One Illinois appellate court defined "specific reason", under the portion of the School Code quoted above, as a reason which fairly apprises the teacher of the alleged deficiency upon which the dismissal is based, and which is sufficiently specific for the teacher to be able to refute the charge. *Wade v. Granite City Community Unit School Dist. No. 9, 71 Ill. App. 2d 34, 36, 218 N.E.2d 19, \_ (1966)*.

Another Illinois appellate court found to be sufficiently specific a dismissal letter giving the reason "your inability to adequately supervise employees under your control." *Howard v. Board of Educ. of Freeport School Dist. No. 145, 160 Ill. App. 3d 309,   , 513 N.E.2d 545, 547 (1987)*. The court noted that this notice was sufficient because it "contained a specific reference to plaintiff's supervisory duties", and also because the plaintiff had been advised of his specific performance deficiencies on numerous occasions. Id. at   , 513 N.E.2d at 547-48. Here, Plaintiff's notice of dismissal made no reference to specific performance deficiencies; further, she had [*9] not been advised of any specific deficiencies prior to her dismissal. Therefore, the "reason" allegedly given Plaintiff contains none of the specificity required under Wade and Howard. The court finds that Plaintiff has sufficiently alleged that Defendants did not give Plaintiff sufficiently specific reasons for her termination, contrary to the requirements of the School Code. Plaintiff has sufficiently alleged 1) that she was under continued contractual service as of the last day of her employment, and 2) that she had a protectable property interest in employment.

Property and Liberty Interests in Employment

As just noted, Plaintiff has alleged that she was no longer a probationary teacher at the end of her employment with Defendant Board. Therefore, Plaintiff has alleged that she possessed a property interest in continued employment as a teacher by virtue of the Illinois School Code, Ill. Rev. Stat. ch. 122, para. 24-11 (1989).

To show that she has been denied procedural due process, Plaintiff must allege that she was denied notice and/or an opportunity for a hearing, the two elements which are the essence of procedural due process. The court dismisses the portions [*10] of Plaintiff's complaint which allege that she was deprived of her property interest in employment without due process of law. However, the court grants Plaintiff leave to amend her complaint to allege specifically how she was denied notice and/or opportunity for a hearing regarding her dismissal.

Plaintiff also claims that Defendants deprived her of liberty interest in employment. The Seventh Circuit has held that only a dismissal that is accompanied by serious public charges of misconduct preventing the employee from obtaining other employment of comparable responsibility may deprive the employee of his or her liberty interest in employment. *Jungels v. Pierce, 825 F.2d 1127, 1131 (7th Cir. 1987)*.

Plaintiff's allegations regarding her liberty interest in employment do not state that the reason for her dismissal was made public, nor that the reason given was a serious charge of misconduct. Plaintiff alleges only that because Defendants dismissed her, she was unable to secure other employment as a teacher for a long period of time. Therefore, Plaintiff has not met the Jungels test for deprivation of liberty. Accordingly, the court dismisses the portions of Plaintiff's [*11] complaint that allege deprivation of liberty interest without due process of law. However, the court grants Plaintiff leave to amend her complaint in accordance with the test in *Jungels v. Pierce, 825 F.2d 1127 (7th Cir. 1987)*.

Equal Protection

Defendants argue that Plaintiff has failed to state a *Section 1983* claim for denial of equal protection. A person may state a claim for denial of equal protection by alleging that the government has infringed on a fundamental right. Supreme Court precedent clearly shows that a person's decisions regarding marriage and child bearing represent fundamental rights which are constitutionally protected from improper state infringement. *Paul v. Davis, 424 U.S. 645, 713 (1976)* ("matters relating to marriage, procreation, contraception, family relationships, and child rearing and education" are constitutionally protected); *Eisenstadt v. Baird, 405 U.S. 438, 453-54 (1972)* (the right of privacy includes the right of persons, whether married or single, to decide whether to bear children). This court has noted that without question, an unmarried woman has a substantive due process right to [*12] conceive and raise her child without unwarranted state intrusion. *Eckmann v. Board of Educ. of Hawthorn School Dist. No. 17, 636 F. Supp. 1214, 1218 (N.D. Ill. 1986)*. Therefore, Plaintiff, an unmarried woman who chose to bear and raise her child, has sufficiently pleaded a claim for denial of equal protection.

