# Attachment N

Schroer v. Billington, No. 05-cv-1090 (JR)



[1996] ECR I-2143                                                                                                    Page 1

EU: Case C-13/94
Celex No. 694J0013

## European Union Case Law

### COURT OF JUSTICE

Judgment of the Court of 30 April 1996. P v S and Cornwall County Council. Reference for a preliminary ruling: Industrial Tribunal, Truro - United Kingdom. Equal treatment for men and women - Dismissal of a transsexual. Case C-13/94.

European Court Reports 1996 page I-02143

© ELLIS Publications.

© European Communities.

Text outline

Text

Index

Year (Dates)

References

Bibliographic Information

Text

++++
Social policy - Male and female workers - Access to employment and working conditions - Equal treatment - Directive 76/207 - Dismissal of a transsexual for a reason arising from the gender reassignment of the person concerned - Not permissible

(Council Directive 76/207, Art. 5(1))

**SUMMARY**

In view of the objective pursued by Directive 76/207 on the implementation of the principle of equal treatment for men and women as regards access to employment, vocational training and promotion, and working conditions, Article 5(1) of the directive precludes the dismissal of a transsexual for a reason arising from the gender reassignment of the person concerned. Since the right not to be discriminated against on grounds of sex constitutes a fundamental human right, the scope of the directive cannot be confined simply to discrimination based on the fact that a person is of one or other sex. It must extend to discrimination arising from gender reassignment, which is based, essentially if not exclusively, on the sex of the person concerned, since to dismiss a person on the ground

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143                                                                                                                   Page 2

EU: Case C-13/94
Celex No. 694J0013

that he or she intends to undergo, or has undergone, gender reassignment is to treat him or her unfavourably by comparison with persons of the sex to which he or she was deemed to belong before that operation.

## ISSUE 1

In Case C-13/94,

REFERENCE to the Court under Article 177 of the EC Treaty by the Industrial Tribunal, Truro (United Kingdom), for a preliminary ruling in the proceedings pending before that court between

P.

and

S. and Cornwall County Council,

on the interpretation of Council Directive 76/207/EEC of 9 February 1976 on the implementation of the principle of equal treatment for men and women as regards access to employment, vocational training and promotion, and working conditions (OJ 1976 L 39, p. 40),

THE COURT,

composed of: G.C. Rodroguez Iglesias, President, C.N. Kakouris, D.A.O. Edward, J.-P. Puissochet and G. Hirsch (Presidents of Chambers), G.F. Mancini, F.A. Schockweiler, P.J.G. Kapteyn (Rapporteur), J.L. Murray, H. Ragnemalm and L. Sevon, Judges,

Advocate General: G. Tesauro,

Registrar: L. Hewlett, Administrator,

after considering the written observations submitted on behalf of:

- P., by Helena Kennedy QC and Rambert De Mello, Barrister, instructed by Tyndallwoods & Millichip, Solicitors,

- the United Kingdom, by John E. Collins, Assistant Treasury Solicitor, acting as Agent, and David Pannick QC,

- the Commission of the European Communities, by Nicholas Khan, of its Legal Service, acting as Agent,

having regard to the Report for the Hearing,

after hearing the oral observations of P., represented by Madeleine Rees and Vereena Jones, Solicitors, Helena Kennedy QC, and Rambert De Mello and Ben Emmerson, Barristers the United Kingdom, represented by John E. Collins and David Pannick QC, and the Commission, represented by Nicholas Khan, at the hearing on 21 March 1995,

after hearing the Opinion of the Advocate General at the sitting on 14 December 1995,

gives the following

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143                                                                                              Page 3

EU: Case C-13/94
Celex No. 694J0013

Judgment

**GROUNDS**

1 By order of 11 January 1994, received at the Court on 13 January 1994, the Industrial Tribunal, Truro, referred to the Court for a preliminary ruling under Article 177 of the EC Treaty two questions on the interpretation of Council Directive 76/207/EEC of 9 February 1976 on the implementation of the principle of equal treatment for men and women as regards access to employment, vocational training and promotion, and working conditions (OJ 1976 L 39, p. 40 hereinafter 'the directive').

2 Those questions were raised in proceedings brought by P. against S. and Cornwall County Council.

3 P., the applicant in the main proceedings, used to work as a manager in an educational establishment operated at the material time by Cornwall County Council (hereinafter 'the County Council'), the competent administrative authority for the area. In early April 1992, a year after being taken on, P. informed S., the Director of Studies, Chief Executive and Financial Director of the establishment, of the intention to undergo gender reassignment. This began with a 'life test', a period during which P. dressed and behaved as a woman, followed by surgery to give P. the physical attributes of a woman.

