## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DIANE J. SCHROER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1090 (JR)** |
| | ) | |
| **JAMES BILLINGTON,** | ) | |
| **Librarian of Congress** | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO AMEND THE COMPLAINT

On June 7, 2007, Plaintiff filed a motion for leave to amend her Complaint pursuant to Fed. R. Civ. P. 15. Plaintiff's application to this Court is not timely, unduly prejudices the Defendant, evinces bad faith, and is futile. Accordingly, and for the reasons set forth below, Plaintiff's motion for leave to amend her Complaint should be denied.

### INTRODUCTION

On June 2, 2005, Plaintiff filed this civil action to remedy what she claims was "sex stereotyping and gender discrimination in employment" pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Complaint ¶ 2. On August 1, 2005, Defendant filed a motion to dismiss Plaintiff's Complaint. R. 7. On March 31, 2006, this Court denied Defendant's motion to dismiss. R. 13. In its order, the Court found that Plaintiff's "allegations of sex stereotyping do not state a claim under Title VII, but, because discrimination against a transsexual may nevertheless violate Title VII's proscription of discrimination "because of . . . sex, [Defendant's] motion will be denied." Id. The Court then directed the parties to create a factual record on the scientific basis for sexual identity and Gender Identity Disorder. Id. Subsequently, on January

11, 2007, Plaintiff took the deposition of Charlotte Preece, the selecting official for the position for which the Plaintiff applied.

On June 7, 2007, five months after taking Ms. Preece's deposition, and forty-two days after Defendant filed its second motion to dismiss, Plaintiff moved to amend her complaint. Plaintiff claims that her justification for this untimely motion to amend is the evidence she obtained during that Ms. Preece's January 11, 2007, deposition.

### STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, amendment is granted at the discretion of the court and "should freely be given when justice so requires."   Fed. R. Civ. P. 15(a).  However, leave to amend the complaint should only be given in the absence of any apparent or declared reasons such as:  undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182  (1962).

When a party moves to amend her complaint, having given no indication of any potential change in her theory of the case and does so tardily, it is within the sound discretion of the district court to deny leave to amend.  Doe v. McMillan, 566 F.2d 713, 719 (D.C.Cir. 1977) (denying leave to amend where movant sought amendment two years after complaint had been filed and offered no reason for their failure to seek amendment earlier); see Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C.Cir. 1987) (holding that movant sought amendment years after it had filed its original complaint and after the parties had engaged in extensive discovery, with no explanation for his tardiness); see also Wilderness Society v.

Griles, 824 F.2d 4, 19 (D.C.Cir. 1987) (affirming denial of leave to amend where the plaintiff's

motion occurred more than a year after filing the complaint and after dispositive motions had

been filed and opposed).  Length of litigation alone is relevant to a motion to deny leave to

amend insofar as it suggests bad faith on the part of the moving party.  Caribbean Broad.

System, Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1084 (D.C.Cir. 1998) (quoting 6 Charles

Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d, §

1487 (1990 & Supp. 1997).

      Moreover, amendment may be described as futile where "the proposed claim would not

survive a motion to dismiss."  James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099  (D.C.Cir.

1996) (quoting Foman  v. Davis, 371 U.S. at 181-82).  The Supreme Court has noted that when

the amendments would not serve any purpose, the court is allowed to deny a motion for leave to

amend.  Davis, 371 U.S. at 182.  Where a plaintiff seeks to add to his complaint a claim for

which he cannot meet the *prima facie* case, futility provides a good reason not to permit the

amendment.  Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. 1996) (holding

that where movant would not be able to meet the *prima facie* case for employment

discrimination he could not add a Title VII claim to his complaint).  Amendment to the

complaint will be denied if the proposed complaint merely "restates the same facts as original

complaint in different terms, reasserts claims on which the district court previously ruled, fails to

state a legal theory, or could not withstand a motion to dismiss.  Robinson v. Detroit News,

Inc., 211 F.Supp.2d 101, 114 (D.D.C. 2002) (quoting 3 Moore's Federal Practice §15.15[3] (3d

ed. 2000).

