# Exhibit B

## Sharon McGowan

| | |
|---|---|
| **From:** | Sharon McGowan |
| **Sent:** | Monday, February 05, 2007 4:09 PM |
| **To:** | 'Russell, Beverly (USADC)' |
| **Cc:** | jdou@loc.gov; Ken Choe; Art Spitzer (E-mail) |
| **Subject:** | Schroer v. Billington |

Dear Beverly,

Plaintiff notices the following depositions, which, in the event that you are unwilling to consent to an extension of the discovery cut-off, have been noticed on the dates specified below in order to meet our current deadline of March 1:

February 15, 2007 -- depositions of Steve Bowman (9 AM) and Francis Miko (1 PM) (notices attached)

February 26, 2007 - depositions of Kathy Deese (9:30 AM) and Kent Ronhodve (1 PM) (notices attached)

February 27, 2007 -- depositions of Gary Pagliano (9 AM) (notice attached), and Son A and Son B of Charlotte Preece (late AM through PM) (notices to come - see below)

February 28, 2007 -- depositions of Cynthia Wilkins (as fact witness rather than 30(b)(6) witness) (9 AM) and Daniel Mulhollan (3pm) (notices attached)

March 1, 2007 -- deposition of Rule 30(b)(6) witness (notice -- including identification of topics of deposition -- attached)

I am assuming that you will be representing Ms. Preece's two sons and therefore a deposition notice for each of them is all that will be required. If I am mistaken, however, and subpoenas for these witnesses will be required, then I would request that you supplement your response to Plaintiff's interrogatory # 2 immediately so that Plaintiff has contact information for these individuals.

I was somewhat surprised at your reaction to my proposal that the remaining discovery in this case be completed in a more reasonable time frame. Plaintiff first attempted to schedule the deposition of Ms. Preece in the first week of October, and proposed dates in late October and early November. After originally scheduling the deposition of Ms. Preece on November 8th, I agreed to postpone her deposition until January to accommodate not only your request for more time to respond to Plaintiff's discovery but also your schedule and Ms. Preece's. Plaintiff has also been willing to accommodate Defendant's scheduling needs with respect to the other discovery deadlines and depositions, and has consented to Defendant's requests to postpone depositions after mutually convenient dates had been found. While I do not look forward to the prospect of conducting over a dozen depositions during the last two weeks of February, we would not be in this position but for Plaintiff's repeated accommodation of Defendant's scheduling requests.

As noted above, Plaintiff is prepared to go forward with the remaining discovery on a schedule consistent with the March 1st deadline. Without knowing what documents Defendant intends to produce in response to Plaintiff's outstanding discovery, I have noticed the deposition of Ms. Wilkins (as a fact witness) and a Rule 30(b)(6) witness regarding the topics identified in the notice to preserve Plaintiff's rights. If the discovery deadline were extended beyond March 1, Plaintiff might be able to conclude that either or both of these depositions are unnecessary.

With this information in mind, please let me know your position regarding my proposal that we extend the discovery deadline beyond March 1.

Sincerely,
Sharon

Sharon M. McGowan
Staff Attorney, ACLU Foundation
Lesbian Gay Bisexual Transgender Project
125 Broad Street
New York, NY 10004
212-549-2593 (phone)
212-549-2650 (fax)
www.aclu.org/LGBT/

*This e-mail may contain attorney work product or information that is otherwise privileged and confidential. If you are not the intended recipient, please delete all copies of this e-mail immediately and contact the sender.*

-----Original Message-----
**From:** Russell, Beverly (USADC) [mailto:Beverly.Russell@usdoj.gov]
**Sent:** Monday, January 29, 2007 7:33 PM
**To:** Sharon McGowan
**Cc:** jdou@loc.gov; Ken Choe; Art Spitzer (E-mail)
**Subject:** RE: Schroer v. Billington

Sharon,

Given the exhaustive discovery to date, Defendant will consent to an extension of discovery for enumerated purposes, i.e., to allow the parties to respond to pending discovery and to complete the depositions which have already been discussed (and scheduled). As for written discovery, I believe that Plaintiff has already exceeded the permissible number of interrogatories allowed under the Rules. If Plaintiff is contemplating additional discovery beyond that which is pending, please let me know and we can discuss further Defendant's position on an extension.

