Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANE J. SCHROER, )
)
Plaintiff, )
)
v. )    Civil Action No. 05-1090 (JR)
)
)    PLAINTIFF'S FOURTH SET
JAMES H. BILLINGTON, )    OF INTERROGATORIES
Librarian of Congress, )    PURSUANT TO RULE 33
)
Defendant. )
)

## PLAINTIFF'S FOURTH SET OF INTERROGATORIES PURSUANT TO RULE 33

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of

Civil Procedure 33, serves the following interrogatories upon Defendant, James H. Billington, in

his official capacity as the Librarian of Congress, to be responded to within 30 days after the date

of service.

## DEFINITIONS

1.    "Defendant" shall mean the Library of Congress, its officers, employees, agents,

representatives, and others known to have acted on their respective behalves.

2.    "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.    "You," "your" and "yourself" refer to the party to whom the following requests are

addressed, and its agents, representatives, officers, directors, affiliates, predecessors and

successors in interest, parents, divisions, subsidiaries, and employees.

4.    "Person" shall mean natural persons, firms, proprietorships, associations, partnerships,

corporations and every other type of organization or entity.

5.   "Applicant" shall mean an individual who applies for employment with the Library of
     Congress.

6.   "Position of Specialist in Terrorism and International Crime" shall mean the position for
     which Plaintiff applied in 2004 and which was identified in the Third Defense of
     Defendant's Answer.

7.   "Security clearance investigation process" shall mean all stages of the process by which
     an individual is cleared or otherwise authorized by the Library of Congress, including but
     not necessarily limited to the Library of Congress's Personnel Security Office, to access
     classified information or otherwise obtain or maintain a security clearance.

8.   "Waiver of the pre-appointment security clearance investigation requirement" shall mean
     all stages of the process by which an individual is cleared or otherwise authorized by the
     Library of Congress, including but not necessarily limited to the Library of Congress's
     Personnel Security Office, to begin working in a position at the Library of Congress
     requiring a security clearance prior to having completed the "security clearance
     investigation process" defined in the previous paragraph.

9.   "Hiring process" shall mean the entire process by which the Library of Congress hires a
     new employee, including the determination of the qualifications and requirements for a
     particular position, the publication of the position vacancy and the position's
     requirements including the drafting and posting of any notice, the recruitment of
     candidates for the position, the evaluation of applicants for the position, whether on paper
     or in person, whether formally or informally, the ranking of applicants for the position,
     the decision whether or not to hire an applicant, the making and processing of an offer of
     employment, and the receiving and processing of an acceptance or rejection of an offer of
     employment.

10.  "Relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

11.  The term "identify," when referring to a person, means the response must state, to the extent known, the person's full name, present or last known address and telephone number, and, in addition, when referring to a natural person, the person's present or last known place of employment.

12.  The term "identify," when referring to a document, means the response must state, to the extent known, (i) the type of document; (ii) the date of the document; (iii) the author(s), addressee(s) and recipient(s) of the document, and, where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to one another; and (iv) the subject matter of the document.

13.  The term "describe in detail" means providing with respect to any act, occurrence, transaction, event, statement, communication or conduct (hereinafter collectively "act") all facts concerning any such act, including but not limited to, a description of each act, the date and time of the act, the location, and the names and addresses of all persons involved.

14.  "Any" shall also mean "all" and vice versa.

15.  "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

16.  The use of the singular form of any word includes the plural or vice versa, as necessary to make the requests inclusive rather than exclusive.

3

17.     Unless expressly indicated otherwise, these interrogatories seek information concerning the period beginning on or after June 1, 2004, and continuing to the present.


## INSTRUCTIONS

1.      In answering these interrogatories, you are required to furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys as will enable you to ascertain all of the facts necessary to fully answer each request for information.

2.      Each request that seeks information relating in any way to communications to, from, or within the government and/or government entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the government and/or government entity.

3.      If you object to a portion of an interrogatory, please furnish information responsive to the remainder of the request.

4.      Each interrogatory refers to information that is either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

5.      Please be advised that Defendant, pursuant to Fed. R. Civ. P. 26(e), has a continuing duty to reasonably amend or supplement any prior response if information is obtained which makes Defendant aware that a prior response was incorrect (when made), or that the response when made was correct but is no longer correct.

