UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1090 (JR) |
| ) | |
| JAMES BILLINGTON, ) | |
| In his official capacity ) | |
| as Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY MEMORANDUM
IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT**

Defendant files this surreply in response to Plaintiff's Motion for Leave to Amend her Complaint. While Defendant has no desire to clutter the Court's docket, Plaintiff's reply memorandum contains several statements which demand a response.

Plaintiff's reply concedes that since Charlotte Preece's January 11, 2007, deposition Plaintiff intended to pursue a cause of action that was already rejected by this Court. Reply at 2-3. Despite the fact that Plaintiff then waited five months after Ms. Preece's deposition (until June 7, 2007) to seek to amend her complaint, Plaintiff argues that Defendant "cannot plausibly argue that he is caught off guard . . . by Plaintiff's attempts to amend her Complaint."[1] Reply at 6. Plaintiff appears to believe that Defendant possesses the ability to divine Plaintiff's theory of the case. While Defendant is under no obligation to read minds, Defendant does read the Court's Orders. Specifically, Defendant read the Court's March 31, 2006, Order which rejected

---

[1] If Plaintiff really had unearthed evidence that gave credence to her sex stereotyping theory, one cannot help but question why Plaintiff waited five months to attempt to amend her complaint.

Plaintiff's sex-stereotyping theory.[2]  Subsequent to the Court's March 31, 2006, Order, Plaintiff never filed a motion for reconsideration on the Court's March 31, 2006, order, and Plaintiff failed to notify the Court and Defendant that she intended to pursue her defunct sex-stereotyping theory.  Therefore, Defendant had no reason to presume that Plaintiff intended to resuscitate a theory that was dismissed more than a year ago by the Court.[3]

Worse still, Plaintiff continues to blatantly ignore and misrepresent the factual record.  Specifically, in both her motion for leave to amend and in her reply, Plaintiff insists that the selecting official, Ms. Preece, testified that "among her reasons [for not selecting Plaintiff] were considerations that rested on sex stereotypes."  See Plaintiff's Motion generally, and Reply at 3.  However, contrary to Plaintiff's repeated assertion that she adduced testimony of this ilk during Ms. Preece's deposition, the record is absent of any such admission or statement made by Ms. Preece.  Defendant's Opposition, Ex. 1 (Preece deposition).  To that end, Defendant's Opposition dutifully alerted Plaintiff and the Court that Plaintiff's representations in her motion to amend demonstrated a misstatement of the record of evidence.  Defendant's Opposition at 5-7.  Nevertheless, Plaintiff's distortion of the record persists.

---

[2] In its March 31, 2006, Order. the Court concluded that "Plaintiff's allegations of sex-stereotyping do not state a claim under Title VII . . ." R. 13.

[3] Plaintiff also incorrectly asserts that on February 23, 2007, the Court ruled that Plaintiff was allowed to proceed with discovery unrestricted by subject matter.  The Court made no such ruling.  However, even assuming Plaintiff's characterization about the Court's ruling on February 23, 2007, is correct, this does not explain or excuse Plaintiff's failure to timely notify the Court and Defendant that Plaintiff intended to amend her complaint, and it most certainly does not stand for the proposition that the Court's disposition with respect to Plaintiff's sex-stereotyping theory had changed.

Plaintiff is tilting at windmills: neither the record of evidence, nor the history of this case justifies her motion for leave to amend her complaint. Accordingly, for the foregoing reasons, and the reasons contained in Defendant's Opposition, Plaintiff's motion for leave to amend her complaint should be denied.

Respectfully submitted,

/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov

/s/ Julia K. Douds /bmr
_____
JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.

                                  Washington, D.C.  20530
                                  Ph:  (202) 514-5134
                                  Fax: (202) 514-8780
                                  E-mail: jdou@loc.gov

OF COUNSEL:
EVELIO RUBIELLA
Assistant General Counsel
Library of Congress

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing ***Defendant's Surreply to Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Leave to Amend Her Complaint*** was made by electronic and first class mail on the 28th day of June, 2007 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C.  20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney