IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05-cv-1090 (JR) |
| v. ) | |
| ) | |
| JAMES H. BILLINGTON, ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

In her Amended Complaint, filed with the Court on July 5, 2007, Plaintiff alleges, *inter alia*, that, in making the decision to withdraw Plaintiff from consideration from the position of Specialist in Terrorism and International Crime ("Terrorism Specialist"), Defendant engaged in impermissible sex stereotyping in violation of Title VII.[1]  As explained in greater detail below, Defendant's suggestion that this theory of liability is either not viable or inapplicable to Plaintiff is without merit.[2]

---

[1] Plaintiff sought and was granted leave by the Court to file an Amended Complaint ("Am. Compl."). See Rec. Docs. 33, 39.

[2] In moving to dismiss Plaintiff's Amended Complaint in its entirety, Defendant rests on the arguments presented in support of his second motion to dismiss, filed on April 26, 2007, see Rec. Docs. 30, 40, with respect to all of Plaintiff's claims except for Plaintiff's allegations of impermissible sex stereotyping. See generally Am. Compl. ¶¶ 46-47, 56-57. Likewise, Plaintiff incorporates by reference and directs the Court to her memorandum in opposition to Defendant's prior motion to dismiss with respect to Defendant's other arguments in favor of dismissal, see Rec. Doc. 34, and in this memorandum addresses only the flaws in Defendant's argument regarding the viability of Plaintiff's newly-alleged sex stereotyping claim.

**APPLICABLE LEGAL STANDARDS**

Defendant seeks to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, in the alternative, pursuant to Rule 12(b)(6). As Defendant acknowledges, on a Rule 12(b)(1) motion, the Court must accept as true all material factual allegations in Plaintiff's Amended Complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). The Court may also look to materials outside of the pleadings to satisfy itself that it has subject matter jurisdiction without converting the motion into a motion for summary judgment. See Flynn v. Ohio Bldg. Restoration, Inc., 260 F. Supp. 2d 156, 161 (D.D.C. 2003).[3]

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint "need not provide detailed factual allegations" but rather must simply allege facts sufficient "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The court "must accept as true all of the factual allegations contained in the complaint." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 n.1 (2002). In particular, with respect to Title VII claims, the Supreme Court has made clear that there is no heightened pleading requirement, Swierkiewicz, 534 U.S. at 515; rather, a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.

---

[3] Even if this motion were converted into a motion for summary judgment, "all reasonable inferences must be drawn and all factual disputes resolved in favor of the non-movant [*i.e.*, Plaintiff]." Glaxo Group Ltd. v. TorPharm, Inc., 153 F.3d 1366, 1370 (Fed. Cir. 1998). See also infra note 6 (discussing why conversion of this motion into a motion for summary judgment would be inappropriate at this stage of the proceedings).

## ARGUMENT

**THE COURT SHOULD NOT DISMISS PLAINTIFF'S SEX STEREOTYPING CLAIM.**

The Court should not dismiss Plaintiff's Title VII claim based on the theory of sex stereotyping because Plaintiff has alleged with specificity that the decision-maker was motivated at least in part by Plaintiff's failure to conform to sex stereotypes, which constitutes an independent basis for liability under Title VII.

In its Memorandum and Order adjudicating Defendant's prior motion to dismiss, the Court ruled that Plaintiff had not adequately pled a claim of sex discrimination due to impermissible sex stereotyping. Memorandum and Order ("Mem. Op.") (Rec. Doc. 13) at 13-17. While noting that "a transsexual plaintiff might successfully state a Price Waterhouse-type claim if the claim is that he or she has been discriminated against because of a failure to act or appear masculine or feminine enough for an employer,"[4] the Court held that a sex stereotyping claim "must actually arise from the employee's appearance or conduct and the employer's stereotypical perceptions." Id. at 16. The Court then ruled that Plaintiff's Complaint failed to allege impermissible sex stereotyping because it "allege[d] that [her] non-selection was the direct result

