UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, )<br>)<br>    Plaintiff )<br>)<br>)<br>v. )<br>)<br>JAMES BILLINGTON, Librarian of Congress, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No. 05-1090(JR) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, James H. Billington, in his official capacity as Librarian of Congress ("Defendant"), through counsel, hereby answers Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's claims.

**THIRD DEFENSE**

In response to the numbered paragraphs in Plaintiff's complaint, Defendant admits, denies or otherwise avers as follows:

**NATURE OF ACTION**

1. Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff is a twenty-five year veteran of the U.S. Armed Services except admit that in August 2004, Plaintiff applied as David Schroer for a position as a Terrorism and International Crime

      Research Analyst with the Congressional Research Service of the Library of Congress. Defendant denies the allegations contained in the second sentence of Paragraph 1.

2. Paragraph 2 is Plaintiff's characterization of her claim to which no response is required, to the extent a response is deemed required Defendant denies the allegations.

## JURISDICTION AND VENUE

3. Paragraph 3 is Plaintiff's statement of jurisdiction to which no response is required, to the extent a response is deemed required Defendant denies the allegations.

4. Paragraph 4 is Plaintiff's statement of claims for relief to which no response is required, to the extent a response is deemed required Defendant denies that Plaintiff is entitled to any relief.

5. Paragraph 5 is Plaintiff's statement of venue to which no response is required, to the extent a response is deemed required Defendant admits that venue is proper in the District of Columbia.

6. Paragraph 6 contains a legal conclusion to which no answer is required, to the extent a response is deemed required Defendant admits that Plaintiff has exhausted her administrative remedies as required by Title VII.

## PARTIES

7. Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff is a twenty-five year veteran of the U.S. Armed Services. Defendant lacks sufficient information or knowledge to admit or deny the residence of Plaintiff.

8. Admit the allegations contained in Paragraph No. 8 but aver that the Congressional Research Service is a Service Unit within the Library of Congress.

# FACTUAL ALLEGATIONS

<u>Plaintiff's Professional Experience and Qualifications</u>

9.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 9.

10.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 10.

11.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 11.

12.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 12.

<u>Plaintiff's Course of Medical Treatment for Gender Dysphoria</u>

13.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 13.

14.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 14.

15.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 15.

16.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 16.

17.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 17.

18. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 18.

19. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 19.

20. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 20.

21. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 21.

22. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 22.

23. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 23.

24. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 24.

Plaintiff's Application for Position with Congressional Research Service

25. Defendant lacks sufficient information or knowledge to admit or deny that in August 2004, Plaintiff saw a posting with the Congressional Research Service of the Library of Congress on the USA Jobs Website. Defendant lacks sufficient information or knowledge to admit or deny that the specific position Plaintiff saw in August 2004 was CRS Vacancy 040196 - Specialist in Terrorism and International Crime, GS-0101-15.

26. Defendant admits that Plaintiff applied for the position of Specialist in Terrorism and International Crime, Library of Congress. Defendant lacks sufficient information or

knowledge to admit or deny whether Plaintiff applied for other positions on the USA Jobs Website. Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff was "most interested" in the Terrorism Research Analyst position.

27. Defendant lacks sufficient information or knowledge to admit or deny that in mid-October 2004, Plaintiff was called by a secretary at the Congressional Research Service to ask if Plaintiff was still interested in the Terrorism Research Analyst position. Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff confirmed that she was available and scheduled an interview date.

28. Defendant admits that on or about October 27, 2004, Plaintiff was interviewed by three members of Congressional Research Service, Charlotte Preece, Steve Bowman, and Francis Miko.

29. Admit.

30. Admit.

31. Defendant admits the allegations contained in the first and second sentences contained in Paragraph 31. In regards to the third sentence of Paragraph 31, Defendant admits that Plaintiff provided Defendant with a list of references; however, Defendant lacks sufficient information or knowledge to admit or deny whether Plaintiff contacted her own references to let them know that someone from the Library of Congress might be contacting them about her application Terrorism Research Analyst position.

32. Admit.

33. Deny.

34. Defendant admits that Plaintiff told Preece that she was very interested in the Terrorism Research Analyst position and that Plaintiff had questions concerning the position's salary. Admit the remaining allegations contained in Paragraph 34.

35. Defendant admits the allegations in Paragraph 35, but avers that Preece informed Plaintiff that the Library of Congress would be able to pay her up to the salary of a GS-15, Step 10 position.

36. Admit, but aver that Preece never finished processing the paperwork necessary to recommend Plaintiff's selection to the Director of the Congressional Research Division and Human Resources Services.

