# McGowan Declaration – Exhibit J

LCR 2024-6: Security Clearance Eligibility Requirements and Procedures        Page 1 of 7

*LIBRARY OF CONGRESS REGULATIONS*



# LCR 2024-6

**SUBJECT: Security Clearance Eligibility Requirements and Procedures**

| SERIES: 2024<br>Personnel Security | STATUTORY AUTHORITY:<br>2 U.S.C. §136<br><br>*Important Notice:*<br>To ensure that you are viewing the most recent version of a Library regulation or other material on the OGC Web site, Internet Explorer users should click the "Refresh" button. Netscape, Firefox, and Safari users should click the "Reload" button.<br><br>2 U.S.C. §140 | RESPONSIBLE OFFICE:<br>Office of Security and Emergency Preparedness, Office of the Librarian |
|---|---|---|
| ISSUE DATE:<br>May 5, 2004 | REVIEW DATE:<br>May 5, 2009 | SUPERSEDES:<br>August 6, 2002 |

**Contents:**

Section 1. Purpose
Section 2. Policy and Procedures
Section 3. Security Clearance Eligibility Standards
Section 4. Granting of Clearances
Section 5. Termination of Clearances
Section 6. Review Proceedings for Denial or Revocation of Clearances

**Section 1. Purpose**

This Regulation describes policy and procedures regarding security clearance eligibility requirements and procedures for individuals requiring security clearances to be granted by the Library of Congress.

**Section 2. Policy and Procedures**

A.  The Library's policy and procedures regarding security clearance criteria and procedures shall be based on the provisions of Executive Order (E.O.) 12968.

B.  A security clearance for access to classified national security information indicates only that the

000397

person concerned has been determined to be eligible for access to classified information up to and including the level specified on a need-to-know basis in connection with official duty responsibilities. This Regulation does not authorize disclosure of classified information solely because a person has been granted a clearance.

C.  Service Unit Heads and Enabling Infrastructure unit heads shall identify to the Personnel Security Office those positions requiring access to classified information and the level of clearance required. Clearance requests shall be kept at the minimum level necessary for the Service Unit or Enabling Infrastructure unit to perform its mission and shall be based on a demonstrated, foreseeable need for access. Service Unit Heads or Enabling Infrastructure unit heads shall conduct an annual review of security clearances to reaffirm clearance requirements

D.  Only U.S. citizens are eligible for a security clearance. Every effort shall be made to ensure that non-U.S. citizens are not employed in duties that may require access to classified information. Exceptions to the citizenship requirement will be granted only in the most compelling circumstances. Service Unit or Enabling Infrastructure units requesting an exception to the citizenship requirement must submit a detailed justification. The Personnel Security Officer will consider any exception to the citizenship requirement under the limiting provisions of E.O. 12968 and will submit a recommendation to the Director of Security and Emergency Preparedness (OSEP) on whether or not to proceed with clearance processing. The Director, OSEP shall make a determination based on the justification of need, the level and nature of access required, and the feasibility of conducting an adequate background investigation in the given case.

E.  An individual requiring access to classified information shall be subject to investigation prior to being granted access, at periodic intervals, and at any time during the period of access to ascertain continuing clearance eligibility. The level of background investigation to be conducted shall be determined by the Personnel Security Office based on the clearance level requested, past investigative history, and need for specific coverage. The fact that minimum investigative requirements have been prescribed by the Federal government does not preclude the Personnel Security Office from initiating a more expansive investigation when considered necessary to support a clearance determination.

F.  In order to initiate the investigative process and enable a clearance eligibility determination to be made, the individual must complete pertinent personnel security questionnaires and provide information to the Personnel Security Office. Although providing requested information is voluntary, failure to do so may result in termination of clearance processing and other administrative action, to include withdrawal of an employment offer or removal from a position requiring clearance.

G.  All pertinent records, including the Official Personnel Folder and other agency records, shall be checked thoroughly by the Personnel Security Office before the person is authorized access to classified information.

H.  Clearance for any category of classified information shall serve as clearance for any lower category, subject to need-to-know.

I.  Clearance determinations regarding special access programs are the responsibility of cognizant Executive Branch agencies. The Personnel Security Office shall coordinate with the relevant agency when special access is required. Employees whose duties require special access may be subject to additional requirements by those agencies as a condition of access.

000398

J.  Temporary and interim clearances, i.e., clearances granted based on less than the prescribed investigative standard, shall only be granted in exceptional situations, and in accordance with procedures set forth in E.O. 12968, Sections 2.3 and 3.3.

K.  The Personnel Security Officer shall notify the Deputy Librarian and the Chief of Staff of final determinations to deny, suspend, or revoke security clearance eligibility.

