McGowan Declaration – Exhibit M

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANE J. SCHROER,

    Plaintiff

v.

JAMES BILLINGTON,
Librarian of Congress,

    Defendant.

Civil Action No. 05-1090 (JR)

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES PURSUANT TO RULE 33 AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34**

Defendant, James Billington, the Librarian of Congress, in accordance with the Federal Rules of Civil Procedure, hereby responds to Plaintiff's interrogatories and requests for documents as follows:

## GENERAL OBJECTIONS AND QUALIFICATIONS

1. Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents protected by the attorney-client privilege, or any other evidentiary privilege, or is conditionally protected under the work-product doctrine.

2. Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks to have Defendant create documents that do not exist.

4. Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally available to Plaintiff.

5.  Defendant objects to any inquiry or request that seeks information which, if disclosed, would violate a statute or regulation. Defendant objects to any demand by Plaintiff that the documents sought be produced for copying and inspection in a manner other than that which they are kept in the usual course of business.

## RESPONSE TO INTERROGATORIES

**Interrogatory No. 1**: Identify each person who participated in the hiring process for the Specialist in Terrorism and International Crime position, including the person(s) who participated in making the decision to decline employment to Plaintiff, and describe the nature and extent of his or her participation, including any participation in the decision to decline employment to Plaintiff.

**Response to Interrogatory No. 1**: The following Library staff members participated in the hiring process for the Specialist in Terrorism an International Crime position:

1. Charlotte Preece, Assistant Director for Foreign Affairs, Defense, and Trade (FDT), Congressional Research Service (CRS, or the "Service"), was the selecting official for the Specialist in Terrorism and International Crime position and the person who made the decision to decline employment to Plaintiff.

2. Francis Miko, Specialist in International Relations, FDT, CRS, was a member of the interview panel for the Specialist in Terrorism and International Crime position.

3. Steve Bowman, Specialist in National Defense, FDT, CRS, was a member of the interview panel for the Specialist in Terrorism and International Crime position.

4. Edith Friday, Staffing Specialist, Human Resources Services, was the HRS staffing specialist who assisted in the administrative processing of the vacancy announcement for the Specialist in Terrorism and International Crime position.

**Interrogatory No. 2**: Identify each person (whether or not such person is or was employed by the Library of Congress) with whom Charlotte Preece communicated with (whether in person, by telephone, by e-mail, or in any other manner) on December 20 or 21, 2004, concerning the Plaintiff.

**Response to Interrogatory No. 2**: Ms. Preece communicated with the following persons concerning Plaintiff on December 20 and 21, 2004:

1. Daniel P. Mulhollan, Director of the CRS.
2. Cynthia Anne Wilkins, Personnel Security Officer, Office of Security and Emergency Preparedness, Library of Congress.
3. Jessie James, Jr., Associate General Counsel, Office of the General Counsel, Library of Congress.
4. Kathy Deese, Deputy Associate Director for Workforce Development (WRK), CRS.
5. Bessie Alkisswani, Associate Director, Office of Workforce Development, CRS.
6. Diane Duffy, Legal Advisor, Office of Congressional Affairs and Counselor (CAC) to the Director of the CRS.
7. Kent M. Ronhovde, Associate Director, CRS/CAC.
8. Steve Bowman, CRS/FDT, member of the selection panel.
9. Julia Douds, Assistant General Counsel, Office of General Counsel, Library of Congress.

**Interrogatory No. 3**: Please state in detail the qualifications and requirements, including the national security requirements, that an individual must be able to fulfill, and must have been able to fulfill at the time of Plaintiff's application, to be eligible for the Specialist in Terrorism and International Crime position, and include in your answer the means by which each particular qualification or requirement is, or was at the time of Plaintiff's application, evaluated and the individual(s) who were involved in making that evaluation in this case.

-3-

**Response to Interrogatory No. 3:** The knowledge, skills, and abilities (KSAs)--as well as the national security clearance requirement--required to fulfill the duties of the position of Specialist in Terrorism and International Crime are contained in the vacancy announcement for the position. Interviewees were rated on each competency by the three interview panel members based on their performance during the interview. After the interview, the staffing specialist computed a final score for each interviewee and prepared a final referral list of those interviewees whose scores rendered them qualified for selection. The final referral list was forward to Ms. Preece for her decision as to which of the qualified candidates she would choose to select for the position.

