McGowan Declaration – Exhibit O

Conference              Washington, DC              March 14, 2008

```
                                                              Page 1
               UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF COLUMBIA

  -----------------------------------X

  DIANE J. SCHROER,                  :

           Plaintiff,                :

       v.                            : No. 05-CV-01090 (JR)

  JAMES H. BILLINGTON,               :

           Defendant.                :

  -----------------------------------X
```

Washington, D.C.

Friday, March 14, 2008

BEFORE

HONORABLE JAMES ROBERTSON

U.S. DISTRICT JUDGE

Telephonic status conference in the above-entitled matter, pursuant to notice, taken at the offices of WilmerHale, LLP, 1825 Pennsylvania Avenue, N.W., Washington, D.C. at 10:01 a.m., Friday, March 14, 2008, and the proceedings being taken down by Stenotype by DENNIS A. DINKEL, FAPR, CRR, and transcribed under his direction.

Conference                                                  March 14, 2008

Washington, DC

Page 2

1  APPEARANCES:
2
3      On behalf of the Plaintiff:
4          SHARON M. McGOWAN, ESQ.
5          KEN CHOE, ESQ.
6          American Civil Liberties Union
7          125 Broad Street
8          New York, NY 10004
9          Phone: 212-549-2593
10
11     On behalf of the Defendant:
12         BEVERLY M. RUSSELL, ESQ.
13         United States Attorney's Office for the
14           District of Columbia
15         555 4th Street, N.W.
16         Washington, DC 20530
17         Phone: 202-307-0492
18
19
20
21
22

Page 3

1  APPEARANCES:
2
3      On behalf of the Defendant (cont.):
4          JULIA K. DOUDS, ESQ.
5          EVELIO RUBIELLA, ESQ.
6          Assistant General Counsel
7          Library of Congress
8          101 Independence Avenue, S.E.
9          Washington, DC 20540-1050
10         Phone: 202-707-7198
11
12
13
14
15
16
17
18
19
20
21
22

Page 4

1                PROCEEDINGS
2          MS. McGOWAN: Your Honor, this is
3  Ms. McGowan for the plaintiffs.
4          Before we begin, I mentioned to your clerk
5  and your secretary that we are taking a break from a
6  deposition and have a court reporter who is here with
7  us. So if the Court did not object, we were going to
8  ask the court reporter to transcribe the conference.
9          THE COURT: Is it a trusted court
10 reporter?
11         MS. McGOWAN: We have Mr. Dinkel here with
12 us, whom we think you would recognize. He is a
13 trusted court reporter, indeed.
14         THE COURT: He is indeed. Fine. Go
15 ahead.
16         Hi, Dennis.
17         MS. McGOWAN: So, Your Honor, thank you
18 for taking time to talk with us. We have, as you
19 know, from our e-mail, two issues that we have been
20 trying to explore in discovery with defendant related
21 to justifications that defendant has put forward with
22 respect to the hiring decision in this case.

Page 5

1          One relating to concerns about plaintiff's
2  ability to satisfy the security clearance process in
3  a timely manner, and the other regarding issues about
4  plaintiff's need to take leave to deal with issues
5  relating to her gender transition.
6          So we have sought discovery in this case
7  about how these issues have arisen with respect to
8  other applicants, and how they've been addressed.
9  And those requests thus far have been the source of
10 disputes between the parties.
11         THE COURT: Okay. I got it.
12         MS. RUSSELL: Your Honor, this is Beverly
13 Russell, attorney for the library; Julia Douds and
14 Evelio Rubiella are also here from the library.
15         With regard to the leave issue, there has
16 been no testimonial evidence presented that
17 Ms. Schroer, if hired, could not have taken advantage
18 of the leave -- the leave benefits provided to all
19 employees at the library.
20         What essentially the plaintiff is asking
21 is to take a 30(b)(6) deposition that would be the
22 tenth deposition in this case.

Conference                                                                    March 14, 2008
                              Washington, DC

Page 6

1    It would require the library -- given the
2    notice -- to produce three deponents to respond to
3    the issues raised in the deposition notice.
4          However, just to reiterate, there has been
5    no issue as to whether or not Ms. Schroer could take
6    leave if hired to -- with medical or other type
7    issues. And just to reiterate, there is no claim
8    under the Family and Medical Leave Act, there is no
9    ADA claim. And indeed the library doesn't think that
10   it's relevant, or more specifically, likely to lead
11   to the discovery of admissible evidence. The library
12   has agreed to produce its leave policy, both its sick
13   leave policy and its annual leave policy.
14         THE COURT: Well, as I understand where
15   the plaintiffs are coming from, they have some
16   suspicion --
17         MS. McGOWAN: Your Honor, are you there?
18   I think we lost you.
19         THE LAW CLERK: We may have lost him. Let
20   me see if I can get him back.
21         (Pause.)
22         THE COURT: I'm here. You have me on a

Page 7

1    cell phone, but it should be -- the reception ought
2    to be perfect here. I don't understand why it
3    dropped the call. I was in the middle of asking a
4    question. The question I was trying to put to the
5    plaintiff is, where does this idea come from?
6          You, the plaintiffs, suspect somehow there
7    is a sub rosa reason behind the denial of employment
8    to Ms. Schroer that has something to do with concern
9    about leave, about medical leave. Where does it come
10   from?
11         MS. McGOWAN: Your Honor, in both the
12   response to an interrogatory that we received from
13   defendant back in February, as well as from our
14   deposition with the selection official back in
15   January of 2007, there were indications made that
16   there was a concern about distraction on the part of
17   the plaintiff, including a concern that she would
18   need to take leave to address issues related to her
19   gender identity issues.
20         So to the extent that this issue has been
21   specifically put on the table by defendant, we have
22   attempted to explore it, and explore how similar

Page 8

1    concerns relating to other applicants and employees
2    have been addressed.
3          Because in this case, the concern, among
4    other concerns, manifested in the plaintiff no longer
5    being recommended for the position.
6          MS. RUSSELL: Your Honor, again, this is
7    Beverly Russell.
8          Even though there was testimony that
9    Ms. Schroer might have been distracted from the
10   position, there was certainly no testimony that she
11   could not have taken advantage of the leave benefits
12   provided by the library. And as I mentioned before,
13   the library has certainly agreed to produce the leave
14   policy.
15         But given that we do not believe it is
16   likely to lead to the discovery of admissible
17   evidence, particularly given that we are at the tenth
18   deposition, we would object to the 30(b)(6)
19   deposition.
20         Now, what the library is amenable to doing
21   is stipulating that the plaintiff could indeed have
22   taken advantage --

Page 9

1          THE COURT: Yes. But that's not the
2    point.
3          I think the plaintiff's point is that,
4    yes, she could take medical leave, but we would not
5    like it, and she would be distracted and that's one
6    of the reasons we didn't give her the job.
7          I gather the plaintiffs are trying to
8    figure out whether that was ever -- frankly, I think
9    that would be, all by itself, an improper reason.
10   But if -- I think plaintiffs are trying to figure out
11   whether that reason was ever applied to anybody else.
12         Do I have that right?
13         MS. McGOWAN: You are right, Your Honor.
14   Actually, during a prior discovery conference with
15   the Court, we actually posed an interrogatory in a
16   discovery request related specifically to questions
17   about whether or not this concern had ever occurred
18   with respect to another applicant for employment.
19         And based on a representation at that time
20   that that was not, in fact, a justification being
21   relied on by defendant, the objection was sustained,
22   and that matter was not pursued.

3 (Pages 6 to 9)