UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1090 (JR) |
| | ) |
| JAMES BILLINGTON, | ) |
| In his official capacity | ) |
| as Librarian of Congress, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE ISSUES
AND MATERIAL FACTS**

Defendant, James H. Billington, Librarian of Congress, by and through his undersigned counsel, hereby submits this response to Plaintiff's Statement of Genuine Issues and Material Facts. As explained below, Plaintiff's filing of 33 paragraphs (and more than 80 sub-paragraphs) of alleged disputed facts is nothing more than an attempt to create the appearance of material facts in dispute when in fact there are none. In fact, as explained below, the majority of Plaintiff's paragraphs with allegedly disputed facts are legal conclusions - not issues of fact.

Indeed, at present there is no ambiguity in the evidence on which the Court will resolve this case. Accordingly, and for the reasons set-forth in Defendant's motion for summary judgment and Defendant's reply in support of its motion, Defendant is entitled to judgment as a matter of law.

1

1. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that the Congressional Research Service ("CRS") is a Service Unit within the Library of Congress.

2. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that the current Director of the CRS is Daniel Mulhollan.

3. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that there are six divisions in the CRS including the Foreign Affairs, Defense and Trade division.

4. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that Charlotte Preece has worked at the Library since 1976 and in 1994 was selected, by Mr. Mulhollan, to be the Assistant Director of the Foreign, Affairs, Defense and Trade Division.

5. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that in 2002, Congress gave CRS additional money to create ten (10) new positions - including a GS-15 Specialist in Terrorism and International Crime position ("Specialist in Terrorism position"). Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

6. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that in 2003, Ms. Preece selected a female, Audrey Cronin, for the newly

2

created Specialist in Terrorism position. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

7. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that in July 2004, Ms. Cronin announced that she had accepted another position outside the Library and that she would be resigning from the Library that same month. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

8. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that particularly in the aftermath of the September 11th terrorist attacks, the CRS' client - the United States Congress ("Congress") - relied upon the expertise of the Specialist in Terrorism in the CRS. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

9. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that Ms. Preece appealed to the CRS Director, Mr. Mulhollan, to allow her to fill the position out of CRS' normal hiring cycle. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was

because of her sex" are legal conclusions - not issues of fact.   Therefore, there are no material facts in dispute.

10. This paragraph does not contain a genuine issue in dispute.  Specifically, Plaintiff does not dispute that Mr. Mulhollan viewed terrorism as a high-profile and important issue and he was concerned that the CRS have the capacity to provide Congress any assistance it needed on this subject matter.  Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact.   Therefore, there are no material facts in dispute.

11. This paragraph does not contain a genuine issue in dispute.  Mr. Mulhollan granted Ms. Preece's request to announce the position outside of CRS' normal hiring cycle and on August 12, 2004, the Library advertised the Specialist in Terrorism position which, as previously noted, had recently been vacated by Ms. Cronin.  Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact.   Therefore, there are no material facts in dispute.

12. This paragraph does not contain a genuine issue in dispute.  Specifically, Plaintiff does not dispute that eighteen (18) applicants, including Plaintiff, were granted interviews for the Specialist in Terrorism position.

13. This paragraph does not contain a genuine issue in dispute.  Specifically, Plaintiff does not dispute that the interview panel was comprised of three CRS managers - Ms. Preece

(the selecting official), Francis Miko and Steve Bowman. Plaintiff also does not dispute that after the interviews, three applicants emerged as the leading candidates for the position: Kel Britvec, John Rollins and Plaintiff. With respect to Plaintiff's additional commentary: Defendant does not dispute that Plaintiff was the top choice of two of the three individuals on the selection panel, Charlotte Preece and Francis Miko, and that Plaintiff's score of 4.0 was higher than the selectee's score of 3.9. Therefore, there are no material facts in dispute.

14. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that after conducting reference checks on Mr. Britvec, Mr. Rollins and Plaintiff, Ms. Preece decided that she would recommend Plaintiff for the position because he "had the best interview." With respect to Plaintiff's additional commentary: Defendant does not dispute that Ms. Preece selected Plaintiff for additional reasons, including her imagination, creativity, policy analysis and professional contacts; Defendant also does not dispute that Plaintiff perceives her gender identity to be female. Therefore, there are no material facts in dispute.

15. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that before Ms. Preece could recommend Plaintiff for the Specialist in Terrorism position, Plaintiff requested a meeting with her (Ms. Preece). With respect to Plaintiff's additional commentary: Defendant does not dispute that Preece had every intention of recommending Plaintiff for the position before their meeting on December 20, 2004. Therefore, there are no material facts in dispute.

16. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that on December 20, 2004, during the meeting that Plaintiff had requested with Ms. Preece, Plaintiff informed Ms. Preece that she (Plaintiff) was under a doctor's care for gender dysphoria and that she was in the process of transitioning from male to female and that she intended to start her employment at the CRS as a woman. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

17. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that based on Plaintiff's revelation, Ms. Preece was concerned about whether Plaintiff's transition from male to female might affect her ability to obtain the security clearance that was required for the position. With respect to Plaintiff's additional commentary: Defendant does not dispute that Ms. Preece asked Plaintiff what name she (Preece) should use on the hiring paperwork; Defendant does not dispute that Plaintiff volunteered some information about her experience/knowledge of other transsexual individuals and that she would be willing to speak to the Library Management about any concerns it had regarding the clearance. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

18. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that when Ms. Preece returned to the Library from her meeting with Plaintiff, Ms. Preece decided that she needed to speak to the Library's Personnel Security Officer, Cynthia Wilkins, regarding questions she (Ms. Preece) had related to the impact Plaintiff's revelation might have on her ability to obtain a security clearance. Plaintiff's additional commentary regarding the other people Ms. Preece spoke to, and their interpretations of what Ms. Preece said and how Ms. Preece was feeling is not disputed by Defendant. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

19. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute Ms. Wilkins was contacted by the CRS and it was explained to Ms. Wilkins that there was an applicant for a position who was undergoing a gender transition and that the position required a security clearance. With respect to Plaintiff's additional commentary: Defendant does not dispute that Ms. Wilkins was provided with little other information about the applicant's background. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

20. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that Ms. Wilkins was asked by the CRS whether, if at all, the applicant's

7

revelation would have any impact on the security clearance process. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

21. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that on December 21, 2004, Ms. Preece met with Ms. Wilkins. With respect to Plaintiff's additional commentary: Defendant does not dispute that the meeting was also attended by Kent Ronhovde, Bessie Alkisswani and Kathryn Deese. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

22. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that during the meeting, based on her understanding of the "Adjudicative Guidelines," Ms. Wilkins explained to those present at the meeting that the applicant's transsexuality was not *per se* disqualifying for obtaining a security clearance. Plaintiff does not dispute that Ms. Wilkins also explained that because the applicant voluntarily disclosed her transsexuality to Ms. Preece, Ms. Wilkins did not think that the threat of blackmail or coercion was an issue. Plaintiff does not dispute that Ms. Wilkins further explained, however, that because of the applicant's disclosure of GID, as part of the security clearance process, the applicant would need to be referred to the Library's Health Services Office ("HSO") and that the HSO's evaluation could take some time.

      Plaintiff does not dispute that Ms. Wilkins informed the CRS that she would probably not grant a "waiver" for the applicant to begin employment until (1) HSO completed its evaluation, (2) HSO's issued a favorable evaluation, and (3) Ms. Wilkins completed any additional checks she deemed necessary. With respect that Plaintiff's additional commentary: Defendant does not dispute Plaintiff's subjective belief that she could fulfill the security clearance requirements of the position in a timely manner. Therefore, there are no material facts in dispute.

23. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that based on her discussion with Ms. Wilkins, and upon further reflection on Plaintiff's revelation, Ms. Preece decided that she would not recommend Plaintiff for the Specialist in Terrorism position. Plaintiff's additional commentary that Ms. Preece's reasons are "pre-textual" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

24. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that on December 21, 2004, Ms. Preece telephoned Plaintiff and informed her that she (Ms. Preece) had decided to recommend another candidate for the position. With respect to Plaintiff's additional commentary about the December 21, 2004, telephone conversation, Defendant does not dispute that Ms. Preece informed Plaintiff that she (Ms. Preece) had a long and restless night making the decision and that Plaintiff was "not a good fit" for the position. Plaintiff's remaining commentary regarding

9

"inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

25. This paragraph does not contain a genuine issue in dispute. Specifically, Plaintiff does not dispute that on December 29, 2004, Ms. Preece recommended John Rollins for the Specialist in Terrorism position. Plaintiff also does not dispute that on February 6, 2005, Mr. Rollins was officially appointed to the Specialist in Terrorism position. Plaintiff's additional commentary regarding "inferences" and that the "reason Defendant refused to hire [Schroer] was because of her sex" are legal conclusions - not issues of fact. Therefore, there are no material facts in dispute.

