IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, <br><br> Plaintiff, <br><br> v. <br><br> JAMES H. BILLINGTON, <br> Librarian of Congress, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 05-cv-1090 (JR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF SHARON M. McGOWAN**

Pursuant to 28 U.S.C. § 1746, I, Sharon M. McGowan, declare as follows:

1.      I am a Staff Attorney at the ACLU's Lesbian Gay Bisexual Transgender

Rights Project, and I am counsel for Plaintiff in this case.

2.      Affixed as Exhibit A to this declaration is a true and correct copy of

Plaintiff's Third Set of Interrogatories, dated October 12, 2006.

3.      Affixed as Exhibit B to this declaration is a true and correct copy of

Defendant's Response to Plaintiff's Third Set of Interrogatories, dated November 22,

2006.

4.      Affixed as Exhibit C to this declaration is a true and correct copy of an e-

mail from Beverly Russell to Sharon McGowan, dated August 5, 2008.

5.      Affixed as Exhibit D to this declaration is a true and correct copy of

Plaintiff's Sixth Set of Interrogatories, dated March 12, 2007.

6.     Affixed as Exhibit E to this declaration is a true and correct copy of Defendant's letter in response to Plaintiff's Sixth Set of Interrogatories, dated February 8, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 5, 2008

Sharon M. McGowan

# McGowan Declaration

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANE J. SCHROER, )
)
        Plaintiff, )
)
        v. )
)
JAMES H. BILLINGTON, )
    Librarian of Congress, )
)
        Defendant. )
)

Civil Action No. 05-1090 (JR)

PLAINTIFF'S THIRD SET
OF INTERROGATORIES
PURSUANT TO RULE 33

## PLAINTIFF'S THIRD SET OF INTERROGATORIES
## PURSUANT TO RULE 33

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of

Civil Procedure 33, serves the following interrogatory upon Defendant, James H. Billington, in

his official capacity as the Librarian of Congress, to be responded to within 30 days after the date

of service.

### DEFINITIONS

1.    "Defendant" shall mean the Library of Congress, its officers, employees, agents,

       representatives, and others known to have acted on their respective behalves.

2.    "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.    "You," "your" and "yourself" refer to the party to whom the following requests are

       addressed, and its agents, representatives, officers, directors, affiliates, predecessors and

       successors in interest, parents, divisions, subsidiaries, and employees.

4.    "Person" shall mean natural persons, firms, proprietorships, associations, partnerships,

       corporations and every other type of organization or entity.

5. "Applicant" shall mean an individual who applies for employment with the Library of Congress.

6. "Position of Specialist in Terrorism and International Crime" shall mean the position for which Plaintiff applied in 2004 and which was identified in the Third Defense of Defendant's Answer.

7. "Hiring process" shall mean the entire process by which the Library of Congress hires a new employee, including the determination of the qualifications and requirements for a particular position, the publication of the position vacancy and the position's requirements including the drafting and posting of any notice, the recruitment of candidates for the position, the evaluation of applicants for the position, whether on paper or in person, whether formally or informally, the ranking of applicants for the position, the decision whether or not to hire an applicant, the making and processing of an offer of employment, and the receiving and processing of an acceptance or rejection of an offer of employment.

8. "Relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

9. The term "identify," when referring to a person, means the response must state, to the extent known, the person's full name, present or last known address and telephone number, and, in addition, when referring to a natural person, the person's present or last known place of employment.

10. The term "identify," when referring to a document, means the response must state, to the extent known, (i) the type of document; (ii) the date of the document; (iii) the author(s),

addressee(s) and recipient(s) of the document, and, where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to one another; and (iv) the subject matter of the document.

11.     The term "describe in detail" means providing with respect to any act, occurrence, transaction, event, statement, communication or conduct (hereinafter collectively "act") all facts concerning any such act, including but not limited to, a description of each act, the date and time of the act, the location, and the names and addresses of all persons involved.

12.     "Any" shall also mean "all" and vice versa.

13.     "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

14.     The use of the singular form of any word includes the plural or vice versa, as necessary to make the requests inclusive rather than exclusive.

