IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
                                            )
DIANE J. SCHROER,                           )
                                            )
              Plaintiff,                    )
                                            )   No. 05-cv-1090 (JR)
      v.                                    )
                                            )
JAMES H. BILLINGTON,                        )
   Librarian of Congress,                   )
                                            )
              Defendant.                    )
_____)

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
OF AUDREY CRONIN AND RELATED DOCUMENTS**

Pursuant to Local Rule 16.5 and Fed. R. Civ. P. 37(c)(1), Plaintiff moves in limine to exclude the testimony of Audrey Cronin, who has been identified for the first time in Defendant's Pretrial Statement as a witness with knowledge relevant to this case. Plaintiff also moves to exclude four documents identified on Defendant's exhibit list relating to Ms. Cronin, none of which was previously produced by Defendant, notwithstanding Plaintiff's discovery requests seeking such information.

<u>Failure to Disclose Subjects of Proposed Testimony of Audrey Cronin</u>

In Plaintiff's Third Set of Interrogatories, served on October 12, 2006, Plaintiff specifically asked Defendant to "[i]dentify any person(s) (not identified in a previous response to an interrogatory) known or believed by Defendant to have discoverable information that Defendant may use to support its claims or defenses, and the subjects of that information."  See McGowan Decl. Exh. A (Plaintiff's Interrogatory No. 8).  On November 22, 2006, Defendant responded to that interrogatory by representing that

"[t]here are no additional persons to identify outside of those named in Defendant's responses to Plaintiff's previous interrogatories."  See McGowan Decl. Exh. B.  In none of Defendant's prior discovery responses, nor in any discovery response from Defendant between the date of November 22, 2006, and the close of discovery in April 2008, did Defendant ever identify Audrey Cronin as an individual with knowledge relevant to Defendant's case.  In its Pretrial Statement, however, Defendant now indicates that it intends to call Ms. Audrey Cronin to testify about "her experience working in the Terrorism Specialist position and her knowledge of Ms. Preece as a supervisor."

Pursuant to the Local Rules, a party may object to a witness identified for the first time in an opposing party's pretrial statement if "the party objecting has unsuccessfully sought to learn the identity of the witness or the substance of the testimony by discovery, and the court or magistrate judge finds the information to have been wrongfully withheld."  Local Rule 16.5(b)(5).  Likewise, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[1]

Plaintiff sought to learn the identity of any witnesses upon whom Defendant intended to rely as part of its case, and specifically asked for the subject of any testimony that would be offered by such witnesses.  Plaintiff will be substantially prejudiced if Defendant is permitted to offer testimony from this witness, particularly on subjects that were never referenced in any discovery response from Defendant, notwithstanding Plaintiff's explicit interrogatory seeking such information.

---

[1] Although the parties waived the initial disclosures discussed in Rule 26(a), Rule 26(e) refers to the ongoing obligation of a party to supplement its responses to any request for discovery from opposing counsel.

Audrey Cronin was the Defendant's Specialist in Terrorism and International Crime until July 2004, at which time she informed Charlotte Preece, the selecting official in this case, that she would be vacating the position. Other than in its response to an interrogatory from Plaintiff's asking for information regarding the date that the prior Terrorism Specialist announced her intention to leave the position, see McGowan Decl. Exh. C (Plaintiff's Interrogatory No. 12), Defendant in no way mentioned Ms. Cronin in its discovery responses, or otherwise indicated to Plaintiff that Ms. Cronin had any discoverable knowledge that would be relevant to Defendant's claims or defenses in this case. Accordingly, due to Defendant's failure to identify Ms. Cronin as someone with knowledge relevant to this case and its failure to specify the subject of any such knowledge possessed by Ms. Cronin notwithstanding Plaintiff's discovery request specifically seeking such information, Defendant should not be permitted to identify Ms. Cronin as a witness at this late date.

At a minimum, the Court should limit any testimony from Ms. Cronin to the fact and her dates of service as the prior Terrorism Specialist. Allowing Defendant to elicit testimony from Ms. Cronin on any subjects beyond these facts would result in substantial prejudice to Plaintiff because, had Defendant timely indicated that Ms. Cronin had any other knowledge relevant to this case, Plaintiff would have deposed Ms. Cronin and propounded additional written discovery to ascertain that knowledge, and would have developed evidence in response accordingly.

