IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DIANE J. SCHROER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-cv-1090 (JR) |
| v. | ) | |
| | ) | |
| JAMES H. BILLINGTON, | ) | |
| Librarian of Congress, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF SHARON M. McGOWAN

Pursuant to 28 U.S.C. § 1746, I, Sharon M. McGowan, declare as follows:

1.      I am a Staff Attorney at the ACLU's Lesbian Gay Bisexual Transgender Rights Project, and I am counsel for Plaintiff in this case.

2.      Affixed as Exhibit A to this declaration is a true and correct copy of Plaintiff's Third Set of Interrogatories, dated October 12, 2006.

3.      Affixed as Exhibit B to this declaration is a true and correct copy of Defendant's Response to Plaintiff's Third Set of Interrogatories, dated November 22, 2006.

4.      Affixed as Exhibit C to this declaration is a true and correct copy of Defendant's Response to Plaintiff's Fourth and Fifth Set of Interrogatories, dated March 23, 2007.

5.      Affixed as Exhibit D to this declaration is a true and correct copy of Plaintiff's Third Request for Production of Documents, dated January 12, 2007.

6.    Affixed as Exhibit E to this declaration is a true and correct copy of Defendant's Response to Plaintiff's Third Request for Production of Documents, dated February 16, 2007.

7.    Affixed as Exhibit F to this declaration is a true and correct copy of Plaintiff's First Request for Production of Documents, dated June 6, 2006.

8.    Affixed as Exhibit G to this declaration is a true and correct copy of an e-mail from Beverly Russell to Sharon McGowan, dated August 5, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 5, 2008

Sharon M. McGowan

# McGowan Declaration

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANE J. SCHROER,                               )
                                                )
                  Plaintiff,                    )
                                                )
          v.                                    )      Civil Action No. 05-1090 (JR)
                                                )
JAMES H. BILLINGTON,                            )      PLAINTIFF'S THIRD SET
     Librarian of Congress,                     )      OF INTERROGATORIES
                                                )      PURSUANT TO RULE 33
                  Defendant.                    )
                                                )

## PLAINTIFF'S THIRD SET OF INTERROGATORIES PURSUANT TO RULE 33

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of
Civil Procedure 33, serves the following interrogatory upon Defendant, James H. Billington, in
his official capacity as the Librarian of Congress, to be responded to within 30 days after the date
of service.

### DEFINITIONS

1.      "Defendant" shall mean the Library of Congress, its officers, employees, agents,

        representatives, and others known to have acted on their respective behalves.

2.      "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.      "You," "your" and "yourself" refer to the party to whom the following requests are

        addressed, and its agents, representatives, officers, directors, affiliates, predecessors and

        successors in interest, parents, divisions, subsidiaries, and employees.

4.      "Person" shall mean natural persons, firms, proprietorships, associations, partnerships,

        corporations and every other type of organization or entity.

5. "Applicant" shall mean an individual who applies for employment with the Library of Congress.

6. "Position of Specialist in Terrorism and International Crime" shall mean the position for which Plaintiff applied in 2004 and which was identified in the Third Defense of Defendant's Answer.

7. "Hiring process" shall mean the entire process by which the Library of Congress hires a new employee, including the determination of the qualifications and requirements for a particular position, the publication of the position vacancy and the position's requirements including the drafting and posting of any notice, the recruitment of candidates for the position, the evaluation of applicants for the position, whether on paper or in person, whether formally or informally, the ranking of applicants for the position, the decision whether or not to hire an applicant, the making and processing of an offer of employment, and the receiving and processing of an acceptance or rejection of an offer of employment.

8. "Relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

9. The term "identify," when referring to a person, means the response must state, to the extent known, the person's full name, present or last known address and telephone number, and, in addition, when referring to a natural person, the person's present or last known place of employment.

10. The term "identify," when referring to a document, means the response must state, to the extent known, (i) the type of document; (ii) the date of the document; (iii) the author(s),

2

addressee(s) and recipient(s) of the document, and, where not apparent, the relationship

of the author(s), addressee(s) and recipient(s) to one another; and (iv) the subject matter

of the document.

11.    The term "describe in detail" means providing with respect to any act, occurrence,

transaction, event, statement, communication or conduct (hereinafter collectively "act")

all facts concerning any such act, including but not limited to, a description of each act,

the date and time of the act, the location, and the names and addresses of all persons

involved.

12.    "Any" shall also mean "all" and vice versa.

13.    "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest

possible answer.

14.    The use of the singular form of any word includes the plural or vice versa, as necessary to

make the requests inclusive rather than exclusive.

15.    Unless expressly indicated otherwise, these interrogatories seek information concerning

the period beginning on or after June 1, 2004, and continuing to the present.


## INSTRUCTIONS

1.    In answering these interrogatories, you are required to furnish all information available to

you and any of your representatives, employees, agents, brokers, servants, or attorneys as

will enable you to ascertain all of the facts necessary to fully answer each request for

information.

2.    Each request that seeks information relating in any way to communications to, from, or

within the government and/or government entity, is hereby designated to demand, and

should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the government and/or government entity.

3.  If you object to portion of an interrogatory, please furnish information responsive to the remainder of the request.

4.  Each interrogatory refers to information that is either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

5.  Please be advised that Defendant, pursuant to Fed. R. Civ. P. 26(e), has a continuing duty to reasonably amend or supplement any prior response if information is obtained which makes Defendant aware that a prior response was incorrect (when made), or that the response when made was correct but is no longer correct.

6.  All information requested by these interrogatories for which Defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

    a)  Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

    b)  Factual and legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

7.  Responses shall be mailed within the rule time to Sharon M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New York, NY 10004.