Violations of the *Bill of Rights*

Plaintiff has pleaded that Defendants have deprived her of her rights under the *first, fourth, fifth, sixth, ninth, tenth*, and *fourteenth amendments*. In her answer brief to Defendants' motion to dismiss, Plaintiff concedes that the *fourth, sixth*, and *tenth amendments* are inapplicable. Therefore, the court dismisses the portions of Plaintiff's

Case 1:05-cv-01090-JR   Document 34-16   Filed 06/11/2007   Page 5 of 7

Page 4
1991 U.S. Dist. LEXIS 19166, \*; 57 Fair Empl. Prac. Cas. (BNA) 1740

complaint which allege a cause of action under the *fourth, sixth*, and *tenth amendments to the U.S. Constitution*.

Plaintiff's complaint does not identity in what particular way Defendants violated her rights under the remaining constitutional amendments. Rather, Plaintiff states only generally that Defendants

> have acted under color of State Law to wrongfully invade WHITMORE'S private life and otherwise to deprive her of her right to privacy free from governmental interference guaranteed [\*13] by the *1st, 4th, 5th, 6th, 9th, 10th*, and *14th Amendments to the Constitution of the United States*, and by the Constitution of the State of Illinois.

Plaintiff's complaint at 6.

The only portion of the *first amendment* which the court can conceive of as applicable is the right "to petition the Government for a redress of grievances." *U.S. Const. amend. I*. Plaintiff has nowhere alleged that she requested and was denied the opportunity for a hearing concerning her dismissal. The *first amendment* has been found to confer a right to privacy in speech or association, but not in matters of freedom of choice in the matters of family and marriage. Thus, the court finds that Plaintiff has failed to state a claim under the *first amendment*. Accordingly, the court dismisses those portions of Plaintiff's complaint which state a cause of action based on the *first amendment to the U.S. Constitution*. However, as noted on page 7 of this Order, the court grants Plaintiff leave to amend her complaint to allege that she requested and was denied the opportunity for a hearing regarding her termination.

Plaintiff has alleged that Defendants deprived her of a recognized substantive due process right: the [\*14] right of an unmarried woman to bear and raise a child out of wedlock. The grand jury clause is the only clause in the *fifth amendment* which the Supreme Court has specifically held is not incorporated into the *fourteenth amendment*. Therefore, Plaintiff can properly allege that her substantive due process right emanates from the *fifth* and *fourteenth amendments*. Further, as described in the above section on Equal Protection, Plaintiff has properly pleaded a cause of action under the *equal protection clause of the fourteenth amendment*.

Defendants argue that the *ninth amendment* is inapplicable because they dismissed Plaintiff on the basis of her teaching performance, and not because of her condition as a pregnant unmarried woman. This is an argument on the merits of Plaintiff's claim, and not an explanation of why the *ninth amendment* is inapplicable. For the purpose of this motion to dismiss, the court must assume that Plaintiff's allegations are true. If they are true, then Plaintiff has a cause of action under the *ninth amendment* right to familial privacy, as articulated in *Griswold v. Connecticut, 381 U.S. 479, 484 (1965)*. Plaintiff asserts the right to decide the [\*15] composition of her own family; in other words, her decision not to marry, and to raise a child.

Conspiracy under *42 U.S.C. § 1985*

Evidence of a conspiracy is rarely proven directly, and is often proven by circumstantial evidence. *Hampton v. Hanrahan, 600 F.2d 600, 621 (7th Cir. 1979)*, rev'd in part on other grounds, *446 U.S. 754 (1980)*. However, to survive a motion to dismiss, a claim of civil rights conspiracy must be sufficiently specific. Conclusory allegations alone are insufficient; if they are part of the claim, they must at least be accompanied by supporting factual allegations. *Sparkman v. McFarlin, 601 F.2d 261, 265-66 (7th Cir. 1979)* (Sprecher, J., concurring), citing *Hansen v. Ahlgrimm, 520 F.2d 768 (7th Cir. 1975)*, and other Seventh Circuit cases so holding.

Plaintiff has alleged that Defendants acted in concert to deprive Plaintiff of equal protection through dismissing her. The concept of intracorporate immunity is inapplicable because Defendant Board has not shown that it is a corporation; because the other Defendants are named in their individual capacities; and because, even if Defendant [\*16] Board were a corporation, the individual employees of Defendant Board are named as co-conspirators. *Cross v. General Motors Corp., 721 F.2d 1152, 1156 (8th Cir. 1983)*, cert. denied, *476 U.S. 1170 (1986)*. The court finds that Plaintiff's claim of civil rights conspiracy meets the requirements of the Seventh Circuit, as noted in Sparkman, and also the notice pleading requirements of the Federal Rules of Civil Procedure.