4 At the beginning of September 1992, after undergoing minor surgical operations, P. was given three months' notice expiring on 31 December 1992. The final surgical operation was performed before the dismissal took effect, but after P. had been given notice.

5 P. brought an action against S. and the County Council before the Industrial Tribunal on the ground that she had been the victim of sex discrimination. S. and the County Council maintained that the reason for her dismissal was redundancy.

6 It appears from the order for reference that the true reason for the dismissal was P.' s proposal to undergo gender reassignment, although there actually was redundancy within the establishment.

7 The Industrial Tribunal found that such a situation was not covered by the Sex Discrimination Act 1975, inasmuch as it applies only to cases in which a man or woman is treated differently because he or she belongs to one or the other of the sexes. Under English law, P. is still deemed to be male. If P. had been female before her gender reassignment, the employer would still have dismissed her on account of that operation. However, the Industrial Tribunal was uncertain whether that situation fell within the scope of the directive.

8 According to Article 1(1), the purpose of the directive is to put into effect in the Member States the principle of equal treatment for men and women, in particular as regards access to employment, including promotion, and to vocational training, and as regards working conditions. Article 2(1) of the directive provides that the principle of equal treatment means that there is to be 'no discrimination whatsoever on grounds of sex, either directly or indirectly'.

9 Furthermore, the third recital in the preamble to the directive states that equal treatment for men and women constitutes one of the objectives of the Community, in so far as the harmonization of living and working conditions while maintaining their improvement is to be furthered.

10 Considering that there was doubt as to whether the scope of the directive is wider than that of the national legislation, the Industrial Tribunal decided to stay proceedings and refer the following questions to the Court for a preliminary ruling:

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143                                                                                                         Page 4

EU: Case C-13/94
Celex No. 694J0013

'(1) Having regard to the purpose of Directive No 76/207/EEC which is stated in Article 1 to put into effect the principle of equal treatment for men and women as regards access to employment etc... does the dismissal of a transsexual for a reason related to a gender reassignment constitute a breach of the Directive?

(2) Whether Article 3 of the Directive which refers to discrimination on grounds of sex prohibits treatment of an employee on the grounds of the employee's transsexual state.'

11 Article 3 of the directive, to which the Industrial Tribunal refers, is concerned with application of the principle of equal treatment for men and women to access to employment.

12 A dismissal, such as is in issue in the main proceedings, must be considered in the light of Article 5(1) of the directive, which provides that:

'Application of the principle of equal treatment with regard to working conditions, including the conditions governing dismissal, means that men and women shall be guaranteed the same conditions without discrimination on grounds of sex.'

13 The Industrial Tribunal's two questions, which may appropriately be considered together, must therefore be construed as asking whether, having regard to the purpose of the directive, Article 5(1) precludes dismissal of a transsexual for a reason related to his or her gender reassignment.

14 The United Kingdom and the Commission submit that to dismiss a person because he or she is a transsexual or because he or she has undergone a gender-reassignment operation does not constitute sex discrimination for the purposes of the directive.

15 In support of that argument, the United Kingdom points out in particular that it appears from the order for reference that the employer would also have dismissed P. if P. had previously been a woman and had undergone an operation to become a man.

16 The European Court of Human Rights has held that 'the term 'transsexual' is usually applied to those who, whilst belonging physically to one sex, feel convinced that they belong to the other they often seek to achieve a more integrated, unambiguous identity by undergoing medical treatment and surgical operations to adapt their physical characteristics to their psychological nature. Transsexuals who have been operated upon thus form a fairly well-defined and identifiable group' (judgment of 17 October 1986, in Rees v United Kingdom, paragraph 38, Series A, No 106).

17 The principle of equal treatment 'for men and women' to which the directive refers in its title, preamble and provisions means, as Articles 2(1) and 3(1) in particular indicate, that there should be 'no discrimination whatsoever on grounds of sex'.

18 Thus, the directive is simply the expression, in the relevant field, of the principle of equality, which is one of the fundamental principles of Community law.

19 Moreover, as the Court has repeatedly held, the right not to be discriminated against on grounds of sex is one of the fundamental human rights whose observance the Court has a duty to ensure (see, to that effect, Case 149/77 Defrenne v Sabena [1978] ECR 1365, paragraphs 26 and 27, and Joined Cases 75/82 and 117/82 Razzouk and Beydoun v Commission [1984] ECR 1509, paragraph 16).