**ARGUMENT**

**A.    Plaintiff's Motion for Leave is Not Timely and Unduly Prejudices the Defendant**

Plaintiff's motion to amend her complaint asserts that this case "involves a decision maker relying on impermissible sex stereotyping. . .".  Plaintiff's Motion at 2.  Plaintiff took the deposition of the "decision-maker," Ms. Preece, on January 11, 2007.  Since January 11, 2007, the parties have engaged in on-going discussions regarding discovery and on-going discussions with the Court.  The parties also established a briefing schedule with respect to Defendant's second motion to dismiss, and Defendant subsequently filed its second motion to dismiss.[1] Though armed with Ms. Preece's deposition testimony since January 11, 2007, Plaintiff never alerted the Court or the Defendant that she planned to amend her Complaint.  Indeed, rather than make an application with the Court to amend her Complaint shortly after Ms. Preece's deposition, Plaintiff remained silent and waited five months to move for leave to amend, and did so after Defendant had already expended a considerable amount of time and resources preparing and filing its second motion to dismiss.  Plaintiff's motion to amend is not timely and should be denied by the Court.

**B.    Plaintiff's Distortion of the Record Demonstrates Bad Faith**

Moreover, Plaintiff offers no explanation for her delay, but states only that her motion for leave "merely seeks to conform her pleading to the evidence that has been revealed in discovery."  Plaintiff's Motion at 5.  However, Plaintiff does not seek to conform her proposed amended complaint to the evidence.  Rather, Plaintiff misrepresents the record evidence in an

---

[1] Defendant's motion to dismiss was filed on April 27, 2007 and Plaintiff's opposition was filed on June 11, 2007.  Defendant's reply is due on July 9, 2007.

effort to resurrect her sex-stereotyping theory.  To support her request to amend, Plaintiff states

that Ms. Preece, the selecting official, "admitted at her deposition that one of the reasons that she

decided to go with another candidate was the fact that she did not believe that Plaintiff looked

enough like a woman when presenting as a female to be credible in the position."  Plaintiff's

Motion at 2.  Defendant observes that while Plaintiff claims that she has testimony from Ms.

Preece that now justifies an amendment to her complaint five months after the fact, Plaintiff

conspicuously fails to direct the Court's attention to the portion of Ms. Preece's testimony where

she allegedly made these statements.  To be sure, Defendant has reviewed the transcript and

takes exception to Plaintiff's characterization of Ms. Preece's testimony: Ms. Preece did not

make any statements that could be reasonably characterized the way Plaintiff does in her

Motion.[2]   Indeed, the record is devoid of any admission on the part of Ms. Preece that she did

not select Plaintiff because she did not "look enough like a woman," or of any admission on the

part of Ms. Preece regarding how she believed women, in general, or the Plaintiff, herself,

should look or behave.

    Plaintiff's motion to amend her complaint further states that "Preece stated that when she

saw the photographs of Plaintiff in female attire she believed that Plaintiff looked like a man in

woman's clothing **rather than what she believed a woman should look like**."  Id.  (emphasis

added).  Here again, Plaintiff's representation of Ms. Preece's testimony is not forthright.

---

[2] For the Court's benefit, Defendant has attached Ms. Preece's entire deposition
testimony hereto so that the Court might verify that Ms. Preece said nothing of the sort during
her deposition testimony.  Defendant trusts that the Court will find Plaintiff's misrepresentation
of Ms. Preece's deposition testimony as unsettling as Defendant does.

In her Complaint, Plaintiff alleges that "to allay any concerns whether [she] would dress in a workplace-appropriate manner, Plaintiff showed Preece photographs in which Plaintiff was dressed in traditionally feminine attire."  Complaint at ¶ 44.  During her deposition Ms. Preece was asked what she thought of the photographs Plaintiff showed to Ms. Preece during their meeting on December 20, 2004:

| | |
|---|---|
| **Preece:** | I think I asked [Schroer] to tell me how he came to that decision. He pulled out a portfolio and showed me some photographs on how he would present as a woman.  I looked at those. |
| **Q:** | And what did you think? |
| **Preece:** | What did I think? |
| **Q:** | Looking at the photos. |
| **Preece:** | I thought he looked like a man dressed in woman's clothes. |

Preece Deposition at 142.

Contrary to Plaintiff's characterization of the record, the fact that Ms. Preece observed that Plaintiff looked like a man wearing woman's clothing evinces nothing about sex stereotypes, or that Ms. Preece thought Schroer did not conform to her perceptions of "what a woman should look like."  Rather, Ms. Preece correctly observed that Plaintiff, who at the time had not undergone any surgeries with respect to her transition from male to female, still looked like a man.   Thus, as a matter of fact, Plaintiff was "a man dressed in women's clothes" in the photographs.