Regards,

Beverly M. Russell
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W., Room E-4915
Washington, D.C. 20530
Ph: 202-307-0492
Fax: 202-514-8780
E-mail: beverly.russell@usdoj.gov

---

**From:** Sharon McGowan [mailto:SMcGowan@aclu.org]
**Sent:** Monday, January 29, 2007 10:40 AM
**To:** Russell, Beverly (USADC)
**Cc:** jdou@loc.gov; Ken Choe; Art Spitzer (E-mail)
**Subject:** RE: Schroer v. Billington

Dear Beverly,

I would like to propose that we extend our discovery deadline until May 15th. We have a few remaining items that we would like to explore through written discovery, and additional depositions may or may not be necessary to clarify the information in those responses. Based on both of our schedules, it seems as though we would not be able to complete all of this by our current deadline of March 1. I have proposed May 15th because I have a number of commitments at the end of March and will be traveling out of the country during the first week of April and will be likewise tied up during the last weekend of April.

In our request to the Court, I am happy to make clear that Plaintiff has sought the extension and you (hopefully) have consented.

Please let me know if this is acceptable to you.  In the event that we agree to extend the discovery cut-off, please let me know if you would like more time to respond to the interrogatories and document requests currently outstanding, since I know that you are heading into trial.

Thank you,
Sharon

Sharon M. McGowan
Staff Attorney, ACLU Foundation
Lesbian Gay Bisexual Transgender Project
125 Broad Street
New York, NY 10004
212-549-2593 (phone)
212-549-2650 (fax)
www.aclu.org/LGBT/

*This e-mail may contain attorney work product or information that is otherwise privileged and confidential.  If you are not the intended recipient, please delete all copies of this e-mail immediately and contact the sender.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIANE J. SCHROER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1090 (JR) |
| v. ) | |
| ) | |
| JAMES H. BILLINGTON, ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF DEPOSITION OF STEVE BOWMAN

To:    Beverly Russell
       Assistant United States Attorney
       U.S. Attorney's Office for the District of Columbia
       Civil Division
       555 4th Street, N.W. Rm. E-4915
       Washington, D.C. 20530

NOTICE IS HEREBY GIVEN that, pursuant to Rule 30 of the Federal Rules of
Civil Procedure, plaintiff Diane Schroer, by and through her attorneys, will take the
deposition upon oral examination of Steve, on February 15, 2007, at 9:00 a.m., at the
offices of Wilmer Hale, 1875 Pennsylvania Avenue, NW, Washington, D.C., before an
officer duly authorized to take depositions in the District of Columbia. The deposition
will be recorded by stenographic means and may also be audiotaped and/or videotaped.

The oral examination will continue from day to day until completed. The
deposition is being taken for the purposes of discovery, for use at trial, and for such other
purposes as are permitted under applicable law and rules of the court.

Please take further notice that the deponent is requested to bring to the deposition all documents (which includes information contained wholly in or originated in electronic format or online sources such as in computer files or emails) in his possession, custody, or control, which have not already been produced in discovery, that either contain information relevant to this case, or upon which the deponent relied in preparation for deponent's testimony.