6.      All information requested by these interrogatories for which Defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

4

a)     Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

b)     Factual and legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

7.     Responses shall be mailed within the rule time to Sharon M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New York, NY 10004.

## INTERROGATORIES

9.  Identify the number of transgender employees who worked for the Library of Congress between the period of August 1, 2004 and January 31, 2005, the sections of the Library of Congress for which these employees worked, the job titles of these employees and the name of these employees' manager(s) or supervisor(s).

10. Identify all government interests that are furthered by taking into account, in connection with a hiring decision, the gender identity, transsexuality or the transition from living as one sex to living as another, of an applicant for employment with the Library of Congress, including but not limited to the government interests furthered by doing so in connection with Plaintiff's application for the Position of Specialist in Terrorism and International Crime.

11. Identify the date on which the transfer of the security clearance of Mr. John Rollins from Mr. Rollins' prior employer to the Library of Congress was completed and/or the date on which Mr. John Rollins was fully authorized to review documents classified as "top secret" while performing his duties as the Specialist in Terrorism and International Crime.

12. Identify the date on which the person holding the position of Specialist in Terrorism and International Crime prior to Mr. John Rollins first announced her intention to vacate the position and the date on which she actually vacated the position.

13. Identify the individuals identified as Employees C, D and F during the deposition of Charlotte Preece on January 11, 2007, and any other applicants since January 1, 1991, seeking employment with the Congressional Research Service in a position requiring a security clearance where Charlotte Preece was the selecting official and where

6

information came to light about the applicant during the hiring process that had possible

implications for either the ability of the applicant to obtain a security clearance or the

amount of time that it would have taken for the applicant to complete the security

clearance investigation process, and describe in detail what happened during the course

of that hiring process, including but not limited when the hiring process for the position

began, what the level of security clearance required for the position was, whether there

was any communication that took place between Charlotte Preece and the Library of

Congress's Personnel Security Office about the information and its security clearance

implications, and the nature of that communication, what decision was made by Charlotte

Preece regarding whether to discontinue or continue consideration of the applicant,

whether there was any request for a waiver of the pre-appointment security clearance

investigation requirement with respect to the applicant and whether that request was

approved, and the amount of time that it took for the applicant to complete the security

clearance process and begin working at the Library with a full clearance.

Date: January 12, 2007

By:

Sharon M. McGowan   (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

*Counsel for Plaintiff*

7

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of January 2007, caused the foregoing Plaintiff's

Fourth Set of Interrogatories Pursuant to Rule 33 to be served upon the following persons by

electronic mail and by United States Mail, First Class postage prepaid:


Attorney for Defendant

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Beverly.Russell@usdoj.gov




Sharon M. McGowan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-1090 (JR) |
| v. | ) |
| | ) PLAINTIFF'S THIRD REQUEST |
| JAMES H. BILLINGTON, | ) FOR PRODUCTION OF |
| Librarian of Congress, | ) DOCUMENTS PURSUANT TO |
| | ) RULE 34 |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of Civil Procedure 34, serves the following request for production of documents upon Defendant, James H. Billington, in his official capacity as the Librarian of Congress, to be responded to within 30 days after the date of service.

### DEFINITIONS

1.  "Defendant" shall mean the Library of Congress, its officers, employees, agents, representatives, and others known to have acted on their respective behalves.

2.  "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.  "You," "your" and "yourself" refer to the party to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, and employees.

4.  "Person" shall mean natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

5.    "Communication" shall mean any transmission of information, the information

transmitted, and any process by which information is transmitted, and shall include

written, oral and electronic communications.

6.    "Document," shall be construed in its broadest possible sense, and shall mean any writing

or other matter (such as drawings, graphs, charts, photographs, film, audio, video or

computer tape or other electronic media or devices) from which information can be

obtained, translated if necessary through detection devices into reasonably usable form,

including without limitation agreements, letters, appointment books, calendars, electronic

mail or correspondence, computer diskettes, CD-ROMs and other electronically-recorded

or stored data, bookkeeping ledgers and journals, memoranda, notes, notebooks, diaries,

desk pads, logs, telephone bills and telephone call records.  A draft or non-identical copy

(including one with notations) is a separate document.

7.    "Applicant" shall mean an individual who applies for employment with the Library of

Congress.