---

[4]   Numerous other courts have agreed that the Supreme Court's holding in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), that "we are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated with their group," id. at 251, is no less applicable to a transgender person than a non-transgender person. See, e.g., Barnes v. City of Cincinnati, 401 F.3d 729 (6th Cir. 2005); Smith v. City of Salem; 378 F.3d 566 (6th Cir. 2004); Creed v. Family Express Corp., No. 3:06-CV-465RM, 2007 WL 2265630 (N.D. Ind. Aug. 3, 2007); Mitchell v. Axcan Scandifarm, Inc., No. Civ. A. 05-243, 2006 WL 456173 (W.D. Pa. Feb. 17, 2006); Tronetti v. TLC HealthNet Lakeshore Hosp., No. 03-CV-0375E(SC), 2003 WL 22757935 (W.D.N.Y. Sept. 26, 2003); Doe v. United Consumer Fin. Servs., No. 1:01 CV 1112, 2001 WL 34350174 (N.D. Ohio Nov. 9, 2001); see also Rosa v. Park W. Bank & Trust Co., 214 F.3d 213 (1st Cir. 2000); Schwenk v. Hartford, 204 F.3d 1187 (9th Cir. 2000). For further explication, Plaintiff respectfully refers the Court to the arguments presented in her memorandum in opposition to Defendant's first motion to dismiss regarding the viability of sex stereotyping claims by transgender plaintiffs. See Rec. Doc. 9.

of her disclosure of her gender dysphoria and of her intention to begin presenting herself as a woman, or her display of photographs of herself in feminine attire, or both." Id. at 16-17.

Only by misconstruing the Court's prior decision can Defendant argue that Plaintiff is somehow foreclosed from now putting forth additional factual allegations to support a claim of impermissible sex stereotyping. See Memorandum of Points and Authoritites in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Def. Br.") at 6. The Court's prior ruling simply held that Plaintiff's original Complaint failed to include the facts necessary to make out a sex stereotyping claim. Mem. Op. at 16. In response to the Court's ruling, Plaintiff has amended her complaint to correct this deficiency.[5]

Defendant correctly notes that Plaintiff has amended Count 1 of her Complaint to clarify the sex stereotyping allegations in her first cause of action. See Am. Compl. ¶¶ 56-57. In addition to those revisions, however, Plaintiff's Amended Complaint includes other specific factual allegations of the type specifically contemplated by this Court as sufficient to state a claim that Defendant engaged in impermissible sex stereotyping. See Am. Compl. ¶ 46 ("Upon information and belief, Preece [*i.e.*, the decision-maker] conferred with colleagues at the Library of Congress about Plaintiff's application and ultimately decided that she would not recommend Plaintiff for the position because, for among other reasons, when Preece saw the photographs of Plaintiff in female attire, she believed that Plaintiff looked like a man in women's clothing rather than what she believed a woman should look like, and because she believed that others would

---

[5] Even if the impermissible sex stereotypes were only part of the reason why Defendant withdrew Plaintiff from consideration for the Terrorism Specialist position, under the mixed motive theory of liability, Plaintiff still states a claim for relief. See U.S.C. § 2000e-2(m) ("an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was *a* motivating factor for any employment practice, even though other factors also motivated the practice") (emphasis added); see also Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003) (direct evidence of discrimination not required to prove employment discrimination under mixed-motive theory).

share her view."); id. at ¶ 47 ("Upon information and belief, Preece's decision was also based at least in part on her belief that Plaintiff would not be viewed as a credible authority on terrorism by members of Congress because, in Preece's view, (a) Plaintiff's appearance when presenting as a female would not conform to their social stereotypes regarding how women should look, and (b) members of Congress would not believe that a woman could, in fact, have the kind of life experiences that were part of Plaintiff's background.").

Defendant does not even acknowledge these new and specific factual allegations in Plaintiff's Amended Complaint. To the extent that Defendant's argument rests on a belief that Plaintiff ultimately will be unable to convince the finder of fact that the decision-maker was motivated by impermissible sex stereotypes when she decided to eliminate Plaintiff from consideration for the Terrorism Specialist position, Defendant's argument is premature and inappropriate at this stage of the litigation. On a motion to dismiss, a plaintiff's allegations are accepted as true, with the thought that she should be given the opportunity, through discovery, to garner evidence to prove those allegations. Twombly, 127 S. Ct. at 1965 (citing Swierkiewicz, 534 U.S. at 508 n.1); see also id. (complaint need only allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support plaintiff's claim).[6]

Defendant's argument essentially asks this Court to impose precisely the kind of heightened pleading requirement that the Supreme Court has consistently rejected, most recently in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). In the discrimination context, the

---

[6] In connection with Plaintiff's Motion for Leave to Amend Complaint, Plaintiff presented evidence to demonstrate that these allegations were made in good faith and found support in the record that had been developed to date. See Rec. Docs. 33, 36. Furthermore, as discovery with respect to the decision-maker's motivations has not yet been completed, it would be inappropriate to convert Defendant's motion with respect to this issue into a motion for summary judgment pursuant to Rule 56. See Rec. Doc. 36 (discussing the discovery Plaintiff intends to conduct to garner additional direct and indirect evidence in support of her sex stereotyping theory of liability).