37. Admit.

38. Admit.

39. Admit.

40. In regards to the first sentence of Paragraph 40, Defendant admits that during their lunch Preece explained to Plaintiff more about the job and that Preece believed that Plaintiff's answers during the interview were more creative than the other leading candidates and that Preece was impressed by the numerous high level contacts Plaintiff had in the military community. Admit the remaining allegations contained in Paragraph 40.

41. In regards to the first sentence of Paragraph 41, Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff recognized, but avers that Preece believed she had been interacting with a male in as much as during the entire interview/selection process Plaintiff used the name "David" and dressed in traditionally masculine clothing. In regards to the second sentence of Paragraph 41, Defendant lacks sufficient information

or knowledge to admit or deny that as part of Plaintiff's medical treatment Plaintiff was about to change her name, begin dressing in traditionally feminine attire, and otherwise begin presenting fulltime as a woman. Defendant admits that Plaintiff explained to Preece that Plaintiff was under doctor's instruction, she would be using a traditionally feminine name (Diane), presenting a traditionally feminine appearance and otherwise presenting as a woman when she started work as the Terrorism Research Analyst.

42. In regards to the first sentence of Paragraph 42, Defendant admits that Preece asked Plaintiff whether Preece should hire Plaintiff as "David" or "Diane" and avers that Preece also asked Plaintiff whether or not this new information would affect her ability to obtain a security clearance. Defendant admits the remaining allegations contained in the second and third sentences of Paragraph 42.

43. Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff has since changed her legal name to "Diane."

44. Defendant admits that Plaintiff showed Preece photographs of Plaintiff dressed in traditionally feminine attire, however Defendant lacks sufficient information or knowledge to admit or deny why Plaintiff showed Preece photographs of Plaintiff dressed in traditionally feminine clothing. Defendant admits the allegations contained in the second sentence of Paragraph 44.

45. Admit.

46. Deny.

47. Deny.

48. Admit.

49. Admit.

50. Defendant admits that Preece thanked Plaintiff for "being honest with her" during their lunch the previous day.

51. Defendant lacks sufficient information or knowledge to admit or deny that on February 7, 2005, Plaintiff received what appeared to be a generic e-mail from the Library of Congress stating the Terrorism Research Analyst position had filled.

## COUNT I
### (Title VII - Sex Discrimination)

52. In regards to the first clause of Paragraph 50, Defendant lacks sufficient information or knowledge to admit or deny whether or not Plaintiff is a female; in regards to the second clause admit that Defendant perceived Plaintiff to be a male at the time she applied for the position of Terrorism Research Analyst. Aver further that Defendant perceived Plaintiff to be a male in as much as Plaintiff applied for the position under the name "David" and presented herself to hiring officials, during the entire interview and selection process, as a male.

53. Defendant admits the first clause of Paragraph 51, but denies the second clause.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Paragraph 58 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

59. Admit.

60. Paragraph 60 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

61. Deny.

62. Paragraph 62 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

## COUNT II
### (Fifth Amendment - Due Process)

63. Paragraph 63 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

64. Paragraph 64 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

65. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 65.

66. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 66.

67. Paragraph 67 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

68. Paragraph 68 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

69. Paragraph 69 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

## COUNT III
### (Fifth Amendment - Equal Protection)
### (Pled as an Alternative to Count I)

70. Paragraph 70 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

71. Paragraph 71 contains conclusions of law and Plaintiff's cause of action to which no response is required, to the extent a response is required, Defendant denies the allegations.

72. Paragraph 72 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

73. Paragraph 73 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

74. Paragraph 74 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

## COUNT IV
### (Library of Congress Act)

75. Paragraph 75 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

76. Deny.

77. Deny.

78. Paragraph 78 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

79. Paragraph 79 contains conclusions of law to which no response is required, to the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint is Plaintiff's prayer for relief to which no response is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a. Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed and that the Court grant such other relief as may be appropriate.

Dated: January 11, 2008.

Respectfully submitted,

/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov


/s/ Julia K. Douds /bmr
_____
JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
Ph:  (202) 514-5134
Fax: (202) 514-8780
E-mail: jdou@loc.gov

OF COUNSEL:
EVELIO RUBIELLA
Assistant General Counsel
Library of Congress

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Answer to Plaintiff's Amended Complaint*** was made by the Court's Electronic Case Filing System this 11th day of January, 2008 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C. 20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org

                                           /s/ Beverly M. Russell
                                           _____
                                           BEVERLY M. RUSSELL
                                           Assistant United States Attorney