## Section 3. Security Clearance Eligibility Standards

A.  Security clearance determinations shall be based on positive indications of loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information. A determination of eligibility for access to classified information is a discretionary security decision and shall be granted only when facts and circumstances indicate that access to classified information is clearly consistent with the national security interests of the United States. Any doubt shall be resolved in favor of the national security and the decision considered final.

B.  Security clearance eligibility determinations are separate from employment suitability determinations (see LCR 2024-4, Employment Suitability Adjudication).

C.  In determining initial and continued security clearance eligibility, the Personnel Security Office shall be guided by uniform Federal adjudicative standards.

D.  The ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security is an overall common-sense determination based upon careful consideration of the following:

   a.  allegiance to the United States;
   b.  foreign influence;
   c.  foreign preference;
   d.  sexual behavior;
   e.  personal conduct;
   f.  financial considerations;
   g.  alcohol consumption;
   h.  drug involvement;
   i.  emotional, mental, and personality disorders;
   j.  criminal conduct;
   k.  security violations;
   l.  outside activities; and
   m.  misuse of information technology systems.

E.  Each of the foregoing shall be evaluated in the context of the whole person. All information of record, both favorable and unfavorable, shall be considered. Adverse information shall be assessed in terms of its materiality, recency, frequency, and seriousness. Mitigating circumstances shall be considered. Adverse information concerning a single criterion or multiple criteria may be sufficient for an unfavorable determination if available information reflects a recent or recurring pattern of questionable judgment, irresponsibility, or emotionally unstable behavior. Notwithstanding the whole person concept, further consideration may be terminated in the face of reliable, significant, disqualifying, adverse information.

000399

## Section 4. Granting of Clearances

A.  In cases involving no unresolved actionable information, the Personnel Security Officer has the authority to make the final determination regarding eligibility for SECRET and TOP SECRET security clearances. In cases involving potentially disqualifying issues, the Personnel Security Officer shall make a recommendation regarding the individual's security clearance eligibility to the Director, OSEP, who shall make the final determination.

B.  The Personnel Security Officer and the Assistant Personnel Security Officer have the authority to issue LW 2-61, Adjudication of Investigation and/or Certificate of Clearance. The original of this adjudication certificate shall be filed by Human Resources Services in the individual's Official Personnel Folder, a copy shall be maintained in the corresponding Personnel Security file, and a copy shall be provided to the Service Unit or Enabling Infrastructure unit security manager.

C.  No person shall be issued a copy of his or her authorization for access to classified information. However, in keeping with good personnel security practice, all persons granted a security clearance shall be advised by memorandum of the highest category of classified information to which they have been authorized access. The memorandum shall also identify the Service Unit or Enabling Infrastructure unit security manager, who will provide the security clearance indoctrination briefing and nondisclosure agreement.

D.  Consistent with E.O. 12968, individuals granted security clearances must execute, a classified information nondisclosure agreement, as a condition of access (see LCR 2024-8, Responsibilities of Employees with Security Clearances).

## Section 5. Termination of Clearances

The Library has three procedures for terminating clearances: administrative deactivation, clearance suspension, or revocation of security clearance.

A.  **Administrative deactivation.** When the Personnel Security Office and/or the Service Unit or Enabling Infrastructure unit determines that an individual no longer requires a clearance because of a change in program requirements or a change in job duties, the clearance shall be administratively deactivated without prejudice to the individual. The determination that an employee no longer has a need for access is discretionary and considered conclusive. A clearance shall also be automatically deactivated when an individual is reassigned, transferred, or promoted to a position not requiring access, or when an individual terminates employment with the Library.

B.  **Clearance suspension**

   1.  Upon receipt of an investigative file or other credible information that indicates that an individual's continued access to classified national security information may not be in the best interests of the national security, the Personnel Security Officer shall forward the information, together with an evaluation and recommendation, to the Director, OSEP.

   2.  Should the Director, OSEP approve the clearance suspension, the clearance shall be suspended and the employee notified, along with the Service or Support Unit Head. If the Director, OSEP does not deem such suspension necessary, a written determination to that effect shall be made a part of the investigative file.

000400

3. The Director, OSEP shall also make a recommendation, in consultation with the Service Unit Head or Enabling Infrastructure unit head, to the Director for Human Resources Services should available information warrant the employee's suspension from employment in the interests of national security. An employee should not be suspended pending further investigation when available information indicates that retention in a duty status during such investigation would not be likely to have a materially adverse effect on the national security. When considered necessary to provide the maximum protection to the national security pending the determination to suspend, interim action other than suspension should be used to the fullest extent practicable.

4. Factors to be taken into consideration in making a clearance suspension determination shall include, but not be limited to: the seriousness of the derogatory information developed; the potential access, authorized or unauthorized, of the employee to classified material or information; and the opportunity by reason of the nature of the position for committing acts adversely affecting the national security.