**Interrogatory No. 4:** Identify which of these requirements Plaintiff "failed to fulfill," as stated in the Third Defense to Defendant's Answer, the individual(s) who determined that Plaintiff "failed to fulfill" the requirement(s), and all of the bases for that determination.

**Response to Interrogatory No. 4:** At the time of Plaintiff's non-selection, it was Ms. Preece's knowledge and belief, upon consulting with the Library's Personnel Security Specialist, Cynthia Wilkins, that Plaintiff's transsexual status--and issues related to her transition from male to female--meant that the Library could not accept Plaintiff's prior clearance as David Schroer and that Plaintiff Diane Schroer would require a psychiatric fitness-for-duty evaluation before a determination could be made to proceed with a security clearance investigation. Moreover given the revelations made by Plaintiff, it was Ms. Preece's knowledge and belief that the Library's Office of Personnel Security could not grant Plaintiff a waiver to begin employment until a psychiatric fitness-for-duty evaluation was completed and, pending the outcome of the psychiatric fitness-for-duty evaluation, the Library's Office of Personnel Security would then have to determine whether to undertake a new clearance investigation for Plaintiff. It was Ms. Preece's knowledge and belief that the process of Plaintiff undergoing a fitness-for-duty

evaluation and new clearance investigation would be lengthy and therefore, such a delay was incompatible with the needs of the Service at the time.

**Interrogatory No. 5**: Identify each reason why Defendant declined employment to Plaintiff and basis/bases for each reason.

**Response to Interrogatory No. 5:** Ms. Preece declined to hire plaintiff because she believed that Plaintiff, considering her transsexual status and transition from male to female, would be required to undergo a lengthy background investigation process to acquire a security clearance. The amount of time it may have taken to process Plaintiff's security clearance was incompatible with the needs of the Service at the time. Also, Ms. Preece was concerned that because of Plaintiff's transition from male to female, Plaintiff might be unable to maintain the high-level military and government contacts she had developed in the past and which was one of the required KSAs of the position. Furthermore, Ms. Preece was concerned that the transitioning process would divert Plaintiff's attention away from the mission of CRS. Ms. Preece was additionally concerned about Plaintiff's future trustworthiness, since after appearing at the interview--and in all subsequent contacts including their December 20 luncheon meeting--Plaintiff presented herself as a male when Plaintiff had every intention of starting work as a female.

**Interrogatory No. 6**: Identify each person who participated in answering these interrogatories and with respect to each person, provide a complete description of his/her relationship to Plaintiff, his/her role in evaluating Plaintiff as an applicant for employment at the Library of Congress, and his/her job title at the time s/he answered these interrogatories and at the time s/he evaluated Plaintiff as an applicant for employment. (Do not include in your answer any person whose sole function with respect to answering these interrogatories was to type or photocopy them.).

**Response to Interrogatory No. 6:** Charlotte Preece, Assistant Division Director, FDT, CRS, was the selecting official for the position of Specialist in Terrorism and International Crime, served on the interview panel for the position, and was the person who made the decision to decline employment to Plaintiff. Ms. Preece's position has remained the same from the date of her decision to decline employment to Plaintiff to the present.

## RESPONSE TO REQUEST FOR DOCUMENTS

**Request No. 1:** All documents relating to Plaintiff, including, but not limited to all records pertaining to Plaintiff's application for employment with Defendant for the position of Specialist in Terrorism and International Crime; all records pertaining to the evaluation of Plaintiff's application for employment; all documents relating to Defendant's decision to decline employment to Plaintiff; and all records relating to inquiries or investigations conducted as a result of Plaintiff's claims or allegations of discrimination or other abridgment of rights arising from Defendant's decision to decline employment to Plaintiff.

**Response to Request No. 1:** Documents responsive to this request are attached hereto.

**Request No. 2:** All documents relating to the applicant(s) ultimately hired for the position of Specialist in Terrorism and International Crime, including, but not limited to all records pertaining to that applicant's application for employment with Defendant; all records pertaining to the evaluation of his or her application for employment; all documents relating to Defendant's decision to offer the position to that applicant.