26. This paragraph does not contain a genuine issue in dispute. Plaintiff's musings in Paragraph 26 (and subparagraphs a-d) regarding whether "gender identity is part of sex" are legal conclusions - not an issue of fact. Defendant notes that subparagraphs a-d contain absolutely no factual evidence establishing that the medical community has accepted a verifiable biological determinant for Gender Identity Disorder. Therefore, there are no material facts in dispute.

27. This paragraph does not contain a genuine issue in dispute. Defendant agrees with Plaintiff that Plaintiff's sex is not a material fact. Therefore, there are no material facts in dispute.

28. This paragraph does not contain a genuine issue in dispute. Plaintiff's musings about whether Ms. Preece's reasons are "legitimate" are legal conclusions - not issues of fact.

10

        Plaintiff's additional commentary (sub-paragraphs a-d) in no way changes the fact that Ms. Preece testified that she was concerned about Plaintiff's future trustworthiness, since after appearing at the interview--and in all subsequent contacts including their December 20, 2004, meeting–Plaintiff presented herself as a male when Plaintiff had every intention of starting work as a female. Ms. Preece's testimony is undisputed. Therefore, there are no material facts in dispute.

29. This paragraph does not contain a genuine issue in dispute. Plaintiff's musings about whether Ms. Preece's reasons are "legitimate" are legal conclusions - not issues of fact. Plaintiff's additional commentary (sub-paragraphs a-c) in no way changes the fact that Ms. Preece testified that she was concerned that Plaintiff's transitioning process would divert Plaintiff's attention away from the mission of the CRS. Ms. Preece's testimony is undisputed. Therefore, there are no material facts in dispute.

30. This paragraph does not contain a genuine issue in dispute. Plaintiff's musings about whether Ms. Preece's reasons are "legitimate" are legal conclusions - not issues of fact. Plaintiff's additional commentary (sub-paragraphs a-c) in no way changes the fact that Ms. Preece testified that she was concerned that because of Plaintiff's transition from male to female, Plaintiff might be unable to maintain the high-level contacts in the military intelligence community she had developed in the past and such contacts being one of the required Knowledge, Skills and Abilities of the position. Ms. Preece's testimony is undisputed. Therefore, there are no material facts in dispute.

31. This paragraph does not contain a genuine issue in dispute. Plaintiff's musings about whether Ms. Preece's reasons are "legitimate" are legal conclusions - not issues of fact. Plaintiff's additional commentary (sub-paragraphs a-y) in no way changes the fact that Ms. Preece testified that she declined to recommend Plaintiff because she (Ms. Preece) believed that Plaintiff, considering her transsexual status and transition from male to female, would be required to undergo a lengthy background investigation process to acquire a security clearance. There is no dispute that Ms. Preece was eager for the selectee to start at the beginning of the new Congress (i.e., the end of January 2005) because, as discussed above, the sudden departure of Ms. Cronin left a void in the CRS' ability to assist Congress in the area of terrorism. Likewise, there is no dispute that Ms. Preece believed that the amount of time it may have taken to process Plaintiff's security clearance was incompatible with the needs of the CRS at the time. Ms. Preece's testimony is undisputed. Therefore, there are no material facts in dispute.

32. This paragraph does not contain a genuine issue in dispute. Plaintiff's commentary (sub-paragraphs a-ll) in no way contradicts anything Ms. Preece has testified about regarding the reaction she had to the way Plaintiff looked when she (Plaintiff) showed pictures of herself (a biological male who had not yet completed the transition to an anatomical female) in women's attire. Ms. Preece's comments are undisputed and whether or not these comments amount to sex stereotyping that results in disparate treatment of women are legal conclusions, not material facts that are in dispute. Therefore, there are no material facts in dispute.

July 2, 2008                                    Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov


/s/_____
JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
Ph:  (202) 514-5134
Fax: (202) 514-8780
E-mail: jdou@loc.gov


Of Counsel:

Evelio Rubiella,
Associate General Counsel


13