15.     Unless expressly indicated otherwise, these interrogatories seek information concerning the period beginning on or after June 1, 2004, and continuing to the present.

## INSTRUCTIONS

1.     In answering these interrogatories, you are required to furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys as will enable you to ascertain all of the facts necessary to fully answer each request for information.

2.     Each request that seeks information relating in any way to communications to, from, or within the government and/or government entity, is hereby designated to demand, and

should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the government and/or government entity.

3.    If you object to portion of an interrogatory, please furnish information responsive to the remainder of the request.

4.    Each interrogatory refers to information that is either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

5.    Please be advised that Defendant, pursuant to Fed. R. Civ. P. 26(e), has a continuing duty to reasonably amend or supplement any prior response if information is obtained which makes Defendant aware that a prior response was incorrect (when made), or that the response when made was correct but is no longer correct.

6.    All information requested by these interrogatories for which Defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

    a)    Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

    b)    Factual and legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

7.    Responses shall be mailed within the rule time to Sharon M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New York, NY 10004.

**INTERROGATORY**

8.    Identify any person(s) (not identified in a previous response to an interrogatory) known

or believed by Defendant to have discoverable information that Defendant may use to support its

claims or defenses, and the subjects of that information.


Date:  October 12, 2006                    By:

                                           Sharon M. McGowan    (D.C. Bar No. 476417)
                                           Kenneth Y. Choe
                                           American Civil Liberties Union Foundation
                                           125 Broad Street
                                           New York, NY 10004
                                           (212) 549-2627

                                           Arthur B. Spitzer  (D.C. Bar No. 235960)
                                           American Civil Liberties Union
                                             of the National Capital Area
                                           1400 20th Street, N.W. #119
                                           Washington, D.C. 20036
                                           (202) 457-0800

                                           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of October 2006, caused the foregoing Plaintiff's

Third Set of Interrogatories Pursuant to Rule 33 to be served upon the following persons by

electronic mail and by United States Mail, First Class postage prepaid:


<u>Attorney for Defendant</u>

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530



Sharon M. McGowan

# McGowan Declaration

# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIANE J. SCHROER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1090 (JR) |
| | ) | |
| JAMES BILLINGTON, | ) | |
| In his official capacity | ) | |
| as Librarian of Congress, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES
### PURSUANT TO RULE 33

Defendant, James Billington, the Librarian of Congress, in accordance with the Federal Rules of Civil Procedure, hereby responds to Plaintiff's third set of interrogatories as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

1.      Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents protected by the attorney-client privilege, or any other evidentiary privilege, or is conditionally protected under the work-product doctrine.

2.      Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks to have Defendant create documents that do not exist.

4.    Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally available to Plaintiff.

5.    Defendant objects to any inquiry or request that seeks information which, if disclosed, would violate a statute or regulation.  Defendant objects to any demand by Plaintiff that the documents sought be produced for copying and inspection in a manner other than that which they are kept in the usual course of business.

## **INTERROGATORIES**

8.    Identify any person(s) (not identified in a previous response to an interrogatory) known or believed by Defendant to have discoverable information that Defendant may use to support its claims or defenses, and the subjects of that information.

**Response:** There are no additional persons to identify outside of those named in Defendant's responses to Plaintiff's previous interrogatories.

Respectfully submitted,


JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

-2-

BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov


JULIA K. DOUDS,
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Ph: (202) 514-5134
Fax: (202) 514-8780
E-mail: jdou@loc.gov

OF COUNSEL:
EVELIO RUBIELLA
Assistant General Counsel
Library of Congress

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Response to Plaintiff's Third Set of*

*Interrogatories Pursuant to Rule 33 and First Request for Production of Documents Pursuant*

*to Rule 34* was made by overnight mail on the 22nd day of November, 2006 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C. 20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org


BEVERLY M. RUSSELL
Assistant United States Attorney

# McGowan Declaration

# Exhibit C

## Sharon McGowan

| | |
|---|---|
| **From:** | Russell, Beverly (USADC) [Beverly.Russell@usdoj.gov] |
| **Sent:** | Tuesday, August 05, 2008 6:05 PM |
| **To:** | Sharon McGowan |
| **Cc:** | Julia Douds; Evelio Rubiella; Ken Choe; James Esseks; ArtSpitzer@aol.com |
| **Subject:** | RE: confirmation re: def's proposed exhibits |

Sharon,

1.      I suggest that we exchange exhibits in pdf format by next Thursday, August 14 via e-mail. Let me know if that works for you.