<u>Failure to Timely Produce Documents Relating to Audrey Cronin</u>

Defendant has identified four documents on its exhibit list related to Ms. Cronin that Defendant had never previously disclosed to Plaintiff. Rec. Doc. 59 at 7 (listing

Exhibits 1-4). Specifically, Defendant identified Exhibit 4 as "Letter dated July 12, 2004, from Audrey Cronin to Charlotte Preece." Plaintiff has since learned that this document is the letter in which Ms. Cronin informed Ms. Preece that she would be vacating the position. In one of its document requests, Plaintiff specifically asked for "[a]ny documents relating to the date on which the person holding the Position of Specialist in Terrorism and International Crime prior to Mr. John Rollins announced her intention to vacate the position and the date on which she actually vacated the position." See McGowan Decl. Exh. D (Plaintiff's Document Request No. 17). Yet Defendant's initial response to Plaintiff's request did not include this document, see McGowan Decl. Exh. E, and Defendant never supplemented its response to this request from Plaintiff.

Defendant has also listed three other documents on its list of exhibits (Nos. 1-3) that have not been produced previously by Defendant in discovery. In Plaintiff's first set of document requests, Plaintiff set forth two specific requests that required disclosure of any documents that Defendant intended to rely on at trial: Request No. 8 – "All documents that Defendant contends support the defenses asserted in Defendant's answer" -- and Request No. 11 – "All other documents in the possession of Defendant that pertain to this legal action and that are not described above." See McGowan Decl. Exh. F. None of the documents described as Exhibits 1-3 in Defendant's Pretrial Statement was produced in response to these, or any other, document requests.

\* \* \*

During her meet and confer with Defendant on August 1, 2008, Plaintiff offered to stipulate that Ms. Cronin had been the previous Terrorism Specialist, that her departure from the position in July 2004 created the vacancy that the Library needed to fill, that Ms.

4

Cronin received favorable reviews from Ms. Preece during her time working at the Library, and that Ms. Cronin is a woman, and asked Defendant to clarify what information, beyond these facts, it intended to call upon Ms. Cronin to establish. Defendant's response to this request, sent today, provides little in the way of additional information about the substance of the testimony from Ms. Cronin or its relevance. See McGowan Decl. Exh. G. As to the substance, Defendant indicated that Ms. Cronin (1) would testify that she was the first person selected for the terrorism specialist position, that she worked for Ms. Preece, and (2) would provide testimony about her interactions with Ms. Preece and her duties and functions in the position. With respect to the question of relevance, Defendant responded only that it believes Ms. Cronin's testimony "is probative as it relates to the Library's reasons for the decision not to select Schroer for the position." The description of Ms. Cronin's proposed testimony is nothing more than a restatement of Defendant's Pretrial Statement, and Defendant's explanation of the relevance of this proposed testimony lacks any substance. Defendant should not be permitted to present testimony of unknown scope and dubious relevance from this undisclosed witness.[2]

## Conclusion

For these reasons, Plaintiff moves to exclude the testimony from Ms. Cronin proposed in Defendant's Pretrial Statement and to strike Exhibits 1-4 on Defendant's proposed exhibit list. Plaintiff also requests any and all additional relief contemplated by Federal Rule of Civil Procedure Rule 37(c)(1) that the Court deems appropriate.

---

[2] As discussed in greater detail in Plaintiff's memorandum in opposition to Defendant's motion for summary judgment, the fact that the prior Terrorism Specialist was a woman is not relevant for purposes of determining whether Defendant discriminated against Plaintiff because of her sex. Rec. Doc. 49 at 27.

In the alternative, Plaintiff would request that the Court limit the testimony of Ms. Cronin to the fact and dates of her service as the Terrorism Specialist. If the Court decides to allow Defendant to elicit testimony from Ms. Cronin beyond this information, Plaintiff would then request that the Court allow Plaintiff (1) to depose Ms. Cronin prior to trial; and (2) to identify, if necessary, additional witnesses whom Plaintiff may call at trial to respond to Ms. Cronin's testimony.

Respectfully submitted,

/s/ Sharon M. McGowan
Sharon M. McGowan  (D.C. Bar No. 476417)

Arthur B. Spitzer  
(D.C. Bar No. 235960)  
American Civil Liberties Union  
of the National Capital Area  
1400 20th Street, N.W., #119  
Washington, D.C. 20036  
(202) 457-0800

Kenneth Y. Choe  
James D. Esseks  
American Civil Liberties Union Foundation  
125 Broad Street  
New York, NY 10004  
(212) 549-2627

Date: August 5, 2008        *Counsel for Plaintiff*