## INTERROGATORY

8.    Identify any person(s) (not identified in a previous response to an interrogatory) known

or believed by Defendant to have discoverable information that Defendant may use to support its

claims or defenses, and the subjects of that information.


Date:  October 12, 2006                    By: _____

Sharon M. McGowan   (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of October 2006, caused the foregoing Plaintiff's Third Set of Interrogatories Pursuant to Rule 33 to be served upon the following persons by electronic mail and by United States Mail, First Class postage prepaid:

Attorney for Defendant

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530

Sharon M. McGowan

# McGowan Declaration

# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DIANE J. SCHROER,                           )
                                            )
          Plaintiff,                        )
                                            )
                                            )
          v.                                )     Civil Action No. 05-1090 (JR)
                                            )
JAMES BILLINGTON,                           )
     In his official capacity               )
     as Librarian of Congress,              )
                                            )
          Defendant.                        )
_____)

### RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES
### PURSUANT TO RULE 33

Defendant, James Billington, the Librarian of Congress, in accordance with the Federal

Rules of Civil Procedure, hereby responds to Plaintiff's third set of interrogatories as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

1.      Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or

request seeks information or documents protected by the attorney-client privilege, or any other

evidentiary privilege, or is conditionally protected under the work-product doctrine.

2.      Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or

request seeks information or documents not reasonably calculated to lead to the discovery of

admissible evidence.

3.      Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or

request seeks to have Defendant create documents that do not exist.

4.      Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally available to Plaintiff.

5.      Defendant objects to any inquiry or request that seeks information which, if disclosed, would violate a statute or regulation. Defendant objects to any demand by Plaintiff that the documents sought be produced for copying and inspection in a manner other than that which they are kept in the usual course of business.

## INTERROGATORIES

8.      Identify any person(s) (not identified in a previous response to an interrogatory) known or believed by Defendant to have discoverable information that Defendant may use to support its claims or defenses, and the subjects of that information.

**Response**: There are no additional persons to identify outside of those named in Defendant's responses to Plaintiff's previous interrogatories.

Respectfully submitted,


JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov


JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Ph: (202) 514-5134
Fax: (202) 514-8780
E-mail: jdou@loc.gov

OF COUNSEL:
EVELIO RUBIELLA
Assistant General Counsel
Library of Congress

-3-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing *Response to Plaintiff's Third Set of Interrogatories Pursuant to Rule 33 and First Request for Production of Documents Pursuant to Rule 34* was made by overnight mail on the 22nd day of November, 2006 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C.  20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org

BEVERLY M. RUSSELL
Assistant United States Attorney

# McGowan Declaration

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIANE J. SCHROER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1090 (JR) |
| | ) | |
| DR. JAMES BILLINGTON, | ) | |
| In his official capacity | ) | |
| as Librarian of Congress, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

RESPONSE TO PLAINTIFF'S FOURTH AND FIFTH SET OF INTERROGATORIES
PURSUANT TO RULE 33

Defendant, James Billington, the Librarian of Congress, in accordance with the Federal Rules of Civil Procedure, hereby responds to Plaintiff's interrogatories. On February 23, 2007, the Court sustained Defendant's objections to Interrogatory Nos. 9, 10, and 13. Accordingly, responses to Interrogatory Nos. 9, 10, and 13 are not included.

**GENERAL OBJECTIONS AND QUALIFICATIONS**

1.    Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents protected by the attorney-client privilege, or any other evidentiary privilege, or is conditionally protected under the work-product doctrine.

2.    Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks to have Defendant create documents that do not exist.

4.    Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally available to Plaintiff.

5.    Defendant objects to any inquiry or request that seeks information which, if disclosed, would violate a statute or regulation. Defendant objects to any demand by Plaintiff that the documents sought be produced for copying and inspection in a manner other than that which they are kept in the usual course of business.

## INTERROGATORIES

11.    Identify the date on which the transfer of the security clearance of Mr. John Rollins from Mr. Rollins' prior employer to the Library of Congress was completed and/or the date on which Mr. John Rollins was fully authorized to review documents classified as "top secret" while performing his duties as the Specialist in Terrorism and International Crime.

**Response to Interrogatory No. 11**: After a review of pre-appointment inquiries, the appointment Personnel Action Recommendation was approved by the Library's Personnel Security Office on January 12, 2005, and Mr. Rollins was appointed by the Library on February 7, 2005. The Library granted Mr. Rollins Top Secret security clearance on May 16, 2005.

12.    Identify the date on which person holding the position of Specialist in Terrorism and International Crime prior to Mr. John Rollins first announced her intention to vacate the position and the date on which she actually vacated the position.

**Response to Interrogatory No. 12**: Audrey Cronin, the individual who held the position of Specialist in Terrorism and International Crime prior to Mr. Rollins, first announced her

-2-

intention to vacate the position in July 2004. Ms. Cronin vacated the position of Specialist in Terrorism and International Crime on July 23, 2004.

14.  Identify any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might have a medical issue that might require some sort of accommodation if the applicant were to be hired, including but not limited to permitting the applicant to take leave under existing medical or disability leave policy or otherwise; and describe in detail the nature of the issue and the assessment and resolution of the issue, including the time frame, during the hiring process.

**Response to Interrogatory No. 14:** Ms. Preece does not recall any applicant for employment with the Library where she was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might have a medical issue that might require some sort of accommodation if the applicant were to be hired.

15.  Identify any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might be distracted from work responsibilities by personal issues; and describe in detail the nature of the issue and the assessment and resolution of the issue, including the time frame, during the hiring process.

**Response to Interrogatory No. 15:**  Ms. Preece does not recall any applicant for employment with the Library, besides Plaintiff, where she was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might be distracted from work responsibilities by personal issues.