Title VII Damages

Count IV of Plaintiff's complaint seeks redress for violation of Title VII of the Civil Rights Act of 1964. Count IV seeks damages of $ 1,000,000.00 plus costs and attorney's fees, as well as reinstatement, backpay, and retroactive seniority. Defendants correctly note that Seventh Circuit precedent bars this court from awarding punitive or compensatory damages in Title VII cases. *Brooms v. Regal Tube Co., 881 F.2d 412, 423 (7th Cir. 1989)*. Therefore, the remedy which Plaintiff may seek for Title VII violations is limited to equitable relief.

The court dismisses the portion of Count IV of Plaintiff's complaint which seeks damages of $ 1,000,000.00. The court presumes that this sum [\*17] represents Plaintiff's request for punitive or compensatory damages. The court grants Plaintiff leave to amend her complaint to demand the additional equitable relief of backpay. The court allows to stand as pleaded the portion of Count IV of Plaintiff's complaint which requests an injunction against Defendants. A prevailing party in a Title VII action may, in the court's discretion, be awarded

Case 1:05-cv-01090-JR   Document 34-16   Filed 06/11/2007   Page 6 of 7

Page 5
1991 U.S. Dist. LEXIS 19166, *; 57 Fair Empl. Prac. Cas. (BNA) 1740

attorney's fees and costs. *Brooms, 881 F.2d at 425*. Thus, the court allows to stand as pleaded the portion of Count IV of Plaintiff's complaint which requests attorney's fees and costs.

Intentional Infliction of Emotional Distress

Defendants argue that, as a matter of law, Plaintiff has not stated a claim for intentional infliction of emotional distress, because 1) the alleged conduct is not extreme and outrageous, an essential element of the tort; and 2) the Illinois Workers' Compensation Act is the exclusive remedy for the tort. The court rejects both of these arguments.

Illinois law does recognize a cause of action for intentional infliction of emotional distress. To state a claim for this tort, the plaintiff must plead and prove that the defendant intentionally [*18] engaged in extreme and outrageous conduct which caused the plaintiff to suffer severe emotional distress. *Clay v. Quartet Mfg. Co., 644 F. Supp. 56, 61 (N.D. Ill. 1986)*, citing *Public Finance Corp. v. Davis, 66 Ill. 2d 85, 360 N.E.2d 765 (1976)*. In Illinois, the extreme and outrageous nature of the conduct is an essential element of the tort. *Bailey v. Unocal Corp., 700 F. Supp. 396, 399 (N.D. Ill. 1988)*. The conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. *Public Finance, 66 Ill. 2d at 88, 360 N.E.2d at 767*. The relationship of the parties is an important factor in determining whether certain conduct is extreme and outrageous. *Bailey, 700 F. Supp. at 399*. If the defendant has abused or exploited a relationship, a lower threshold of liability applies. Id., citing Bahr v. Ellis & Robertson, Inc., 1985 WL 3074 (N.D. Ill. 1985).

As noted earlier in this Order, an unmarried woman's decision to bear and raise her child is a fundamental right. If Defendants did, as Plaintiff alleges, terminate [*19] her because of her status as an unmarried pregnant woman, then that conduct might be found to be outrageous and extreme. Further, the nature of and circumstances surrounding the "frequent negative comments and sayings" of other employees of Defendant Board might rise to the level of extreme and outrageous conduct. In any event, Plaintiff's allegations of intentional infliction of emotional distress are sufficiently pleaded to meet the liberal standard of notice pleading of the Federal Rules of Civil Procedure. *Fed. R. Civ. P. 8(a)*.

Defendants argue that the exclusivity provision of the Illinois Workers' Compensation Act, Ill. Rev. Stat. ch. 48, para. 138 - 138.30 (1989), bars Plaintiff's claim for intentional infliction of emotional distress. As support for this position Defendants cite *Brooms v. Regal Tube Co., 881 F.2d 412, 426 (7th Cir. 1989)*. Because this is an issue of interpretation of a state statute, this court must follow the state's highest court's ruling on the issue. Less than three months ago, the Illinois Supreme Court spoke to this very question in Meerbrey v. Marshall Field & Co., No. 69652 (Ill. S. Ct. Nov. 30, 1990) (1990 WL 186385). The [*20] Meerbrey court held that "the exclusivity provisions (of the Illinois Workers' Compensation Act] will not bar a common law cause of action against an employer, however, for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer." Id., slip op. at 7 (citing A. Larson, Law of Workmen's Compensation § 68.21 (1988)).