20 Accordingly, the scope of the directive cannot be confined simply to discrimination based on the fact that a person is of one or other sex. In view of its purpose and the nature of the rights which it seeks to safeguard, the

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143                                                                                       Page 5
EU: Case C-13/94
Celex No. 694J0013

scope of the directive is also such as to apply to discrimination arising, as in this case, from the gender reassignment of the person concerned.

21 Such discrimination is based, essentially if not exclusively, on the sex of the person concerned. Where a person is dismissed on the ground that he or she intends to undergo, or has undergone, gender reassignment, he or she is treated unfavourably by comparison with persons of the sex to which he or she was deemed to belong before undergoing gender reassignment.

22 To tolerate such discrimination would be tantamount, as regards such a person, to a failure to respect the dignity and freedom to which he or she is entitled, and which the Court has a duty to safeguard.

23 Dismissal of such a person must therefore be regarded as contrary to Article 5(1) of the directive, unless the dismissal could be justified under Article 2(2). There is, however, no material before the Court to suggest that this was so here.

24 It follows from the foregoing that the reply to the questions referred by the Industrial Tribunal must be that, in view of the objective pursued by the directive, Article 5(1) of the directive precludes dismissal of a transsexual for a reason related to a gender reassignment.

**COSTS**

Costs

25 The costs incurred by the United Kingdom and the Commission of the European Communities, which have submitted observations to the Court, are not recoverable. Since these proceedings are, for the parties to the main proceedings, a step in the proceedings pending before the national court, the decision on costs is a matter for that court.

**RULING**

On those grounds,

THE COURT,

in answer to the questions referred to it by the Industrial Tribunal, Truro, by order of 11 January 1994, hereby rules:

In view of the objective pursued by Council Directive 76/207/EEC of 9 February 1976 on the implementation of the principle of equal treatment for men and women as regards access to employment, vocational training and promotion, and working conditions, Article 5(1) of the directive precludes dismissal of a transsexual for a reason related to a gender reassignment.

Index

**Subject**

Social provisions

Year (Dates)

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143                                                                                        Page 6

EU: Case C-13/94
Celex No. 694J0013

**Date of judgment**

1996/04/30

**Date lodged**

1994/01/13

**Date overview**

of document: 30/04/1996

of application: 13/01/1994

References

**Celex number**
694J0013

**Case citations**

Directive 1976/207 [376L0207] N 17

Directive 1976/207 [376L0207]-A02P1 N 17

Directive 1976/207 [376L0207]-A02P2 N 23

Directive 1976/207 [376L0207]-A03 N 11

Directive 1976/207 [376L0207]-A03P1 N 17

Directive 1976/207 [376L0207]-A05P1 N 12 13 23 24

Case 149/77 [677J0149]-N26 N 19

Case 149/77 [677J0149]-N27 N 19

Case 75/82 [682J0075]-N16 N 19

**Acts cited in ruling**

Interprets Directive 1976/207 [376L0207] -A05P1

Bibliographic Information

**Authoring institution**

Court of Justice

**Basic treaty**

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143    Page 7

EU: Case C-13/94
Celex No. 694J0013

European Economic Community

**Legal instrument**

Judgment

ECJ

**Document type**

Judgment

**Type of procedure**

Reference for a preliminary ruling

**Authentic language**

English
P v S and Cornwall County Council.
Reference for a preliminary ruling: Industrial Tribunal, Truro - United Kingdom.
Equal treatment for men and women - Dismissal of a transsexual.
Case C-13/94.

**Plaintiff**
P

**Defendant**
S and Cornwall County Council

**Observations**

United Kingdom

Commission

Member States

Institutions

**Judge**

Kapteyn

**Advocate-General**

Tesauro

**National Court**

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143                                                                                           Page 8

EU: Case C-13/94
Celex No. 694J0013

*A9* Industrial Tribunal, Truro, order of 17/11/1993 (16132/93)

**Nationality**

United Kingdom

**Commentary**

Brinckman, Dirk

Bernaerts, Inge: Geen onvoorwaardelijke voorrang voor vrouwen op arbeidsmarkt, Nederlandse staatscourant 1996 no 120 p.4

Simon, Denys: Europe 1996 Juin Comm. no 238 p.8-9

X: Europe 1996 Juin Comm. no 247 p.12

Campbell, Angus

Lardy, Heather: Discrimination against Transsexuals in Employment, European Law Review 1996 p.412-418

Adobati, Enrica: Parita di trattamento e licenziamento di un transessuale, Diritto comunitario e degli scambi internazionali 1996 p.346-347

Hauser, Jean: Le licenciement du transsexuel, Revue trimestrielle de droit civil 1996 p.579