Plaintiff's motion to amend her complaint also states that Ms. Preece "testified that she believed others would share her view of Plaintiff's inability to conform to the social stereotypes regarding how a female should look."   Plaintiff relies on the following exchange to support the

claim that Ms. Preece believed that Plaintiff did not conform to social stereotypes and that others

would share her view:

> Q:    My question is, in light of what you saw in the pictures that Ms. Schroer shared with you and the concerns you expressed about how she looked, were you concerned that other people would react to Ms. Schroer as a man in a dress?

> **Preece:**    I don't know if concerned is the right word.  Yes, they probably would have.

> Q:    For example, you know, what, in your estimation, do you think Steve Bowman's reaction would have been to that picture, those pictures.

> **Preece:**    I think people would have surmised that it is a male dressed in woman's clothing and wearing makeup.

Preece Deposition at 172, 302.

Plaintiff's characterization of Ms. Preece's testimony is distorted:  Ms. Preece's

speculation regarding whether or not her colleagues might react to Plaintiff betrays <u>nothing</u>

about Ms. Preece's "social stereotypes" about how men and women should act or behave, and

nothing about whether or not Ms. Preece believed that Plaintiff did not "conform to the social

stereotypes regarding how a female should look."  Plaintiff's justification for the amended

complaint is premised on evidence that is not contained in the record and should be rejected by

this Court.

### C.    Plaintiff's Proposed Amended Complaint is Futile

Plaintiff's motion to amend her complaint should also be denied inasmuch as Plaintiff's

"new" claims are futile.  In her proposed amended complaint, Plaintiff merely restates the initial

allegations contained in her June 2, 2005, Complaint, to support her sex-stereotyping theory.

Plaintiff's Complaint alleges that "Defendant took these actions either because it perceived

Plaintiff to be a man who did not conform to gender stereotypes associated with men in our society or because it perceived Plaintiff to be a woman who did not conform with gender stereotypes associated with women in our society." Complaint at ¶ 53. However, in its March 31, 2006, Order, Plaintiff's sex-stereotyping theory was rejected by the Court. Notwithstanding the Court's March 31, 2006, Order Plaintiff now proposes to amend her complaint to include "new" allegations to support her sex stereotyping theory. Specifically, Plaintiff's amended complaint states that "Defendant took these actions because it believed that Plaintiff did not conform to gender stereotypes associated with males in our society to the kinds of gender presentation that would be appropriate for males, including males who once held traditionally masculine jobs (e.g., military service). Defendant took these actions because it believed Plaintiff did not conform to the gender stereotypes associated with females in our society, including but not limited to stereotypes about how females should look and the kinds of professional experiences females have." Amended Complaint at ¶¶ 56-57.

Plaintiff has done nothing more than restate the same facts contained in her original complaint, a claim which has already been rejected by the Court. Moreover, as delineated above, Plaintiff has mis-characterized the record, and none of Ms. Preece's statements betray anything about whether Plaintiff was "masculine" or "feminine" enough for the position, or that Ms. Preece took "these actions because [she] believed Plaintiff did not conform to gender stereotypes." Thus, consistent with the Court's March 31, 2006, Order, Plaintiff's proposed amendments could not withstand a motion to dismiss. Accordingly, Plaintiff's proposed amended complaint is futile and her motion for leave to amend should be denied.

## CONCLUSION

Accordingly, for the reasons set-forth above, Defendant respectfully requests that the Court deny Plaintiff's motion for leave to amend her complaint.

Respectfully submitted,

/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
  Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov


/s/ Julia K. Douds /bmr
_____
JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
  Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
Ph:  (202) 707-7198
Fax: (202) 514-8780
E-mail: jdou@loc.gov

OF COUNSEL:
EVELIO RUBIELLA
Assistant General Counsel
Library of Congress

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Opposition to***

***Plaintiff's Motion for Leave to Amend the Complaint*** was made by the Court's Electronic Case

Filing System on the 21st day of June, 2007 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C.  20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org

                              /s/ Beverly M. Russell
                              _____
                              BEVERLY M. RUSSELL
                              Assistant United States Attorney