Respectfully submitted,

/s/  Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date:  February 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIANE J. SCHROER, | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JAMES H. BILLINGTON, | ) |
| Librarian of Congress, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Civil Action No. 05-1090 (JR)

## NOTICE OF DEPOSITION OF FRANCIS MIKO

To:    Beverly Russell
       Assistant United States Attorney
       U.S. Attorney's Office for the District of Columbia
       Civil Division
       555 4th Street, N.W. Rm. E-4915
       Washington, D.C. 20530

NOTICE IS HEREBY GIVEN that, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, plaintiff Diane Schroer, by and through her attorneys, will take the

deposition upon oral examination of Francis Miko, on February 15, 2007, at 1:00 p.m., at

the offices of Wilmer Hale, 1875 Pennsylvania Avenue, NW, Washington, D.C., before

an officer duly authorized to take depositions in the District of Columbia. The deposition

will be recorded by stenographic means and may also be audiotaped and/or videotaped.

The oral examination will continue from day to day until completed. The

deposition is being taken for the purposes of discovery, for use at trial, and for such other

purposes as are permitted under applicable law and rules of the court.

1

Please take further notice that the deponent is requested to bring to the deposition all documents (which includes information contained wholly in or originated in electronic format or online sources such as in computer files or emails) in his possession, custody, or control, which have not already been produced in discovery, that either contain information relevant to this case, or upon which the deponent relied in preparation for deponent's testimony.

Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date: February 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER,         )<br><br>Plaintiff,    )<br><br>v.        )<br><br>JAMES H. BILLINGTON,   )<br>   Librarian of Congress,    )<br><br>Defendant.   )<br>             ) | )<br>)<br>)<br>)<br>)    Civil Action No. 05-1090 (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF DEPOSITION OF KATHY DEESE

To:    Beverly Russell
       Assistant United States Attorney
       U.S. Attorney's Office for the District of Columbia
       Civil Division
       555 4th Street, N.W. Rm. E-4915
       Washington, D.C. 20530

NOTICE IS HEREBY GIVEN that, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, plaintiff Diane Schroer, by and through her attorneys, will take the

deposition upon oral examination of Kathy Deese, on February 26, 2007, at 9:30 a.m., at

the offices of Wilmer Hale, 1875 Pennsylvania Avenue, NW, Washington, D.C., before

an officer duly authorized to take depositions in the District of Columbia. The deposition

will be recorded by stenographic means and may also be audiotaped and/or videotaped.

The oral examination will continue from day to day until completed. The

deposition is being taken for the purposes of discovery, for use at trial, and for such other

purposes as are permitted under applicable law and rules of the court.

1

Please take further notice that the deponent is requested to bring to the deposition all documents (which includes information contained wholly in or originated in electronic format or online sources such as in computer files or emails) in her possession, custody, or control, which have not already been produced in discovery, that either contain information relevant to this case, or upon which the deponent relied in preparation for deponent's testimony.

Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date:  February 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1090 (JR) |
| v. ) | |
| ) | |
| JAMES H. BILLINGTON, ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF DEPOSITION OF KENT RONHOVDE

To:    Beverly Russell
       Assistant United States Attorney
       U.S. Attorney's Office for the District of Columbia
       Civil Division
       555 4th Street, N.W. Rm. E-4915
       Washington, D.C. 20530

NOTICE IS HEREBY GIVEN that, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, plaintiff Diane Schroer, by and through her attorneys, will take the

deposition upon oral examination of Kent Ronhovde, on February 26, 2007, at 1:00 p.m.,

at the offices of Wilmer Hale, 1875 Pennsylvania Avenue, NW, Washington, D.C.,

before an officer duly authorized to take depositions in the District of Columbia. The

deposition will be recorded by stenographic means and may also be audiotaped and/or

videotaped.

1

The oral examination will continue from day to day until completed. The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of the court.

Please take further notice that the deponent is requested to bring to the deposition all documents (which includes information contained wholly in or originated in electronic format or online sources such as in computer files or emails) in his possession, custody, or control, which have not already been produced in discovery, that either contain information relevant to this case, or upon which the deponent relied in preparation for deponent's testimony.

Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date:  February 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-1090 (JR) |
| v. | ) |
| | ) |
| JAMES H. BILLINGTON, | ) |
| Librarian of Congress, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF DEPOSITION OF GARY PAGLIANO

To:   Beverly Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530

NOTICE IS HEREBY GIVEN that, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, plaintiff Diane Schroer, by and through her attorneys, will take the

deposition upon oral examination of Gary Pagliano, on February 27, 2007, at 9:00 a.m.,

at the offices of Wilmer Hale, 1875 Pennsylvania Avenue, NW, Washington, D.C.,

before an officer duly authorized to take depositions in the District of Columbia.  The

deposition will be recorded by stenographic means and may also be audiotaped and/or

videotaped.

1

The oral examination will continue from day to day until completed. The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of the court.

Please take further notice that the deponent is requested to bring to the deposition all documents (which includes information contained wholly in or originated in electronic format or online sources such as in computer files or emails) in his possession, custody, or control, which have not already been produced in discovery, that either contain information relevant to this case, or upon which the deponent relied in preparation for deponent's testimony.

Respectfully submitted,

/s/  Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date:  February 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-1090 (JR) |
| v. | ) |
| | ) |
| JAMES H. BILLINGTON, | ) |
| Librarian of Congress, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF DEPOSITION OF CYNTHIA WILKINS

To:   Beverly Russell
      Assistant United States Attorney
      U.S. Attorney's Office for the District of Columbia
      Civil Division
      555 4th Street, N.W. Rm. E-4915
      Washington, D.C. 20530


NOTICE IS HEREBY GIVEN that, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, plaintiff Diane Schroer, by and through her attorneys, will take the

deposition upon oral examination of Cynthia Wilkins, on February 27, 2007, at 9:30 a.m.,

at the offices of Wilmer Hale, 1875 Pennsylvania Avenue, NW, Washington, D.C.,

before an officer duly authorized to take depositions in the District of Columbia.  The

deposition will be recorded by stenographic means and may also be audiotaped and/or

videotaped.

1

The oral examination will continue from day to day until completed. The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of the court.

Please take further notice that the deponent is requested to bring to the deposition all documents (which includes information contained wholly in or originated in electronic format or online sources such as in computer files or emails) in her possession, custody, or control, which have not already been produced in discovery, that either contain information relevant to this case, or upon which the deponent relied in preparation for deponent's testimony.

Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date: February 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, )<br><br>Plaintiff, )<br><br>v. )<br><br>JAMES H. BILLINGTON,<br>Librarian of Congress, )<br><br>Defendant. ) | Civil Action No. 05-1090 (JR) |

## NOTICE OF DEPOSITION OF DANIEL MULHOLLAN

To:     Beverly Russell
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        Civil Division
        555 4th Street, N.W. Rm. E-4915
        Washington, D.C. 20530

NOTICE IS HEREBY GIVEN that, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, plaintiff Diane Schroer, by and through her attorneys, will take the

deposition upon oral examination of Daniel Mulhollan, on February 28, 2007, at

3:00 p.m., at the offices of Wilmer Hale, 1875 Pennsylvania Avenue, NW, Washington,

D.C., before an officer duly authorized to take depositions in the District of Columbia.

The deposition will be recorded by stenographic means and may also be audiotaped

and/or videotaped.

1

The oral examination will continue from day to day until completed. The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of the court.

Please take further notice that the deponent is requested to bring to the deposition all documents (which includes information contained wholly in or originated in electronic format or online sources such as in computer files or emails) in his possession, custody, or control, which have not already been produced in discovery, that either contain information relevant to this case, or upon which the deponent relied in preparation for deponent's testimony.

Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date:  February 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIANE J. SCHROER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1090 (JR) |
| v. ) | |
| ) | |
| JAMES H. BILLINGTON, ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF RULE 30(B)(6) DEPOSITION OF JAMES H. BILLINGTON

To:    Beverly Russell
       Assistant United States Attorney
       U.S. Attorney's Office for the District of Columbia
       Civil Division
       555 4th Street, N.W. Rm. E-4915
       Washington, D.C. 20530


NOTICE IS HEREBY GIVEN that, pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure, plaintiff Diane Schroer, by and through her attorneys, will take

the deposition upon oral examination of the representative(s) of James H. Billington,

Librarian of Congress, with knowledge of the items listed below, on March 1, 2007, at

9:00 a.m. at the offices of Wilmer Hale, 1875 Pennsylvania Avenue, NW, Washington,

D.C., before an officer duly authorized to take depositions in the District of Columbia.

The deposition will be recorded by stenographic means and may also be audiotaped

and/or videotaped.

The deponent shall designate one or more of its officers, directors, managing agents, or other persons, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, who can testify on his behalf concerning the following:

1.  The hiring process for the individuals identified as Employees C, D and F during the deposition of Charlotte Preece on January 11, 2007, and for any other applicants since January 1, 1991, seeking employment with the Congressional Research Service, whether or not ultimately hired, in a position requiring a security clearance where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that had possible implications for either the ability of the applicant to obtain a security clearance or the amount of time that it would have taken for the applicant to complete the security clearance investigation process, including but not limited to when the hiring process for the position began, the level of security clearance required for the position, any communication between Charlotte Preece and the Library of Congress's Personnel Security Office about the information and its security clearance implications, any information about any decision(s) by Charlotte Preece to discontinue or continue consideration of the applicant, any requests for waivers of the pre-appointment security clearance investigation requirement, and the amount of time that it took for the applicant to complete the security clearance investigation process and begin working at the Library with a full clearance;

2.  The hiring process and/or consideration of any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might have a medical issue that might require some sort of accommodation if the applicant were to be hired, including but not limited to permitting the applicant to take leave under existing medical or disability leave policy or otherwise, including but not limited to the selection criteria, the assessment of the applicant's application materials and interview; any communication about any concern regarding the applicant's medical issue, including but not limited to communication about the assessment or resolution of any such concern; and the time line of the hiring process;

3.  The hiring process and/or consideration of any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might be distracted from work responsibilities by personal issues (e.g., a divorce), including but not limited to the selection criteria, the assessment of the applicant's application materials and interview, any communication about any concern regarding the applicant's

2

distraction from work responsibilities by personal issues, including but not limited to communication about the assessment or resolution of any such concern, and the time line of the hiring process;

4.    The hiring process and/or consideration of any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might not be honest or trustworthy, including but not limited to situations in which the applicant failed to disclose information timely; such information includes but is not limited to the selection criteria, the assessment of the applicant's application materials and interview, any communication about any concern regarding the applicant's honesty or trustworthiness, including but not limited to communication about the assessment or resolution of any such concern, and the time line of the hiring process;

5.    The hiring of any past or present employee of the Library of Congress, including but not limited to the Congressional Research Service, where Charlotte Preece was the selecting official;

6.    Whether the Library of Congress, including but not limited to the Congressional Research Service, has employed transsexual or transgender individuals since January 1, 2000, the number of such individuals, the period of time during which any such individual was or has been employed, the division and position in which any such individual was or has been employed, and whether any such individual was or is required to have national security clearances for his or her position and, if so, the time frame in which he or she obtained such clearance; and

7.    How long it has taken to fill Social Science Analyst positions with the Congressional Research Service requiring a security clearance since October 1, 2001, from the time the job announcement was posted until the time that the applicant began working in the position and/or completed the security clearance investigation process, whichever occurred later.

The oral examination will continue from day to day until completed. The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of the court.

Please take further notice that the deponent is requested to bring to the deposition all documents (which includes information contained wholly in or originated in electronic format or online sources such as in computer files or emails) in Defendant's possession, custody, or control, which have not already been produced in discovery, that either contain information regarding the topics listed above, or upon which the deponent relied in preparation for deponent's testimony.

Respectfully submitted,

/s/  Sharon M. McGowan
Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF

Date:  February 5, 2007