8.    "Position of Specialist in Terrorism and International Crime" shall mean the position for

which Plaintiff applied in 2004 and which was identified in the Third Defense of

Defendant's Answer.

9.    "Security clearance investigation process" shall mean all stages of the process by which

an individual is cleared or otherwise authorized by the Library of Congress, including but

not necessarily limited to the Library of Congress's Personnel Security Office, to access

classified information or otherwise obtain or maintain a security clearance.

10.    "Waiver of the pre-appointment security clearance investigation requirement" shall mean

all stages of the process by which an individual is cleared or otherwise authorized by the

Library of Congress, including but not necessarily limited to the Library of Congress's

2

Personnel Security Office, to begin working in a position at the Library of Congress requiring a security clearance prior to having completed the "security clearance investigation process" defined in the previous paragraph.

11.   "Hiring process" shall mean the entire process by which the Library of Congress hires a new employee, including the determination of the qualifications and requirements for a particular position, the publication of the position vacancy and the position's requirements including the drafting and posting of any notice, the recruitment of candidates for the position, the evaluation of applicants for the position, whether on paper or in person, whether formally or informally, the ranking of applicants for the position, the decision whether or not to hire an applicant, the making and processing of an offer of employment, the receiving and processing of an acceptance or rejection of an offer of employment, the process of obtaining a waiver of the pre-appointment security clearance investigation requirement, as defined in Paragraph 10, and the completion of the security clearance investigation process, as defined in Paragraph 9.

12.   "Relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

13.   "Any" shall also mean "all" and vice versa.

14.   "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

15.   The use of the singular form of any word includes the plural or vice versa, as necessary to make the requests inclusive rather than exclusive.

3

16.     Unless expressly indicated otherwise, these interrogatories seek information concerning

the period beginning on or after June 1, 2004, and continuing to the present.

## INSTRUCTIONS

1.      You are required, in responding to this request, to obtain and furnish all information

available to you and any of your representatives, employees, agents, brokers, servants, or

attorneys and to obtain and furnish all information that is in your possession or under

your control, or in the possession or under the control of any of your representatives,

employees, agents, brokers, servants, or attorneys.

2.      Each request that seeks information relating in any way to communications to, from, or

within the government and/or government entity, is hereby designated to demand, and

should be construed to include, all communications by and between representatives,

employees, agents, brokers and/or servants of the government and/or government entity.

3.      Each request should be responded to separately.  However, a document that is the

response to more than one request may, if the relevant portion is marked or indexed, be

produced and referred to in a later response.

4.      All documents produced shall be segregated and identified by the paragraphs to which

they are primarily responsive.  Where required by a particular paragraph of this request,

documents produced shall be further segregated and identified as indicated in this

paragraph.  For any documents that are stored or maintained in files in the normal course

of business, such documents shall be produced in such files, or in such a manner as to

preserve and identify the file from which such documents were taken.

5.      If you object to part of any request, please furnish documents responsive to the remainder

of the request.

4

6.    Each request refers to all documents that are either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

7.    The documents produced in response to this request shall include all attachments and enclosures.

8.    The documents requested for production include those in the possession, custody, or control of Defendant, its agents, representatives or attorneys.

9.    References to the singular include the plural.

10.    The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11.    Please note that Defendant, pursuant to Fed. R. Civ. P. 26(e), is under a continuing duty to reasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

12.    All documents called for by this request or related to this request, for which Defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

a.    The place, date, time, and manner of recording or otherwise preparing the document;

b.    The name and title of the sender;

c.    The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

d.    The identity and title of the person or persons supplying Defendant's attorneys with the information requested above;

e.    The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial

5

summarization, the dates of said communication, and the employer and title of said

person at the time of said communication;

f.   Type of document;

g.   Subject matter (without revealing the relevant information for which privilege or

statutory authority is claimed); and

h.   Factual and legal basis for claim, privilege or specific statutory or regulatory

authority that provides the claimed ground for non-production.

13.    Each request to produce a document or documents shall be deemed to call for the

production of the original document or documents to the extent that they are in, or subject

to, directly or indirectly, the control of the party to whom this request is addressed.  In

addition, each request should be considered as including a request for separate production

of all copies and, to the extent applicable, preliminary drafts of documents that differ in

any respect from the original or final draft or from each other (e.g., by reason of

differences in form or content or by reason of handwritten notes or comments having

been added to one copy of a document but not on the original or other copies thereof).