Supreme Court unanimously held that there is no heightened pleading requirement with respect to claims of discrimination brought under Title VII and the Age Discrimination in Employment Act. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510-15 (2002). Specifically, the Court held that a plaintiff need not plead facts establishing a prima facie case of discrimination pursuant to McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), because that framework may not apply in every discrimination case. In a passage directly applicable to this case, the Court stated:

> For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case [under McDonnell Douglas]. See Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985) ("[T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination"). Under the Second Circuit's heightened pleading standard, a plaintiff without direct evidence of discrimination at the time of his complaint must plead a prima facie case of discrimination, even though discovery might uncover such direct evidence. It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered.

534 U.S. at 511-12.

The Supreme Court's recent decision in Twombly did not disturb this ruling. 127 S. Ct. at 1973-74 & n.14. In Twombly, the Supreme Court held that, "in order to state a claim under § 1 of the Sherman Act," a plaintiff could not simply allege parallel conduct by competitors to state a claim of conspiracy but instead had to allege "plausible grounds to infer an agreement." Id. at 1964-65. The Court made clear, however, that it was not imposing a heightened pleading requirement or otherwise abrogating Swierkiewicz. Id. at 1973 n.14 ("In reaching this conclusion, we do not apply any 'heightened' pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished '"by the process of amending the Federal Rules, and not by judicial interpretation."' Swierkiewicz v. Sorema N.A.,

6

534 U.S. 506, 515 (2002) (quoting Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)).”); id. at 1965 (emphasizing that Rule 8 "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the plaintiff's claim).[7]

Consequently, Defendant's discussion of Twombly has no significance for this case because the sex stereotyping allegations in Plaintiff's Amended Complaint, discussed above, are more than sufficient to survive a motion to dismiss pursuant to Rule 12(b)(1) or Rule 12(b)(6) under the pleading standards articulated by the Supreme Court.[8]  Plaintiff's allegation that Preece's decision was influenced, at least in part, by her views about Plaintiff's insufficiently feminine appearance and non-feminine background, and their impact on Plaintiff's credibility, would constitute direct evidence of sex discrimination on the basis of impermissible sex-stereotyping if proven at trial.  This Court has already recognized as much in its prior ruling.

---

[7]    That the Supreme Court continues to view Swierkiewicz as good law is demonstrated not only by its statements in Twombly but also by its citation to Swierkiewicz in a decision handed down three weeks following its ruling in Twombly.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  See also Iqbal v. Hasty, 490 F.3d 143, 156 (2d Cir. 2007) (noting the Court's statements in Twombly and subsequent decision in Erickson as demonstrating the "continued viability of Swierkiewicz").

[8]    A review of cases decided by this Court since Twombly further demonstrates that Plaintiff's allegations of sex stereotyping in violation of Title VII are more than sufficient to survive a motion to dismiss.  See, e.g., Rahman v. Johanns, --- F. Supp. 2d ---, Civ. Action No. 06-1283(JDB), 2007 WL 2248048 at * 7 (D.D.C. Aug. 7, 2007) (finding complaint that "describe[d] the events surrounding the adverse employment action supporting an inference of discrimination, provide[d] the relevant dates, and include[d] the relevant nationalities" to be sufficient to survive motion to dismiss plaintiff's claims of discriminatory nonselection") (citing Swierkiewicz, 534 U.S. at 514); Vance v. Chao, --- F. Supp. 2d ---, Civ. Action No. 07-00002(ESH), 2007 WL 2206902 (D.D.C. Aug. 2, 2007) (while noting that plaintiff's complaint "could be more artfully phrased," finding that allegations sufficient to survive motion to dismiss) (citing Maljack Prods., Inc. v. Motion Picture Ass'n of Am., 52 F.3d 373, 375 (D.C. Cir. 1995)).

Mem. Op. at 16. Therefore, Plaintiff's Complaint definitively offers "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1965.[9]

Because Plaintiff's Amended Complaint alleges sufficient facts that, if proven at trial, would entitle her to relief pursuant to Title VII, Defendant's motion to dismiss Plaintiff's independent claim of sex discrimination based on impermissible sex stereotyping should be denied.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Plaintiff's memoranda in opposition to Defendant's first and second motions to dismiss, which are incorporated by reference, Defendant's motion to dismiss or, in the alternative, for judgment on the pleadings should be denied.

Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan  (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  Of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C. 20036
(202) 457-0800

*Counsel for Plaintiff*

Date: August 31, 2007

---

[9] In fact, under the Twombly standard, a plaintiff need only plead "enough fact to *raise a reasonable expectation that discovery will reveal evidence*" to support her claim. 127 S. Ct. at 1965 (emphasis added). Plaintiff's Amended Complaint clears that threshold easily.