5. Depending on the direct relationship of the adverse information to the national security, an employee occupying a sensitive position may, with the approval of the Director, OSEP and in consultation with the Service Unit Head or Enabling Infrastructure unit head, be assigned by the Director of Human Resources temporarily to a nonsensitive position.

6. The administrative withholding of classified information may be appropriate when significant clearance eligibility questions arise, pending a determination to suspend a clearance. This is a temporary administrative action while investigative and other pertinent information is being obtained and evaluated. When information is reported to the Personnel Security Officer that warrants this administrative measure, the Service Unit or Enabling Infrastructure unit management of the affected employee shall be notified.

C. **Revocation of security clearance.** Eligibility for access to classified information is predicated upon the individual's meeting standards of conduct that indicate that granting access is clearly consistent with the national security interests of the United States. When available information indicates that an individual no longer meets the standards for access, the security clearance must be revoked. When information of security concern becomes known about an individual, the Personnel Security Officer will evaluate all the information available and determine whether it is serious enough to warrant a recommendation of revocation of the clearance. If the Personnel Security Officer determines, and the Director, OSEP concurs, that access should be terminated, the employee's Service Unit or Enabling Infrastructure unit shall be notified and the employee debriefed from access.

## Section 6. Review Proceedings for Denial or Revocation of Clearances

A. In accordance with Part 5 of E.O. 12968, an individual who is denied a security clearance or whose clearance is revoked may appeal the determination to the Deputy Librarian, on delegated authority from the Librarian. However, individuals who choose not to submit information for consideration when provided an opportunity prior to the final determination shall forfeit their right to appeal. Administrative determinations that an employee does not require a clearance in order to perform assigned duties are considered discretionary and are not subject to appeal under this process. Section 6.B of this Regulation and LCR 2024-7, Security Clearance Appeal Panels and Appeal Procedures, describe the appeal process within the Library for clearances denied or revoked by the Library. Appeals of unfavorable special access clearance decisions made by other agencies must be directed to those agencies.

000401

B.  Individuals who are determined not to meet the standards for access to classified information shall be provided:

1.  a comprehensive and detailed written explanation of the basis for that conclusion, consistent with the national security interests of the United States and other applicable laws;

2.  upon request and if not excluded by law or other governing regulation, any documents, records, and reports of investigation upon which a denial or revocation is based. If such documents, records, and reports are classified and cannot be disclosed, the Library will provide the individual with as comprehensive and detailed a summary of the information as national security considerations permit. The Library will likewise make available, as herein specified, any additional documents, records, and reports that the Library obtains at a later date in connection with the security clearance determination. Documents will be provided within 30 days of the date of the request or within such additional time as may reasonably be necessary to create a summary of such documents.

3.  information concerning the individual's right to be represented by counsel, his or her union, or other representative at the individual's own expense (if any expense is involved), to request the documents described in Section 6.B.(1) and Section 6.B.(2), and to request the entire investigative file, as permitted by the national security and other applicable laws, which if requested shall be promptly provided prior to the time set for a written reply. Investigative reports provided to the Library by investigative agencies, for example, the Office of Personnel Management, may be released by the agency in question. The Personnel Security Office will furnish individuals with the address and other information necessary to request a copy of the investigative file.

4.  a reasonable opportunity, but not less than 20 workdays after being given an opportunity to examine the evidence forming the basis for the determination, to reply in writing to, and to request a review of, the determination by the Director, OSEP;

5.  written notice of and reasons for the results of the review, if one has been requested, and written notice of the right to appeal; except that individuals who have chosen not to submit a response as provided in (4) above, forfeit their right to further appeal set forth below;

6.  an opportunity to appeal in writing and/or in person to a high level panel, and to present relevant documents, materials and information. The panel shall be appointed by the Deputy Librarian, and shall be composed of at least three members, two of whom shall be selected from outside the security field. See LCR 2024-7 for additional information. Decisions of the panel shall be in writing and shall be final except as provided under (7).

7.  The Deputy Librarian may personally exercise the appeal authority under Section 6.B.(6), based upon recommendations from the appeals panel. In such case, the decision of the Deputy Librarian shall be final.

8.  When the Deputy Librarian personally certifies that a procedure set forth under Section 6.B cannot be made available in a particular case without damaging the national security interests of the United States by revealing classified information, the particular procedure shall not be made available. This certification shall be conclusive.

9.  None of the procedures set forth in this Regulation limit or affect the responsibility and

power of the Librarian and Deputy Librarian pursuant to any law or Executive Order other than E.O. 12968 to deny or terminate access to classified information in the interests of national security. However, the Librarian and Deputy Librarian may exercise the power to deny or terminate access to classified information pursuant to any law or Executive Order other than E.O. 12968, without resort to the procedures described in this Regulation, only when it is determined that the procedures described in this Regulation cannot be invoked in a manner that is consistent with the national security. This determination shall be conclusive.