**Response to Request No. 2:** These documents will be provided to Plaintiff subject to the Court granting a Motion for a Protective Order.

**Request No. 3:** All documents describing the position of Specialist in Terrorism and International Crime, including documents describing the job qualifications and essential functions of the position, whether disseminated to the public or used internally by Defendant to evaluate applicants for the position.

**Response to Request No. 3:** Documents responsive to this request are attached hereto.

**Request No 4:** All documents describing or referencing any need for a national security clearance for the position of Specialist in Terrorism and International Crime, the specific type of security clearance, if any, required for the position, the requirement(s) that one must satisfy to obtain or maintain this/these type(s) of national security clearance(s), and the process(es) by which one obtains or maintains this clearance.

**Response to Request No. 4:** The Vacancy Announcement for the position of Specialist in Terrorism and International Crime provided for in response to Request No. 3 states the need for a national security clearance; additional documents responsive to this request are attached hereto.

**Request No. 5:** All documents describing the hiring process used by the Congressional Research Service of the Library of Congress, including any documents relating to aspects or stages of the hiring process that are not within the exclusive control of the Congressional Research Service.

**Response to Request No 5:** See documents provided in response to Request No. 3.

**Request No. 6:** All documents relating to employment and personnel management policies, procedures or programs for the Library of Congress that reference sex, gender, gender identity, transgender individuals, transsexual individuals, sex and/or gender stereotypes, or conformity or non-conformity with sex and/or gender stereotypes.

**Response to Request No. 6:** Documents responsive to this request are attached hereto.

**Request No. 7:** All documents relating to employment and personnel management policies, procedures or programs for the Library of Congress that reference disabilities or physical or mental health conditions, or disability or physical or mental health condition-related leave.

**Response to Request No. 7:** Defendant objects to document request No. 7 because the documents sought by Plaintiff are not likely to lead to the discovery of relevant, admissible evidence in as much as Plaintiff has not alleged disability discrimination.

**Request No. 8:** All documents that Defendant contends support the defenses asserted in Defendant's answer.

**Response to Request No. 8:** Responsive documents are attached hereto, in addition, any and all documents provided by Defendant in response to this discovery request may support the defenses asserted in Defendant's answer.

**Request No. 9:** All documents relied upon by Defendant during the preparation of Defendant's responses to Plaintiff's First Set of Interrogatories, identified in or related to those responses.

**Response to Request No. 9:** Besides documents already provided in response to Requests Numbered one through eight, Defendant does not have any additional responsive documents at this time.

**Request No. 10:** All documents relating to Library of Congress EEO Case 05-39.

**Response to Request No. 10:** See documents provided in response to Request No. 1.

**Request No. 11:** All other documents in the possession of Defendant that pertain to this legal action and that are not described above.

**Response to Request No. 11:** Defendant is uncertain what other responsive documents Plaintiff is seeking, however, Defendant has in its possession the entire "Merit Selection File" which contains information related to other candidates for the position of Specialist in Terrorism and International Crime. Defendant will permit Plaintiff to review the entire "Merit Selection File" for the position of Specialist in Terrorism and International Crime subject to the court granting a Motion for a Protective Order.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov

JULIA K. DOULIS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Ph: (202) 514-5134
Fax: (202) 514-8780
E-mail: jdou@loc.gov

OF COUNSEL:
EVELIO RUBIELLA
Assistant General Counsel
Library of Congress

-9-

## Certification

I, **Charlotte Preece**, am the Assistant Director for Foreign Affairs, Defense and Trade, Congressional Research Service, at the Library of Congress. I have reviewed the factual information contained in Defendant's responses to Interrogatories #1-6 of Plaintiff's First Set of Interrogatories Pursuant to Rule 33 to Defendant. I hereby certify, under the laws of the United States, that the responses are true and correct to the best of my knowledge and belief.

Signed: *Charlotte P. Preece*

Dated: 7/19/06

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Response to Plaintiff's First Set of Interrogatories Pursuant to Rule 33 and First Request for Production of Documents Pursuant to Rule 34* was made by overnight mail on the 21st day of July, 2006 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C. 20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org

_____
BEVERLY M. RUSSELL
Assistant United States Attorney