2.      Ms. Braxton will provide testimony on her actions – as Benchmark's security officer - once she learned that Schroer was transgendered, and also has knowledge of how Schroer's recent security clearance was adjudicated.  She will also provide testimony that she had no knowledge of Schroer's transsexuality until after Schroer left Benchmark.  As for Dr. Cronin, she was the first person selected for the terrorism specialist position and worked for Ms. Preece.  She will provide testimony on her interactions with Ms. Preece, as well as her duties and functions in the position. Both witnesses' testimony is probative as it relates to the Library's reasons for the decision not to select Schroer for the position.

3.      Defendant continues to object to the introduction of the deposition transcripts.  Neither the definition of hearsay (Fed. R. Evid. 801) nor the Federal civil rule governing admissibility of 30(b)(6) depositions obviates a party's obligation pursuant to Fed.R. Evid. 804 (declarant unavailable).

4.      The Library will make current employees available, and will follow-up with Messrs. Miko and Bowman on whether they are willing to provide testimony absent issuance of a subpoena.

5.      Finally, at the pretrial conference, we are considering raising the issue of whether Judge Robertson wants to hear expert testimony particularly in light of the discussion in his second memorandum opinion.  We are amenable to discussing this issue in advance of the pretrial conference.

Regards,

Beverly M. Russell
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 Fourth Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph: 202-307-0492
Fax: 202-514-8780
E-Mail: beverly.russell@usdoj.gov

# McGowan Declaration

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DIANE J. SCHROER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-1090 (JR) |
| v. | ) | |
| | ) | PLAINTIFF'S SIXTH SET |
| JAMES H. BILLINGTON, | ) | OF INTERROGATORIES |
| Librarian of Congress, | ) | PURSUANT TO RULE 33 |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S SIXTH SET OF INTERROGATORIES PURSUANT TO RULE 33

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of

Civil Procedure 33, serves the following interrogatories upon Defendant, James H. Billington, in

his official capacity as the Librarian of Congress, to be responded to within 30 days after the date

of service.

## DEFINITIONS

1.    "Defendant" shall mean the Library of Congress, its officers, employees, agents,

representatives, and others known to have acted on their respective behalves.

2.    "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.    "You," "your" and "yourself" refer to the party to whom the following requests are

addressed, and its agents, representatives, officers, directors, affiliates, predecessors and

successors in interest, parents, divisions, subsidiaries, and employees.

4.    "Person" shall mean natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

5.    "Openly transgender" means someone who self-identifies as transgender and/or transsexual, and who has either made that fact known or confirmed their transgender and/or transsexual self-identification to at least one other person at a manager level at the Library of Congress.

6.    "Applicant" shall mean an individual who applies for employment with the Library of Congress.

7.    "Position of Specialist in Terrorism and International Crime" shall mean the position for which Plaintiff applied in 2004 and which was identified in the Third Defense of Defendant's Answer.

8.    "Security clearance investigation process" shall mean all stages of the process by which an individual is cleared or otherwise authorized by the Library of Congress, including but not necessarily limited to the Library of Congress's Personnel Security Office, to access classified information or otherwise obtain or maintain a security clearance.

9.    "Waiver of the pre-appointment security clearance investigation requirement" shall mean all stages of the process by which an individual is cleared or otherwise authorized by the Library of Congress, including but not necessarily limited to the Library of Congress's Personnel Security Office, to begin working in a position at the Library of Congress requiring a security clearance prior to having completed the "security clearance investigation process" defined in the previous paragraph.