16.  Identify any applicant for employment with the Library of Congress, including but not limited to the Congressional Research Service, whether or not ultimately hired, where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might not be honest or trustworthy, including but not limited to situations in which the applicant failed to disclose information timely; and describe in detail the nature of the issue and the assessment and resolution of the issue, including the time frame, during the hiring process.

**Response to Interrogatory No. 16:**  Ms. Preece does not recall any applicant for employment with the Library, besides Plaintiff and the individual identified as "Applicant C" in Ms. Preece's deposition, where she was the selecting official and where information came to light about the applicant during the hiring process that suggested that the applicant might not be honest or trustworthy.

17.  Describe in detail any information that came to light about John Rollins during the hiring process for the position of Position of Specialist in Terrorism and International Crime that had possible implications for either the ability of Mr. Rollins to obtain a security clearance or the amount of time that it would take for Mr. Rollins to complete the security clearance investigation process; and describe in detail the nature of the issue and

the assessment and resolution of the issue, including the time frame, during the hiring

process.

**Response to Interrogatory No. 17:** Ms. Preece did not receive any information that had

possible implications for either the ability of Mr. Rollins to obtain a security clearance or the

amount of time that it would take Mr. Rollins to complete the security clearance investigation

process.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov

JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
Ph:  (202) 514-5134
Fax: (202) 514-8780
E-mail: jdou@loc.gov

**<u>Certification</u>**

I, **Bessie Alkisswani**, am the Associate Director, Office of Workforce Development,

Congressional Research Service at the Library of Congress.  I have reviewed the factual

information contained in Defendant's response to Interrogatory No. 12 of Plaintiff's Fourth and

Fifth Set of Interrogatories Pursuant to Rule 33 to Defendant.  I hereby certify, under the laws of

the United States, that the responses are true and correct to the best of my knowledge and belief.

Signed: _____

Dated: _____3/15/07_____

**Certification**

I, **Charlotte Preece**, am the Assistant Director for Foreign Affairs, Defense and Trade, Congressional Research Service, at the Library of Congress. I have reviewed the factual information contained in Defendant's responses to Interrogatory Nos. 14, 15, 16 and 17 of Plaintiff's Fifth Set of Interrogatories Pursuant to Rule 33 to Defendant. I hereby certify, under the laws of the United States, that the responses are true and correct to the best of my knowledge and belief.

Signed: _Charlotte P Preece_

Dated: _3/14/07_

### Certification

I, **Cynthia A. Wilkins** am the Personnel Security Officer, Personnel Security Office,

Office of Security and Emergency Preparedness, at the Library of Congress. I have reviewed the

factual information contained in Defendant's responses to Interrogatory No. 11 of Plaintiff's

Fourth and Fifth Set of Interrogatories Pursuant to Rule 33 to Defendant. I hereby certify, under

the laws of the United States, that the responses are true and correct to the best of my knowledge

and belief.

Signed: _Cynthia Wilkins_

Dated: _3/15/07_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Supplemental Response to*

*Plaintiff's Second Set of Interrogatories Pursuant to Rule 33* was made by first class mail on

the 23rd day of March 2007 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C. 20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org

BEVERLY M. RUSSELL
Assistant United States Attorney

# McGowan Declaration

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANE J. SCHROER,                          )
                                           )
                Plaintiff,                 )
                                           )    Civil Action No. 05-1090 (JR)
         v.                                )
                                           )    PLAINTIFF'S THIRD REQUEST
JAMES H. BILLINGTON,                       )    FOR PRODUCTION OF
   Librarian of Congress,                  )    DOCUMENTS PURSUANT TO
                                           )    RULE 34
                Defendant.                 )
                                           )

**PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF
DOCUMENTS PURSUANT TO RULE 34**

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of

Civil Procedure 34, serves the following request for production of documents upon Defendant,

James H. Billington, in his official capacity as the Librarian of Congress, to be responded to

within 30 days after the date of service.

**DEFINITIONS**

1.    "Defendant" shall mean the Library of Congress, its officers, employees, agents,

      representatives, and others known to have acted on their respective behalves.

2.    "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.    "You," "your" and "yourself" refer to the party to whom the following requests are

      addressed, and its agents, representatives, officers, directors, affiliates, predecessors and

      successors in interest, parents, divisions, subsidiaries, and employees.

4.    "Person" shall mean natural persons, firms, proprietorships, associations, partnerships,

      corporations and every other type of organization or entity.

5.    "Communication" shall mean any transmission of information, the information

transmitted, and any process by which information is transmitted, and shall include

written, oral and electronic communications.

6.    "Document," shall be construed in its broadest possible sense, and shall mean any writing

or other matter (such as drawings, graphs, charts, photographs, film, audio, video or

computer tape or other electronic media or devices) from which information can be

obtained, translated if necessary through detection devices into reasonably usable form,

including without limitation agreements, letters, appointment books, calendars, electronic

mail or correspondence, computer diskettes, CD-ROMs and other electronically-recorded

or stored data, bookkeeping ledgers and journals, memoranda, notes, notebooks, diaries,

desk pads, logs, telephone bills and telephone call records. A draft or non-identical copy

(including one with notations) is a separate document.

7.    "Applicant" shall mean an individual who applies for employment with the Library of

Congress.

8.    "Position of Specialist in Terrorism and International Crime" shall mean the position for

which Plaintiff applied in 2004 and which was identified in the Third Defense of

Defendant's Answer.

9.    "Security clearance investigation process" shall mean all stages of the process by which

an individual is cleared or otherwise authorized by the Library of Congress, including but

not necessarily limited to the Library of Congress's Personnel Security Office, to access

classified information or otherwise obtain or maintain a security clearance.