In Count V of her complaint, Plaintiff has alleged that two intentional acts of Defendants caused her to suffer emotional distress: 1) Defendants terminated her employment; and 2) Defendants allowed commentary and dialogue about Plaintiff to continue. The first act is necessarily not "accidental," and the second act might be shown to be not "accidental" on Defendants' part. Plaintiff may seek to prove that Defendants "commanded or expressly authorized" the negative comments or sayings made about Plaintiff by other of Defendants' employees. Such a showing would render Defendants' actions intentional. Thus, the two alleged acts are not conclusively within the exclusive purview of the Illinois Workers' Compensation Act. The court allows Count V of Plaintiff's complaint to [*21] stand as pleaded.

Qualified Immunity

Defendants argue that those among them named in their individual capacities are entitled to qualified immunity. The court rejects this argument. To establish personal, or individual, liability in a *Section 1983* action, the plaintiff need show only that the officials, acting under color of state law, caused the deprivation of a federal right. *Kentucky v. Graham, 473 U.S. 159, 166 (1985)*. If, as Plaintiff alleges, the individually named Defendants dismissed her based on her status as an unmarried pregnant woman, then they violated Plaintiff's substantive due process rights, and they would therefore have individual liability under *Section 1983. Eckmann v. Board of Educ. of Hawthorn School Dist. No. 17, 636 F. Supp. 1214, 1225 (N.D. Ill. 1986)*. Plaintiff has alleged that all Defendants violated a clearly established constitutional right: the right of an unmarried woman to bear and raise her child. Such an allegation means that the defense of qualified immunity is not available to the individually named defendants. *Id. at 1227*. Therefore, the court refuses to dismiss the individually [*22] named defendants from this action.

Punitive Damages

Punitive damages may be awarded against the individually named defendants if they showed reckless or callous disregard of, or indifference to, Plaintiff's feder-

Case 1:05-cv-01090-JR   Document 34-16   Filed 06/11/2007   Page 7 of 7

Page 6

1991 U.S. Dist. LEXIS 19166, *; 57 Fair Empl. Prac. Cas. (BNA) 1740

ally protected right to bear and raise her child. *Smith v. Wade, 461 U.S. 30, 56 (1983)*. Therefore, the court allows to stand as pleaded Plaintiff's claim for punitive damages against the individually named defendants.

Governmental entities, including school boards, are immune from punitive damages for *Section 1983* liability. *City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)*. Further, the school board is a "local public entity" which, according to the Illinois Tort Immunity Act, is immune from punitive damages. Ill. Rev. Stat. ch. 85, para. 2-102 (1989). Therefore, the court dismisses all portions of Plaintiff's complaint which demand punitive damages against Defendant Board of Education.

Attorneys' Fees Under *42 U.S.C. § 1988*

As this Order has stated, Plaintiff has stated a cause of action against Defendants under *42 U.S.C. §§ 1983* and *1985 (1988)*. The prevailing party in a suit under either of these two [*23] sections may seek an award of attorneys' fees and costs. *42 U.S.C. § 1988*. Therefore, because the court is not dismissing Plaintiff's claims under *Sections 1983* and *1985*, it allows Plaintiff's claim for attorneys' fees and costs, under *Section 1988*, to stand as pleaded.

*CONCLUSION*

For the reasons set forth in this Order, the court grants in part and denies in part Defendants' motion to dismiss.

The court dismisses the following portions of Plaintiff's complaint: allegations that Plaintiff was deprived of her liberty and property interests in employment without due process of law; allegations that Defendants violated Plaintiff's *first amendment* rights; the request for damages of $ 1,000,000.00; and the request for punitive damages against Defendant Board of Education. Further, the court grants Plaintiff leave to file an amended complaint within thirty days, in accordance with this Order, regarding the following allegations: allegations that Plaintiff was deprived of her liberty and property interests in employment without due process of law; allegations that Defendants violated Plaintiff's *first amendment* rights; and the court grants Plaintiff leave to file an amended complaint [*24] to add a demand for the equitable relief of backpay. The court notes that the amended complaint should include all of Plaintiff's claims before the court. The amended complaint should incorporate the viable portions of Plaintiff's existing complaint with the amended portions which this Order describes.

ENTER:

STANLEY J. ROSZKOWSKI, JUDGE

UNITED STATES DISTRICT COURT

DATED: May 20, 1991