X: Revue de jurisprudence sociale 1996 p.547

Brems, Eva: The Columbia Journal of European Law 1996 p.339-345

Fritz, Maria: Transsexualism och nya rattigheter pa varuomradet, Ny Juridik 1996 no 4 p.104-110

L.S.: Rivista italiana di diritto pubblico comunitario 1996 p.1284

Klauer, Irene: St. Galler Europarechtsbriefe 1996 P.233-234

Picod, Fabrice: Revue des affaires europeennes 1996 p.171-174

Skidmore, Paul: Can transsexuals suffer sex discrimination?, The Journal of Social Welfare & Family Law 1997 p.105-110

Skidmore, Paul: Sex, Gender and Comparators in Employment Discrimination, Industrial Law Journal 1997 p.51-61

Pera, Giuseppe: Cambiamento di sesso e tutela contro le discriminazioni, Rivista italiana di diritto del lavoro 1997 II p.8

Heerma van Voss, G.J.J.: Ontslag wegens geslachtswijziging vormt discriminatie naar geslacht, Nederlands tijdschrift voor de mensenrechten 1997 p.284-286

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143                                                                                                    Page 9

EU: Case C-13/94
Celex No. 694J0013

Flynn, Leo: Common Market Law Review 1997 p.367-387

Antonmattei, Paul-Henri: La Semaine juridique - edition entreprise 1997 II 659

Rideau, Joel: Recueil Dalloz Sirey 1997 Som. p.212

Weitzel, Luc: Bulletin des droits de l'homme 1997 no 7 p.204-206

Higgins, Imelda: Taking The Sex Out Of Sexual Discrimination, Irish Law Times and Solicitors' Journal 1997 p.12-14

Bei, Neda: Diskriminierung transexueller Personen, Das Recht der Arbeit 1997 p.247-250

Alonso Olea, Manuel: El despido de un transexual (a proposito de la sentencia comunitaria de 30 de abril de 1996), Revista española de Derecho del Trabajo 1998 p.5-19

Carolan, Bruce: The European Court of Justice, the Equal Treatment Directive, and Transsexuality, Irish Law Times and Solicitors' Journal 1998 p.136-139

Barnard, Catherine: The Principle of Equality in the Community Context: P, Grant, Kalanke and Marschall: Four Uneasy Bedfellows?, The Cambridge Law Journal 1998 p.352-373

Burrows, Noreen: Sex and Sexuality in the European Court, The International Journal of Comparative Labour Law and Industrial Relations 1998 p.153-158

Adobati, Enrica: Non sono ammesse agevolazioni di viaggio a favore di conviventi dello stesso sesso, Diritto comunitario e degli scambi internazionali 1998 p.608

Pallaro, Paolo: Il divieto di discriminazioni fondate sul sesso, fra transessualismo e liberta di orientamento sessuale, Diritto comunitario e degli scambi internazionali 1998 p.609-619

Carolan, Bruce: EU Law - Transsexuals - Homosexuals - Claim of Direct Sex Discrimination, Dublin University Law Journal 1998 Vol.20 p.230-239

Bell, Mark: Shifting Conceptions of Sexual Discrimination at the Court of Justice: from P v S to Grant v SWT, European Law Journal 1999 p.63-81

Mariscal De Gante, Manrique

Lopez Pasaro, Eduardo: Transexualidad y discriminacion (Estudio de la sentencia del Tribunal de Justicia de Luxemburgo de 30 de abril de 1996, C-13/1994), Revista española de Derecho del Trabajo 1999 p.601-616

Longo, Erik: La Corte di Giustizia, i diritti dei transessuali e la riduzione delle competenze statali, Quaderni costituzionali 2006 p.581-584

Lamakova, Daniela: Rozsudok 'P.v.S', Vyber z rozhodnuti Sudneho dvora Europskych spoloenstiev 2007 p.23-24

**Publication reference**

European Court reports 1996 Page I-02143

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143   Page 10

EU: Case C-13/94
Celex No. 694J0013

Text outline

SUMMARY

ISSUE 1

GROUNDS

... Para 1

... Para 2

... Para 3 P

... Para 4

... Para 5 P

... Para 6

... Para 7

... Para 8

... Para 9

... Para 10

... Para 11

... Para 12

... Para 13

... Para 14

... Para 15

... Para 16

... Para 17

... Para 18

... Para 19

... Para 20

... Para 21

... Para 22

Copr. © West 2007 No Claim to Orig. Govt. Works

[1996] ECR I-2143 Page 11

EU: Case C-13/94
Celex No. 694J0013

... Para 23

... Para 24

COSTS

... Para 25

RULING

END OF DOCUMENT

Copr. © West 2007 No Claim to Orig. Govt. Works