14.    All documents produced in response to this request shall be produced *in toto*

notwithstanding the fact that portions thereof may contain information not requested.

15.    If any documents requested herein have been lost or destroyed, the documents so lost or

destroyed shall be identified by author, date, time, and subject matter, and the date on

which the document was lost or destroyed.

16.    Where exact information cannot be furnished, estimated information is to be supplied to

the extent possible.  Where estimation is used, it should be so indicated, and an

explanation should be given as to the basis on which the estimate was made and the

reason exact information cannot be furnished.

6

17.   With respect to any document requested which was once in possession, custody or
      control, but no longer is, please indicate the date the document ceased to be in possession,
      custody, or control, the manner in which it ceased to be so, and the name and address of
      its present custodian.

18.   Production can be accomplished by mailing the documents within the rule time to Sharon
      M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New
      York, NY 10004.

## REQUESTS

13.   Any documents regarding the hiring process for the individuals identified as Employees
      C, D and F during the deposition of Charlotte Preece on January 11, 2007, and for any
      other applicants since January 1, 1991, seeking employment with the Congressional
      Research Service in a position requiring a security clearance where Charlotte Preece was
      the selecting official and where information came to light about the applicant during the
      hiring process that had possible implications for either the ability of the applicant to
      obtain a security clearance or the amount of time that it would have taken for the
      applicant to complete the security clearance investigation process, including but not
      limited to any documents regarding the date when the hiring process for the position
      began, the level of security clearance required for the position, any correspondence
      between Charlotte Preece and the Library of Congress's Personnel Security Office about
      the information and its security clearance implications, any correspondence reflecting a
      decision by Charlotte Preece to discontinue or continue consideration of the applicant,
      any requests for waivers of the pre-appointment security clearance investigation
      requirement and any documents reflecting the amount of time that it took for the

7

applicant to complete the security clearance investigation process and begin working at the Library with a full clearance.

14. The recruitment plan for the Position of Specialist in Terrorism and International Crime, or the document to which Ms. Bessie Alkisswani was referring during her deposition on January 8, 2007, when she discussed the recruitment plan for the Position of Specialist in Terrorism and International Crime.

15. The Library of Congress's Merit Selection Plan, or the document to which Ms. Bessie Alkisswani was referring during her deposition on January 8, 2007, when she discussed the document containing the rules regarding when a job vacancy announcement can be posted for less than thirty days.

16. Any documents tracking or otherwise reflecting how long it has taken to fill Social Science Analyst positions with the Congressional Research Service requiring a security clearance since October 1, 2001, from the time the job announcement was posted until the time that the applicant began working in the position and/or completed the security clearance investigation process, whichever occurred later.

17. Any documents relating to the date on which the person holding the Position of Specialist in Terrorism and International Crime prior to Mr. John Rollins announced her intention to vacate the position and the date on which she actually vacated the position.

18. Any documents relating to the need to fill the Position of Specialist in Terrorism and International Crime on an urgent or "as soon as possible" basis, including but not limited to any documents containing statements by Charlotte Preece or Francis Miko to this effect.

19. Any documents identified by Charlotte Preece during her deposition on January 11, 2007, that have not previously been produced, including but not limited to any documents

8

(including the "chronology") reviewed by Charlotte Preece in preparation for her

deposition and documents relating to Charlotte Preece's request to extend the period of

time that the Position of Specialist in Terrorism and International Crime would remain

open.

Date:  January 12, 2007                By:

Sharon M. McGowan    (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

*Counsel for Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of January 2007, caused the foregoing

Plaintiff's Third Request for Production of Documents Pursuant to Rule 34 to be served

upon the following persons by electronic mail and United States Mail, First Class postage

prepaid:

Attorney for Defendant

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Beverly.Russell@usdoj.gov


Sharon M. McGowan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIANE J. SCHROER,                              )<br>                                                )<br>                Plaintiff,                      )<br>                                                )    Civil Action No. 05-1090 (JR)<br>        v.                                      )<br>                                                )    PLAINTIFF'S FIFTH SET<br>JAMES H. BILLINGTON,                            )    OF INTERROGATORIES<br>    Librarian of Congress,                      )    PURSUANT TO RULE 33<br>                                                )<br>                Defendant.                      )<br>                                                ) |

## PLAINTIFF'S FIFTH SET OF INTERROGATORIES
## PURSUANT TO RULE 33

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of

Civil Procedure 33, serves the following interrogatories upon Defendant, James H. Billington, in

his official capacity as the Librarian of Congress, to be responded to within 30 days after the date

of service.