10.   "Hiring process" shall mean the entire process by which the Library of Congress hires a new employee, including the determination of the qualifications and requirements for a

2

particular position, the publication of the position vacancy and the position's
requirements including the drafting and posting of any notice, the recruitment of
candidates for the position, the evaluation of applicants for the position, whether on paper
or in person, whether formally or informally, the ranking of applicants for the position,
the decision whether or not to hire an applicant, the making and processing of an offer of
employment, the receiving and processing of an acceptance or rejection of an offer of
employment, the process of obtaining a waiver of the pre-appointment security clearance
investigation requirement, as defined in Paragraph 9, and the completion of the security
clearance investigation process, as defined in Paragraph 8.

11.    "Relating to" shall mean consisting of, referring to, describing, discussing, constituting,
evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing,
summarizing, analyzing, or bearing any logical or factual connection with the matter
discussed.

12.    The term "identify," when referring to a person, means the response must state, to the
extent known, the person's full name, present or last known address and telephone
number, and, in addition, when referring to a natural person, the person's present or last
known place of employment.

13.    The term "identify," when referring to a document, means the response must state, to the
extent known, (i) the type of document; (ii) the date of the document; (iii) the author(s),
addressee(s) and recipient(s) of the document, and, where not apparent, the relationship
of the author(s), addressee(s) and recipient(s) to one another; and (iv) the subject matter
of the document.

14.  The term "describe in detail" means providing with respect to any act, occurrence, transaction, event, statement, communication or conduct (hereinafter collectively "act") all facts concerning any such act, including but not limited to, a description of each act, the date and time of the act, the location, and the names and addresses of all persons involved.

15.  "Any" shall also mean "all" and vice versa.

16.  "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

17.  The use of the singular form of any word includes the plural or vice versa, as necessary to make the requests inclusive rather than exclusive.

18.  Unless expressly indicated otherwise, these interrogatories seek information concerning the period beginning on or after June 1, 2004, and continuing to the present.

## INSTRUCTIONS

1.  In answering these interrogatories, you are required to furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys as will enable you to ascertain all of the facts necessary to fully answer each request for information.

2.  Each request that seeks information relating in any way to communications to, from, or within the government and/or government entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the government and/or government entity.

3.    If you object to a portion of an interrogatory, please furnish information responsive to the remainder of the request.

4.    Each interrogatory refers to information that is either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

5.    Please be advised that Defendant, pursuant to Fed. R. Civ. P. 26(e), has a continuing duty to reasonably amend or supplement any prior response if information is obtained which makes Defendant aware that a prior response was incorrect (when made), or that the response when made was correct but is no longer correct.

6.    All information requested by these interrogatories for which Defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

    a)    Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

    b)    Factual and legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

7.    Responses shall be mailed within the rule time to Sharon M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New York, NY 10004.

## INTERROGATORIES

18.    Since March 1, 1997, has the Library of Congress employed any openly transgender people?

19.    If the answer to Interrogatory Number 18 is yes, has the Library of Congress ever employed an openly transgender person in a position requiring a security clearance?

20.    If the answer to Interrogatory Number 19 is yes, with respect to any openly transgender person who has been employed by the Library of Congress in a position requiring a security clearance, describe in detail any security clearance concerns that emerged in connection with the employee's gender transition and/or transgender status and how those concerns were handled.

21.    If the answer to Interrogatory Number 18 is yes, with respect to any openly transgender person who has been employed by the Library of Congress, describe in detail any employment concerns, other than security clearance concerns, that emerged in connection with the employee's gender transition and/or transgender status and how those concerns were handed.

22.    Identify all government interests that were furthered by recommending a non-transgender applicant over a transgender applicant for the Position of Specialist in Terrorism and International Crime.

23.    Have there been any applicants for employment, where Charlotte Preece was the selecting official, who were selected for a position with the Library of Congress notwithstanding the fact that, at some point during the hiring process, the applicant

revealed information about himself or herself that Ms. Preece or any other official at the Library of Congress believed might have the effect of slowing down the security clearance investigation process?

24.    If the answer to Interrogatory Number 23 is yes, describe in detail the nature of the information, how this information was assessed and who was involved in the assessment, the amount of time the assessment process took, whether there was any time sensitivity with respect to filling the position at issue, and the ultimate disposition of the application.

25.    Have there been any other applicants for employment, where Charlotte Preece was the selecting official, who were not selected for the position because of the fact that, at some point during the hiring process, the applicant revealed information about himself or herself that Ms. Preece or any other official at the Library of Congress believed might have the effect of slowing down the security clearance investigation process?