10.    "Waiver of the pre-appointment security clearance investigation requirement" shall mean

all stages of the process by which an individual is cleared or otherwise authorized by the

Library of Congress, including but not necessarily limited to the Library of Congress's

2

Personnel Security Office, to begin working in a position at the Library of Congress requiring a security clearance prior to having completed the "security clearance investigation process" defined in the previous paragraph.

11. "Hiring process" shall mean the entire process by which the Library of Congress hires a new employee, including the determination of the qualifications and requirements for a particular position, the publication of the position vacancy and the position's requirements including the drafting and posting of any notice, the recruitment of candidates for the position, the evaluation of applicants for the position, whether on paper or in person, whether formally or informally, the ranking of applicants for the position, the decision whether or not to hire an applicant, the making and processing of an offer of employment, the receiving and processing of an acceptance or rejection of an offer of employment, the process of obtaining a waiver of the pre-appointment security clearance investigation requirement, as defined in Paragraph 10, and the completion of the security clearance investigation process, as defined in Paragraph 9.

12. "Relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

13. "Any" shall also mean "all" and vice versa.

14. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

15. The use of the singular form of any word includes the plural or vice versa, as necessary to make the requests inclusive rather than exclusive.

16.    Unless expressly indicated otherwise, these interrogatories seek information concerning

the period beginning on or after June 1, 2004, and continuing to the present.

## INSTRUCTIONS

1.    You are required, in responding to this request, to obtain and furnish all information

available to you and any of your representatives, employees, agents, brokers, servants, or

attorneys and to obtain and furnish all information that is in your possession or under

your control, or in the possession or under the control of any of your representatives,

employees, agents, brokers, servants, or attorneys.

2.    Each request that seeks information relating in any way to communications to, from, or

within the government and/or government entity, is hereby designated to demand, and

should be construed to include, all communications by and between representatives,

employees, agents, brokers and/or servants of the government and/or government entity.

3.    Each request should be responded to separately.  However, a document that is the

response to more than one request may, if the relevant portion is marked or indexed, be

produced and referred to in a later response.

4.    All documents produced shall be segregated and identified by the paragraphs to which

they are primarily responsive.  Where required by a particular paragraph of this request,

documents produced shall be further segregated and identified as indicated in this

paragraph.  For any documents that are stored or maintained in files in the normal course

of business, such documents shall be produced in such files, or in such a manner as to

preserve and identify the file from which such documents were taken.

5.    If you object to part of any request, please furnish documents responsive to the remainder

of the request.

6.     Each request refers to all documents that are either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

7.     The documents produced in response to this request shall include all attachments and enclosures.

8.     The documents requested for production include those in the possession, custody, or control of Defendant, its agents, representatives or attorneys.

9.     References to the singular include the plural.

10.     The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11.     Please note that Defendant, pursuant to Fed. R. Civ. P. 26(e), is under a continuing duty to reasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

12.     All documents called for by this request or related to this request, for which Defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

    a.   The place, date, time, and manner of recording or otherwise preparing the document;

    b.   The name and title of the sender;

    c.   The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    d.   The identity and title of the person or persons supplying Defendant's attorneys with the information requested above;

    e.   The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial

summarization, the dates of said communication, and the employer and title of said

person at the time of said communication;

f.   Type of document;

g.   Subject matter (without revealing the relevant information for which privilege or

statutory authority is claimed); and

h.   Factual and legal basis for claim, privilege or specific statutory or regulatory

authority that provides the claimed ground for non-production.

13.   Each request to produce a document or documents shall be deemed to call for the

production of the original document or documents to the extent that they are in, or subject

to, directly or indirectly, the control of the party to whom this request is addressed.  In

addition, each request should be considered as including a request for separate production

of all copies and, to the extent applicable, preliminary drafts of documents that differ in

any respect from the original or final draft or from each other (e.g., by reason of

differences in form or content or by reason of handwritten notes or comments having

been added to one copy of a document but not on the original or other copies thereof).

14.   All documents produced in response to this request shall be produced *in toto*

notwithstanding the fact that portions thereof may contain information not requested.

15.   If any documents requested herein have been lost or destroyed, the documents so lost or

destroyed shall be identified by author, date, time, and subject matter, and the date on

which the document was lost or destroyed.

16.   Where exact information cannot be furnished, estimated information is to be supplied to

the extent possible.  Where estimation is used, it should be so indicated, and an

explanation should be given as to the basis on which the estimate was made and the

reason exact information cannot be furnished.

17. With respect to any document requested which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody, or control, the manner in which it ceased to be so, and the name and address of its present custodian.

18. Production can be accomplished by mailing the documents within the rule time to Sharon M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New York, NY 10004.

## REQUESTS

13. Any documents regarding the hiring process for the individuals identified as Employees C, D and F during the deposition of Charlotte Preece on January 11, 2007, and for any other applicants since January 1, 1991, seeking employment with the Congressional Research Service in a position requiring a security clearance where Charlotte Preece was the selecting official and where information came to light about the applicant during the hiring process that had possible implications for either the ability of the applicant to obtain a security clearance or the amount of time that it would have taken for the applicant to complete the security clearance investigation process, including but not limited to any documents regarding the date when the hiring process for the position began, the level of security clearance required for the position, any correspondence between Charlotte Preece and the Library of Congress's Personnel Security Office about the information and its security clearance implications, any correspondence reflecting a decision by Charlotte Preece to discontinue or continue consideration of the applicant, any requests for waivers of the pre-appointment security clearance investigation requirement and any documents reflecting the amount of time that it took for the

7

applicant to complete the security clearance investigation process and begin working at the Library with a full clearance.