## DEFINITIONS

1.      "Defendant" shall mean the Library of Congress, its officers, employees, agents,

        representatives, and others known to have acted on their respective behalves.

2.      "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.      "You," "your" and "yourself" refer to the party to whom the following requests are

        addressed, and its agents, representatives, officers, directors, affiliates, predecessors and

        successors in interest, parents, divisions, subsidiaries, and employees.

4.      "Person" shall mean natural persons, firms, proprietorships, associations, partnerships,

        corporations and every other type of organization or entity.

5.    "Applicant" shall mean an individual who applies for employment with the Library of Congress.

6.    "Position of Specialist in Terrorism and International Crime" shall mean the position for which Plaintiff applied in 2004 and which was identified in the Third Defense of Defendant's Answer.

7.    "Security clearance investigation process" shall mean all stages of the process by which an individual is cleared or otherwise authorized by the Library of Congress, including but not necessarily limited to the Library of Congress's Personnel Security Office, to access classified information or otherwise obtain or maintain a security clearance.

8.    "Waiver of the pre-appointment security clearance investigation requirement" shall mean all stages of the process by which an individual is cleared or otherwise authorized by the Library of Congress, including but not necessarily limited to the Library of Congress's Personnel Security Office, to begin working in a position at the Library of Congress requiring a security clearance prior to having completed the "security clearance investigation process" defined in the previous paragraph.

9.    "Hiring process" shall mean the entire process by which the Library of Congress hires a new employee, including the determination of the qualifications and requirements for a particular position, the publication of the position vacancy and the position's requirements including the drafting and posting of any notice, the recruitment of candidates for the position, the evaluation of applicants for the position, whether on paper or in person, whether formally or informally, the ranking of applicants for the position, the decision whether or not to hire an applicant, the making and processing of an offer of employment, and the receiving and processing of an acceptance or rejection of an offer of employment.

2

10. "Relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

11. The term "identify," when referring to a person, means the response must state, to the extent known, the person's full name, present or last known address and telephone number, and, in addition, when referring to a natural person, the person's present or last known place of employment.

12. The term "identify," when referring to a document, means the response must state, to the extent known, (i) the type of document; (ii) the date of the document; (iii) the author(s), addressee(s) and recipient(s) of the document, and, where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to one another; and (iv) the subject matter of the document.

13. The term "describe in detail" means providing with respect to any act, occurrence, transaction, event, statement, communication or conduct (hereinafter collectively "act") all facts concerning any such act, including but not limited to, a description of each act, the date and time of the act, the location, and the names and addresses of all persons involved.

14. "Any" shall also mean "all" and vice versa.

15. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

16. The use of the singular form of any word includes the plural or vice versa, as necessary to make the requests inclusive rather than exclusive.

3

17.    Unless expressly indicated otherwise, these interrogatories seek information concerning the period beginning on or after June 1, 2004, and continuing to the present.


**INSTRUCTIONS**

1.    In answering these interrogatories, you are required to furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys as will enable you to ascertain all of the facts necessary to fully answer each request for information.

2.    Each request that seeks information relating in any way to communications to, from, or within the government and/or government entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the government and/or government entity.

3.    If you object to a portion of an interrogatory, please furnish information responsive to the remainder of the request.

4.    Each interrogatory refers to information that is either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

5.    Please be advised that Defendant, pursuant to Fed. R. Civ. P. 26(e), has a continuing duty to reasonably amend or supplement any prior response if information is obtained which makes Defendant aware that a prior response was incorrect (when made), or that the response when made was correct but is no longer correct.

6.    All information requested by these interrogatories for which Defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

a)  Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

b)  Factual and legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

7.  Responses shall be mailed within the rule time to Sharon M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New York, NY 10004.