26.    If the answer to Interrogatory Number 25 is yes, describe in detail the nature of the information, how this information was assessed and who was involved in the assessment, the amount of time the assessment process took, whether there was any time sensitivity with respect to filling the position at issue, and the ultimate disposition of the application.

27.    Was Kent Ronhodve acting as an attorney to a client when he provided guidance to Charlotte Preece and others involved in the decision not to recommend Plaintiff for the Position of Specialist in Terrorism and International Crime?

28.    Does Defendant contend that its decision not to recommend Plaintiff for the Position of Specialist in Terrorism and International Crime was due, even in part, to any concern

7

about Plaintiff's need to take medical or disability leave in connection with her gender transition?

29.    Does Defendant contend that its decision not to recommend Plaintiff for the Position of Specialist in Terrorism and International Crime was due, even in part, to any concern that Plaintiff would not be able to obtain, maintain, hold and/or otherwise be eligible for the top secret security clearance required for the position?

30.    Did Ed Bruner speak with Charlotte Preece on either December 20 or 21, 2004, regarding the Plaintiff and/or the hiring process for the Position of Specialist in Terrorism and International Crime?

31.    Does Defendant contest the fact that Plaintiff has held a Top Secret – Sensitive Compartmented Information (TS-SCI) security clearance at least from the date on which she applied for the Position of Specialist in Terrorism and International Crime in August 2004 through the date on which she was deposed in this action in February 2007?

Date: March 12, 2007

By: _____

Sharon M. McGowan    (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer   (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

*Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of March 2007, caused the foregoing Plaintiff's

Sixth Set of Interrogatories Pursuant to Rule 33 to be served upon the following persons by

electronic mail and by United States Mail, First Class postage prepaid:


Attorney for Defendant

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Beverly.Russell@usdoj.gov



Sharon M. McGowan

# McGowan Declaration

# Exhibit E



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 8, 2008

By First Class and Electronic Mail
Sharon M. McGowan
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004

Re: Schroer v. Billington, Civil Action No. 05-1090(JR)

Dear Ms. McGowan:

This is in response to your e-mails dated December 6, 2007, and January 3, 2008, regarding the Plaintiff's Sixth Set of Interrogatories. On March 27, 2007, the Court sustained Defendant's objections to Interrogatory Nos. 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, and 31. Accordingly, Defendant will not be providing responses to Interrogatory Nos. 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, and 31. In addition, on March 27, 2007, the Defendant voluntarily agreed to respond to Interrogatory Nos. 28 and 30. Accordingly, Defendant's response to Interrogatory No. 30 is attached hereto, and Defendant's response to Interrogatory No. 28 will be provided next week.

In addition, in accordance with our telephone conversation on January 8, 2008, attached is Defendant's supplemental response to Interrogatory No. 17.

Lastly, during our telephone conversation on January 8, 2008, Defendant agreed to supplement Interrogatory No. 12 to clarify when the individual (Audrey Cronin) who encumbered the position of Specialist in Terrorism and International Crime prior to John Rollins "first announced her intention to vacate the position." Defendant has reviewed its response Interrogatory No. 12 and concludes that it has already provided information responsive to Plaintiff's request. Specifically, in response to Interrogatory No. 12, Defendant stated that "Audrey Cronin, the individual who held the position of Specialist in Terrorism and International Crime prior to Mr. Rollins, first announced her intention to vacate the position in July 2004. Ms. Cronin vacated the position of Specialist in Terrorism and International Crime on July 23, 2004." Accordingly, because Defendant's initial response clearly indicates when Ms. Cronin "first announced her intention to vacate the position," Defendant will not be supplementing its response to Interrogatory No. 12.

Please call me at 202-307-0492 should you have any questions regarding this matter.

JEFFREY A. TAYLOR
United States Attorney

By: _____

BEVERLY M. RUSSELL
Assistant United States Attorney

cc.
Julia K. Douds (by electronic mail)
Library of Congress
Office of General Counsel
101 Independence Avenue, SE
Washington, D.C. 20540-1050