14. The recruitment plan for the Position of Specialist in Terrorism and International Crime, or the document to which Ms. Bessie Alkisswani was referring during her deposition on January 8, 2007, when she discussed the recruitment plan for the Position of Specialist in Terrorism and International Crime.

15. The Library of Congress's Merit Selection Plan, or the document to which Ms. Bessie Alkisswani was referring during her deposition on January 8, 2007, when she discussed the document containing the rules regarding when a job vacancy announcement can be posted for less than thirty days.

16. Any documents tracking or otherwise reflecting how long it has taken to fill Social Science Analyst positions with the Congressional Research Service requiring a security clearance since October 1, 2001, from the time the job announcement was posted until the time that the applicant began working in the position and/or completed the security clearance investigation process, whichever occurred later.

17. Any documents relating to the date on which the person holding the Position of Specialist in Terrorism and International Crime prior to Mr. John Rollins announced her intention to vacate the position and the date on which she actually vacated the position.

18. Any documents relating to the need to fill the Position of Specialist in Terrorism and International Crime on an urgent or "as soon as possible" basis, including but not limited to any documents containing statements by Charlotte Preece or Francis Miko to this effect.

19. Any documents identified by Charlotte Preece during her deposition on January 11, 2007, that have not previously been produced, including but not limited to any documents

8

(including the "chronology") reviewed by Charlotte Preece in preparation for her deposition and documents relating to Charlotte Preece's request to extend the period of time that the Position of Specialist in Terrorism and International Crime would remain open.

Date:  January 12, 2007                    By:

Sharon M. McGowan    (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
   of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of January 2007, caused the foregoing

Plaintiff's Third Request for Production of Documents Pursuant to Rule 34 to be served

upon the following persons by electronic mail and United States Mail, First Class postage

prepaid:

Attorney for Defendant

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530
Beverly.Russell@usdoj.gov


Sharon M. McGowan

# McGowan Declaration

# Exhibit E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DIANE J. SCHROER,                          )
                                           )
      Plaintiff,                          )
                                           )
                                           )
      v.                                  )    Civil Action No. 05-1090 (JR)
                                           )
DR. JAMES BILLINGTON,                      )
    In his official capacity               )
    as Librarian of Congress,              )
                                           )
      Defendant.                          )
_____)

### RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34

        Defendant, James Billington, the Librarian of Congress, in accordance with the Federal Rules of Civil Procedure, hereby responds to Plaintiff's third request for production of documents as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

        1.     Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents protected by the attorney-client privilege, or any other evidentiary privilege, or is conditionally protected under the work-product doctrine.

        2.     Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents not reasonably calculated to lead to the discovery of admissible evidence.

        3.     Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks to have Defendant create documents that do not exist.

4.      Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally available to Plaintiff.

5.      Defendant objects to any inquiry or request that seeks information which, if disclosed, would violate a statute or regulation. Defendant objects to any demand by Plaintiff that the documents sought be produced for copying and inspection in a manner other than that which they are kept in the usual course of business.

## REQUESTS

13.      Any documents regarding the hiring process for the individuals identified as Employees C, D, and F during the deposition of Charlotte Preece on January 11, 2007, and for any other applicants since January 1, 1991, seeking employment with the Congressional Research Service where Charlotte Preece was the selecting official and where information came to light during the hiring process that had possible implications for either the ability of the applicant to obtain a security clearance or the amount of time that it would have taken for the applicant to complete the security clearance investigation process, and describe in detail what happened during the course of that hiring process including but not limited to when the hiring process for the position began, what the level of security clearance required for the position was, whether there was any communication that took place between Charlotte Preece and the Library of Congress's Personnel Security Office about the information and its security clearance implications, and the nature of that communication, what decision was made by Charlotte Preece regarding whether to discontinue consideration of the applicant, whether there was any request for a waiver of the pre-appointment security clearance investigation requirement with respect

2

to the applicant and whether that request was approved, and the amount of time that it took for the applicant to complete the security clearance process and began working at the Library with a full clearance.

**Response to Request No. 13:** Defendant objects to Request No. 13 because the information sought by Plaintiff is not likely to lead to the discovery of relevant, admissible evidence. Defendant further objects to Request No. 13 as overly broad and unduly burdensome in as much as the Library's decision related to Plaintiff was made in December 2004, and information related to other applicants since 1991 does not touch the controversy at issue.

14.     The recruitment plan for the Position of Specialist in Terrorism and International Crime, or the document to which Ms. Bessie Alkisswani was referring during her deposition on January 8, 2007, when she discussed the recruitment plan for the Position of Specialist in Terrorism and International Crime.

**Response to Request No. 14:** The recruitment plan for the Position of Specialist in Terrorism and International Crime is attached hereto.

15.     The Library of Congress's Merit Selection Plan, or the document to which Ms. Bessie Alkisswani was referring during her deposition on January 8, 2007, when she discussed the document containing the rules regarding the job vacancy announcement can be posted for less than thirty days.

**Response to Request No. 15:** The Library's Merit Selection Plan in effect in 2004 is attached hereto.

16.     Any documents tracking or otherwise reflecting how long it has taken to fill Social Science Analyst positions with the Congressional Research Service requiring a security

3

clearance since October 1, 2001, from the time the job announcement was posted until

the time that the applicant began working in the position and/or completed the security

clearance investigation process, whichever occurred later.

**Response to Request No. 16:** Defendant is not aware of any documents responsive to this

request.

17.    Any documents relating to the date on which the person holding the Position of Specialist

in Terrorism and International Crime prior to Mr. John Rollins announced her intention

to vacate the position and the date on which she actually vacated the position.

**Response to Request No. 17:**  The document responsive to this request is attached hereto.

18.    Any documents relating to the need to fill the Position of Specialist in Terrorism and

International Crime on an urgent or "as soon as possible" basis, including but not limited

to any documents containing statements by Charlotte Preece or Francis Miko to this

effect.