## INTERROGATORIES

14.    Identify any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might have a medical issue that might require some sort of accommodation if the applicant were to be hired, including but not limited to permitting the applicant to take leave under existing medical or disability leave policy or otherwise; and describe in detail the nature of the issue and the assessment and resolution of the issue, including the time frame, during the hiring process.

15.    Identify any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might be distracted from work responsibilities by personal issues; and describe in detail the nature of the issue and the assessment and resolution of the issue, including the time frame, during the hiring process.

16.    Identify any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might not be honest or trustworthy, including but not limited to situations in which the applicant failed to disclose information timely; and describe in detail the nature of the issue and the

assessment and resolution of the issue, including the time frame, during the hiring process.

17.    Describe in detail any information that came to light about John Rollins during the hiring process for the position of Position of Specialist in Terrorism and International Crime that had possible implications for either the ability of Mr. Rollins to obtain a security clearance or the amount of time that it would take for Mr. Rollins to complete the security clearance investigation process; and describe in detail the nature of the issue and the assessment and resolution of the issue, including the time frame, during the hiring process.

Date: January 30, 2007

By:

Sharon M. McGowan (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of January 2007, caused the foregoing Plaintiff's

Fifth Set of Interrogatories Pursuant to Rule 33 to be served upon the following persons by

electronic mail and by United States Mail, First Class postage prepaid:

Attorney for Defendant

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Beverly.Russell@usdoj.gov

_____
Kenneth Y. Choe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANE J. SCHROER,                    )
                                     )
                    Plaintiff,       )
                                     )
                                     )    Civil Action No. 05-1090 (JR)
          v.                         )
                                     )    PLAINTIFF'S FOURTH REQUEST
JAMES H. BILLINGTON,                 )    FOR PRODUCTION OF
     Librarian of Congress,          )    DOCUMENTS PURSUANT TO
                                     )    RULE 34
                    Defendant.       )
                                     )

## PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of Civil Procedure 34, serves the following request for production of documents upon Defendant, James H. Billington, in his official capacity as the Librarian of Congress, to be responded to within 30 days after the date of service.

### DEFINITIONS

1.   "Defendant" shall mean the Library of Congress, its officers, employees, agents, representatives, and others known to have acted on their respective behalves.

2.   "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.   "You," "your" and "yourself" refer to the party to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, and employees.

4.   "Person" shall mean natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

5.    "Communication" shall mean any transmission of information, the information

transmitted, and any process by which information is transmitted, and shall include

written, oral and electronic communications.

6.    "Document," shall be construed in its broadest possible sense, and shall mean any writing

or other matter (such as drawings, graphs, charts, photographs, film, audio, video or

computer tape or other electronic media or devices) from which information can be

obtained, translated if necessary through detection devices into reasonably usable form,

including without limitation agreements, letters, appointment books, calendars, electronic

mail or correspondence, computer diskettes, CD-ROMs and other electronically-recorded

or stored data, bookkeeping ledgers and journals, memoranda, notes, notebooks, diaries,

desk pads, logs, telephone bills and telephone call records.  A draft or non-identical copy

(including one with notations) is a separate document.

7.    "Applicant" shall mean an individual who applies for employment with the Library of

Congress.

8.    "Position of Specialist in Terrorism and International Crime" shall mean the position for

which Plaintiff applied in 2004 and which was identified in the Third Defense of

Defendant's Answer.

9.    "Security clearance investigation process" shall mean all stages of the process by which

an individual is cleared or otherwise authorized by the Library of Congress, including but

not necessarily limited to the Library of Congress's Personnel Security Office, to access

classified information or otherwise obtain or maintain a security clearance.

10.    "Waiver of the pre-appointment security clearance investigation requirement" shall mean

all stages of the process by which an individual is cleared or otherwise authorized by the

Library of Congress, including but not necessarily limited to the Library of Congress's

2

Personnel Security Office, to begin working in a position at the Library of Congress requiring a security clearance prior to having completed the "security clearance investigation process" defined in the previous paragraph.