**Response to Request No. 18:** Defendant is not aware of any documents responsive to this

request.

19.    Any documents identified by Charlotte Preece during her deposition on January 11, 2007,

that have not been previously produced, including but not limited to any documents

(including the "chronology") reviewed by Charlotte Preece in preparation for her

deposition and documents relating to Charlotte Preece's request to extend the period of

time that the Position in Specialist in Terrorism and International Crime would remain

open.

4

**Response to Request No. 19:** Defendant objects to this request to the extent that it seeks

documents subject to the attorney-client privilege and/or the attorney work product privilege

(e.g. the "chronology" which was previously identified as privileged in response to Plaintiff's

Interrogatory 7(m)). Documents related to Ms. Preece's request an extension to fill the position

of Specialist in Terrorism and International crime, and other non-privileged documents that were

not previously produced are attached hereto.

Respectfully submitted,

/s/ Jeffrey A. Taylor /dvh

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dvh

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Beverly M. Russell

BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov

/s/ Julia K. Douds /bmr

JULIA K. DOUDS
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Ph: (202) 514-5134
Fax: (202) 514-8780
E-mail: jdou@loc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Response to Plaintiff's Third*

*Request for Production of Documents Pursuant to Rule 34* was made by first class, prepaid

mail and electronic mail on the 16th day of February, 2007 to:

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C.  20036
Artspitzer@aol.com

Sharon M. McGowan/
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Smcgowan@aclu.org

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL
Assistant United States Attorney

**Sharon McGowan**

| | |
|---|---|
| **From:** | Russell, Beverly (USADC) [Beverly.Russell@usdoj.gov] |
| **Sent:** | Friday, February 16, 2007 6:20 PM |
| **To:** | Sharon McGowan; Ken Choe; Art Spitzer (E-mail) |
| **Cc:** | jdou@loc.gov |
| **Subject:** | Schroer v. Billington, Civil Action No. 05-1090(JR) |
| **Attachments:** | schroer_def_discovery_response_3_19.pdf; Schroer_def_discovery_response_3.pdf; schroer_def_discovery_response_3_14.pdf; schroer_def_discovery_response_3_15.pdf; schroer_def_discovery_response_3_17.pdf |

Attached is defendant's response to plaintiff's third request for production of documents.

<<schroer_def_discovery_response_3_19.pdf>> <<Schroer_def_discovery_response_3.pdf>>
<<schroer_def_discovery_response_3_14.pdf>> <<schroer_def_discovery_response_3_15.pdf>>
<<schroer_def_discovery_response_3_17.pdf>>

Standard Form 50
Rev 7/91
U.S. Office of Personnel Management
Guide to Processing Personnel Actions, Chapter 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle)<br>Cronin,Audrey Kurth | 2. Social Security Number | 3. Date of Birth | 4. Effective Date<br>07-23-2004 |
|---|---|---|---|

| **FIRST ACTION** | **SECOND ACTION** |
|---|---|

| 5-A. Code<br>352 | 5-B. Nature of Action<br>Termination-Appt in (DD) | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 5-C. Code<br>DBM | 5-D. Legal Authority<br>5 CFR part 715<br>Move to anoth. agency | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number<br>SOCIAL SCIENCE ANALYST<br>SPECIALIST TERRORISM & INTERNATL CRIME<br>JC: 004750          Position:00004429 | 15. TO: Position Title and Number |
|---|---|

| 8.Pay Plan<br>GS | 9.Occ. Code<br>0101 | 10.Grade/Lvl<br>15 | 11.Step/Rate<br>2 | 12.Tot. Salary<br>$103,573.00 | 13.Pay Basis<br>PA | 16.Pay Plan | 17.Occ. Code | 18.Grade/Lvl | 19.Step/Rate | 20.Tot. Salary/Award | 21.Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12A. Basic Pay<br>$90,354.00 | 12B. Locality Adj.<br>$13,219.00 | 12C. Adj. Basic Pay<br>$103,573.00 | 12D. Other Pay<br>$0 | | | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay | | |

| 14. Name and Location of Position's Organization<br>Library of Congress<br>Congressional Research Service<br>Foreign Affairs, Defense, and Trade Div<br><br>WASHINGTON DC USA | 22. Name and Location of Position's Organization<br><br>(DD) |
|---|---|

**EMPLOYEE DATA**

| 23. Veterans Preference<br>1 | 1-None    3-10 Point/Disability    5-10 Point/Other<br>2-5 Point    4-10 Point/Compensable    6-10 Point/Compensable/30% | 24. Tenure<br>0 | 0-None    2-Conditional<br>1-Permanent    3-Indefinite | 25. Agency Use<br>06    ExptPermnt | 26. Veterans Preference for RIF<br>YES    [X] NO |
|---|---|---|---|---|---|

| 27. FEGLI<br>N5 | Basic+B(2x)+A+C(5x) | 28. Annuitant Indicator<br>9    Not Applicable | 29. Pay Rate Determinant<br>0    Regular Rate - 0 |
|---|---|---|---|

| 30. Retirement Plan<br>K    PERS and FICA | 31. Service Comp. Date (Leave)<br>03-10-2000 | 32. Work Schedule<br>F    Full Time | 33. Part-Time Hours Per Biweekly<br>Pay Period |
|---|---|---|---|