11. "Hiring process" shall mean the entire process by which the Library of Congress hires a new employee, including the determination of the qualifications and requirements for a particular position, the publication of the position vacancy and the position's requirements including the drafting and posting of any notice, the recruitment of candidates for the position, the evaluation of applicants for the position, whether on paper or in person, whether formally or informally, the ranking of applicants for the position, the decision whether or not to hire an applicant, the making and processing of an offer of employment, the receiving and processing of an acceptance or rejection of an offer of employment, the process of obtaining a waiver of the pre-appointment security clearance investigation requirement, as defined in Paragraph 10, and the completion of the security clearance investigation process, as defined in Paragraph 9.

12. "Relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

13. "Any" shall also mean "all" and vice versa.

14. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

15. The use of the singular form of any word includes the plural or vice versa, as necessary to make the requests inclusive rather than exclusive.

16.    Unless expressly indicated otherwise, these interrogatories seek information concerning

the period beginning on or after June 1, 2004, and continuing to the present.

### INSTRUCTIONS

1.    You are required, in responding to this request, to obtain and furnish all information

available to you and any of your representatives, employees, agents, brokers, servants, or

attorneys and to obtain and furnish all information that is in your possession or under

your control, or in the possession or under the control of any of your representatives,

employees, agents, brokers, servants, or attorneys.

2.    Each request that seeks information relating in any way to communications to, from, or

within the government and/or government entity, is hereby designated to demand, and

should be construed to include, all communications by and between representatives,

employees, agents, brokers and/or servants of the government and/or government entity.

3.    Each request should be responded to separately.  However, a document that is the

response to more than one request may, if the relevant portion is marked or indexed, be

produced and referred to in a later response.

4.    All documents produced shall be segregated and identified by the paragraphs to which

they are primarily responsive.  Where required by a particular paragraph of this request,

documents produced shall be further segregated and identified as indicated in this

paragraph.  For any documents that are stored or maintained in files in the normal course

of business, such documents shall be produced in such files, or in such a manner as to

preserve and identify the file from which such documents were taken.

5.    If you object to part of any request, please furnish documents responsive to the remainder

of the request.

4

6.  Each request refers to all documents that are either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

7.  The documents produced in response to this request shall include all attachments and enclosures.

8.  The documents requested for production include those in the possession, custody, or control of Defendant, its agents, representatives or attorneys.

9.  References to the singular include the plural.

10. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11. Please note that Defendant, pursuant to Fed. R. Civ. P. 26(e), is under a continuing duty to reasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

12. All documents called for by this request or related to this request, for which Defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

    a.  The place, date, time, and manner of recording or otherwise preparing the document;

    b.  The name and title of the sender;

    c.  The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    d.  The identity and title of the person or persons supplying Defendant's attorneys with the information requested above;

    e.  The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial

summarization, the dates of said communication, and the employer and title of said

person at the time of said communication;

f.  Type of document;

g.  Subject matter (without revealing the relevant information for which privilege or

statutory authority is claimed); and

h.  Factual and legal basis for claim, privilege or specific statutory or regulatory

authority that provides the claimed ground for non-production.

13.  Each request to produce a document or documents shall be deemed to call for the

production of the original document or documents to the extent that they are in, or subject

to, directly or indirectly, the control of the party to whom this request is addressed.  In

addition, each request should be considered as including a request for separate production

of all copies and, to the extent applicable, preliminary drafts of documents that differ in

any respect from the original or final draft or from each other (e.g., by reason of

differences in form or content or by reason of handwritten notes or comments having

been added to one copy of a document but not on the original or other copies thereof).

14.  All documents produced in response to this request shall be produced *in toto*

notwithstanding the fact that portions thereof may contain information not requested.

15.  If any documents requested herein have been lost or destroyed, the documents so lost or

destroyed shall be identified by author, date, time, and subject matter, and the date on

which the document was lost or destroyed.

16.  Where exact information cannot be furnished, estimated information is to be supplied to

the extent possible.  Where estimation is used, it should be so indicated, and an

explanation should be given as to the basis on which the estimate was made and the

reason exact information cannot be furnished.

17.    With respect to any document requested which was once in possession, custody or

control, but no longer is, please indicate the date the document ceased to be in possession,

custody, or control, the manner in which it ceased to be so, and the name and address of

its present custodian.

18.    Production can be accomplished by mailing the documents within the rule time to Sharon

M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New

York, NY 10004.