**POSITION DATA**

| 34. Position Occupied<br>2 | 1-Competitive Service 3-SES General<br>2-Excepted Service 4-SES Career Reserved | 35. FLSA Category<br>E    E-Exempt<br>N-Nonexempt | 36. Appropriation Code<br>270101 | 37. Bargaining Unit Status<br>0075 |
|---|---|---|---|---|

| 38. Duty Station Code<br>110010001 | 39. Duty Station  (City-County-State or Overseas Location)<br>WASHINGTON  DIST COLUMBIA  DC  USA |
|---|---|

| 40. Agency Data | 41. | 42. | 43. | 44. Organization Structure<br>921411 AE 70 00 0005 00 00 0000 |
|---|---|---|---|---|

| 45. Remarks<br>- Forwarding address:<br><br>- Reason for resignation: Trans to another agency |
|---|

| 46. Employing Department or Agency<br>Library of Congress<br>Library of Congress | 50. Signature/Authentication and Title of Approving Official<br>/s/ Smith,Teresa A.<br>Director for Human Resources |
|---|---|
| 47. Agency Code<br>LCAE | 48. Personnel Office ID<br>0103 | 49. Approval Date<br>07-27-2004 |

Editions Prior to 7/91 Are Not Usable After 6/30/93

1 -                    Employee Copy

Defendant's Response to Document Production Request No. 17

# McGowan Declaration

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANE J. SCHROER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1090 (JR) |
| v. ) | |
| ) | PLAINTIFF'S FIRST REQUEST |
| JAMES H. BILLINGTON, ) | FOR PRODUCTION OF |
| Librarian of Congress, ) | DOCUMENTS PURSUANT TO |
| ) | RULE 34 |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34

Plaintiff, Diane J. Schroer, by and through her attorneys and pursuant to Federal Rule of Civil Procedure 34, serves the following request for production of documents upon Defendant, James H. Billington, in his official capacity as the Librarian of Congress, to be responded to within 30 days after the date of service.

### DEFINITIONS

1.  "Defendant" shall mean the Library of Congress, its officers, employees, agents, representatives, and others known to have acted on their respective behalves.

2.  "Plaintiff" refers to Diane J. Schroer, formerly known as David J. Schroer.

3.  "You," "your" and "yourself" refer to the party to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, and employees.

4.  "Person" shall mean natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

5.    "Communication" shall mean any transmission of information, the information

transmitted, and any process by which information is transmitted, and shall include

written, oral and electronic communications.

6.    "Document," shall be construed in its broadest possible sense, and shall mean any writing

or other matter (such as drawings, graphs, charts, photographs, film, audio, video or

computer tape or other electronic media or devices) from which information can be

obtained, translated if necessary through detection devices into reasonably usable form,

including without limitation agreements, letters, appointment books, calendars, electronic

mail or correspondence, computer diskettes, CD-ROMs and other electronically-recorded

or stored data, bookkeeping ledgers and journals, memoranda, notes, notebooks, diaries,

desk pads, logs, telephone bills and telephone call records.  A draft or non-identical copy

(including one with notations) is a separate document.

7.    "Applicant" shall mean an individual who applies for employment with the Library of

Congress.

8.    "Position of Specialist in Terrorism and International Crime" shall mean the position for

which Plaintiff applied in 2004 and which was identified in the Third Defense of

Defendant's Answer.

9.    "Hiring process" shall mean the entire process by which the Library of Congress hires a

new employee, including the determination of the qualifications and requirements for a

particular position, the publication of the position vacancy and the position's

requirements including the drafting and posting of any notice, the recruitment of

candidates for the position, the evaluation of applicants for the position, whether on paper

or in person, whether formally or informally, the ranking of applicants for the position,

the decision whether or not to hire an applicant, the making and processing of an offer of

employment, and the receiving and processing of an acceptance or rejection of an offer of employment.

10.    "Relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

11.    "Any" shall also mean "all" and vice versa.

12.    "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

13.    The use of the singular form of any word includes the plural or vice versa, as necessary to make the requests inclusive rather than exclusive.

14.    Unless expressly indicated otherwise, these interrogatories seek information concerning the period beginning on or after June 1, 2004, and continuing to the present.

## INSTRUCTIONS

1.    You are required, in responding to this request, to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, brokers, servants, or attorneys.

2.    Each request that seeks information relating in any way to communications to, from, or within the government and/or government entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the government and/or government entity.

3.   Each request should be responded to separately. However, a document that is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.   All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

5.   If you object to part of any request, please furnish documents responsive to the remainder of the request.

6.   Each request refers to all documents that are either known by Defendant to exist or that can be located or discovered by reasonably diligent efforts of Defendant.

7.   The documents produced in response to this request shall include all attachments and enclosures.

8.   The documents requested for production include those in the possession, custody, or control of Defendant, its agents, representatives or attorneys.

9.   References to the singular include the plural.

10.  The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11.  Please note that Defendant, pursuant to Fed. R. Civ. P. 26(e), is under a continuing duty to reasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

4

12.   All documents called for by this request or related to this request, for which Defendant

claims a privilege or statutory authority as a ground for non-production shall be listed

chronologically as follows:

   a.  The place, date, and manner of recording or otherwise preparing the document;

   b.  The name and title of the sender;

   c.  The identity of each person or persons (other than stenographic or clerical assistants)

       participating in the preparation of the document;

   d.  The identity and title of the person or persons supplying Defendant's attorneys with

       the information requested above;

   e.  The identity of each person to whom the contents of the document have heretofore

       been communicated by copy, exhibition, sketch, reading or substantial

       summarization, the dates of said communication, and the employer and title of said

       person at the time of said communication;

   f.  Type of document;

   g.  Subject matter (without revealing the relevant information for which privilege or

       statutory authority is claimed); and

   h.  Factual and legal basis for claim, privilege or specific statutory or regulatory

       authority that provides the claimed ground for non-production.