## REQUESTS

20.    Any documents concerning the hiring of any past or present employee of the Library of

Congress, including but not limited to the Congressional Research Service, where

Charlotte Preece was the selecting official; such documents include but are not limited to

the job posting; the selection criteria; the employee's application materials; assessments

of the employee's application materials; notes from the employee's job interviews; any

communication about or documentation of any concern of any kind with the employee's

candidacy, including but not limited to communication about or documentation of the

assessment or resolution of any such concern; and any documents directly or indirectly

reflecting the time line of the hiring process.

21.    Any documents concerning any applicant for employment with the Library of Congress,

including but not limited to the Congressional Research Service, whether or not

ultimately hired, where Charlotte Preece was the selecting official and where information

came to light about the applicant during the hiring process that suggested that the

applicant might have a medical issue that might require some sort of accommodation if

the applicant were to be hired, including but not limited to permitting the applicant to

7

take leave under existing medical or disability leave policy or otherwise; such documents include but are not limited to the job posting; the selection criteria; the applicant's application materials; assessments of the applicant's application materials; notes from the applicant's job interviews; any communication about or documentation of any concern regarding the applicant's medical issue, including but not limited to communication about or documentation of the assessment or resolution of any such concern; and any documents directly or indirectly reflecting the time line of the hiring process.

22.   Any documents concerning any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might be distracted from work responsibilities by personal issues; such documents include but are not limited to the job posting; the selection criteria; the applicant's application materials; assessments of the applicant's application materials; notes from the applicant's job interviews; any communication about or documentation of any concern regarding the applicant's distraction from work responsibilities by personal issues, including but not limited to communication about or documentation of the assessment or resolution of any such concern; and any documents directly or indirectly reflecting the time line of the hiring process.

23.   Any documents concerning any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might not be honest or trustworthy, including but not limited to situations in

8

which the applicant failed to disclose information timely; such documents include but are not limited to the job posting; the selection criteria; the applicant's application materials; assessments of the applicant's application materials; notes from the applicant's job interview; any communication about or documentation of any concern regarding the applicant's honesty or trustworthiness, including but not limited to communication about or documentation of the assessment or resolution of any such concern; and any documents directly or indirectly reflecting the time line of the hiring process.

24. Any documents reflecting any information that came to light about John Rollins during the hiring process for the position of Position of Specialist in Terrorism and International Crime that had possible implications for either the ability of Mr. Rollins to obtain a security clearance or the amount of time that it would take for Mr. Rollins to complete the security clearance investigation process; such documents include but are not limited to assessments of Mr. Rollins's application materials; notes from Mr. Rollins's job interviews; any communication (including but not limited to any communication between Charlotte Preece and Cynthia Wilkins or others in the Personnel Security Office) about or documentation of any such concern or its security clearance implications, including but not limited to communication including but not limited to any communication about or documentation of the assessment or resolution of any such concern or its security clearance implications; any documents directly or indirectly reflecting the time line of the assessment or resolution of any such concern; and any requests for waivers of the pre-appointment security clearance investigation requirement and any documents reflecting the amount of time that it took for Mr. Rollins to complete the security clearance investigation process and begin work with a full clearance.

25.    Any documents reflecting whether the Library of Congress, including but not limited to the Congressional Research Service, has employed transsexual or transgender individuals since January 1, 2000, the number of such individuals, the period of time during which any such individual was or has been employed, the division and position in which any such individual was or has been employed, and whether any such individual was or is required to have national security clearances for his or her position and, if so, the time frame in which he or she obtained such clearance.


Date:  January 30, 2007                    By:


                                           _____
                                           Sharon M. McGowan  (D.C. Bar No. 476417)
                                           Kenneth Y. Choe
                                           American Civil Liberties Union Foundation
                                           125 Broad Street
                                           New York, NY 10004
                                           (212) 549-2627

                                           Arthur B. Spitzer  (D.C. Bar No. 235960)
                                           American Civil Liberties Union
                                             of the National Capital Area
                                           1400 20th Street, N.W. #119
                                           Washington, D.C. 20036
                                           (202) 457-0800


                                           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of January 2007, caused the foregoing

Plaintiff's Fourth Request for Production of Documents Pursuant to Rule 34 to be served

upon the following persons by electronic mail and United States Mail, First Class postage

prepaid:

Attorney for Defendant

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Beverly.Russell@usdoj.gov


_____
Kenneth Y. Choe