13.   Each request to produce a document or documents shall be deemed to call for the

production of the original document or documents to the extent that they are in, or subject

to, directly or indirectly, the control of the party to whom this request is addressed.  In

addition, each request should be considered as including a request for separate production

of all copies and, to the extent applicable, preliminary drafts of documents that differ in

any respect from the original or final draft or from each other (e.g., by reason of

5

differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

14. All documents produced in response to this request shall be produced in toto notwithstanding the fact that portions thereof may contain information not requested.

15. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter, and the date on which the document was lost or destroyed.

16. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

17. With respect to any document requested which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody, or control, the manner in which it ceased to be so, and the name and address of its present custodian.

18. Production can be accomplished by mailing the documents within the rule time to Sharon M. McGowan, Esq., American Civil Liberties Union Foundation, 125 Broad Street, New York, NY 10004.

## REQUESTS

1.  All documents relating to Plaintiff, including, but not limited to all records pertaining to Plaintiff's application for employment with Defendant for the position of Specialist in Terrorism and International Crime; all records pertaining to the evaluation of Plaintiff's application for employment; all documents relating to Defendant's decision to decline employment to Plaintiff; and all records relating to inquiries or investigations conducted as a result of Plaintiff's claims or allegations of discrimination or other abridgment of rights arising from Defendant's decision to decline employment to Plaintiff.

2.  All documents relating to the applicant(s) ultimately hired for the position of Specialist in Terrorism and International Crime, including, but not limited to all records pertaining to that applicant's application for employment with Defendant; all records pertaining to the evaluation of his or her application for employment; all documents relating to Defendant's decision to offer the position to that applicant.

3.  All documents describing the position of Specialist in Terrorism and International Crime, including documents describing the job qualifications and essential functions of the position, whether disseminated to the public or used internally by Defendant to evaluate applicants for the position.

4.  All documents describing or referencing any need for a national security clearance for the position of Specialist in Terrorism and International Crime, the specific type of security clearance, if any, required for the position, the requirement(s) that one must satisfy to obtain or maintain this/these type(s) of national security clearance(s), and the process(es) by which one obtains or maintains this clearance.

5.  All documents describing the hiring process used by the Congressional Research Service of the Library of Congress, including any documents relating to aspects or stages of the

hiring process that are not within the exclusive control of the Congressional Research
Service.

6.    All documents relating to employment and personnel management policies, procedures or
programs for the Library of Congress that reference sex, gender, gender identity,
transgender individuals, transsexual individuals, sex and/or gender stereotypes, or
conformity or non-conformity with sex and/or gender stereotypes.

7.    All documents relating to employment and personnel management policies, procedures or
programs for the Library of Congress that reference disabilities or physical or mental
health conditions, or disability or physical or mental health condition-related leave.

8.    All documents that Defendant contends support the defenses asserted in Defendant's
answer.

9.    All documents relied upon by Defendant during the preparation of Defendant's responses
to Plaintiff's First Set of Interrogatories, identified in or related to those responses.

10.    All documents relating to Library of Congress EEO Case 05-39.

11.    All other documents in the possession of Defendant that pertain to this legal action and
that are not described above.

Date: June 6, 2006                          By:


_____

Sharon M. McGowan   (D.C. Bar No. 476417)
Kenneth Y. Choe
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2627

Arthur B. Spitzer  (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800


*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 6th day of June 2006, caused the foregoing

Plaintiff's First Request for Production of Documents Pursuant to Rule 34 to be served

upon the following persons by United States Mail, First Class postage prepaid:


Attorney for Defendant

Beverly M. Russell
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia, Civil Division
555 4th Street, N.W. Rm. E-4915
Washington, D.C. 20530


Of Counsel to Defendant

Evelio Rubiella
Office of General Counsel
Library of Congress
101 Independence Avenue, S.E.
Washington, D.C. 20559


Sharon M. McGowan

# McGowan Declaration

# Exhibit G

## Sharon McGowan

**From:** Russell, Beverly (USADC) [Beverly.Russell@usdoj.gov]
**Sent:** Tuesday, August 05, 2008 6:05 PM
**To:** Sharon McGowan
**Cc:** Julia Douds; Evelio Rubiella; Ken Choe; James Esseks; ArtSpitzer@aol.com
**Subject:** RE: confirmation re: def's proposed exhibits

Sharon,

1.     I suggest that we exchange exhibits in pdf format by next Thursday, August 14 via e-mail. Let me know if that works for you.

2.     Ms. Braxton will provide testimony on her actions – as Benchmark's security officer - once she learned that Schroer was transgendered, and also has knowledge of how Schroer's recent security clearance was adjudicated.  She will also provide testimony that she had no knowledge of Schroer's transsexuality until after Schroer left Benchmark.  As for Dr. Cronin, she was the first person selected for the terrorism specialist position and worked for Ms. Preece.  She will provide testimony on her interactions with Ms. Preece, as well as her duties and functions in the position. Both witnesses' testimony is probative as it relates to the Library's reasons for the decision not to select Schroer for the position.

3.     Defendant continues to object to the introduction of the deposition transcripts.  Neither the definition of hearsay (Fed. R. Evid. 801) nor the Federal civil rule governing admissibility of 30(b) (6) depositions obviates a party's obligation pursuant to Fed.R. Evid. 804 (declarant unavailable).

4.     The Library will make current employees available, and will follow-up with Messrs. Miko and Bowman on whether they are willing to provide testimony absent issuance of a subpoena.

5.     Finally, at the pretrial conference, we are considering raising the issue of whether Judge Robertson wants to hear expert testimony particularly in light of the discussion in his second memorandum opinion.  We are amenable to discussing this issue in advance of the pretrial conference.

Regards,

Beverly M. Russell
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 Fourth Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: 202-307-0492
Fax: 202-514-8780
E-Mail: beverly.russell@usdoj.gov